**In the United States District Court**
**for the Northern District of California**

_____

|  |  |
|---|---|
| THE CENTER FOR INVESTIGATIVE | ) |
|     REPORTING, et al., | ) |
|                        Plaintiffs, | ) |
|  | ) |
| v. | )    Case No. 4:19-cv-1843 (KAW) |
|  | ) |
| UNITED STATES DEPARTMENT OF | ) |
|     LABOR | ) |
|                      Defendant. | ) |

_____

**DECLARATION OF KELLY KAYSER**

I, Kelly Kayser, hereby declare and state as follows:

1.     I am employed by Equinix in the role of Talent Acquisition Leader for the Americas.  I have held this role since January 2019.  Before that, for four years, I was the Global Talent Acquisition Leader for Equinix.

2.     As part of my current and former roles, I am/was ultimately responsible for Equinix's overall U.S. hiring plan and its execution.  I have overseen those employees responsible for collecting the company's EEO-1 information and submitting it to the government, particularly the 2016 information.

3.     I am familiar with Equinix's EEO-1 information as addressed in _C.I.R. v. U.S. Dep't of Labor_, CV-19-01843, N.D. California.

4.     Equinix does not publicly disclose the employee demographic information that is listed on its EEO-1 forms.  Equinix considers this information confidential commercial information, and has not customarily disclosed such data to the public in any way.

5.     Within Equinix, only a few individuals who have a need to know receive the

EEO-1 information.  These people include the executives in charge of compensation, human resources, legal, and the CEO.   The vast majority of Equinix's employees do not have access to this information.

6.     Equinix's EEO-1 information contains valuable and confidential business information concerning its labor strategy, demographics, recruiting, and allocation of resources across its segments.  Disclosing the EEO-1 information would provide its competitors insights into its strategy, operations, recruiting, and labor costs, creating substantial competitive harm. This would only grow over time if EEO-1 information were regularly released, as it would allow competitors to discern shifts and strategies for the business going forward, in a highly competitive field.

7.      Equinix has been submitting EEO-1 forms to the government for at least 14 years, including all years I have been at the company.  I am not aware and do not believe that any of those reports have become public or been released through a FOIA request.  This longtime practice reflects that the information is confidential and is a form of government assurance that such information will remain generally confidential.

8.     Equinix has only ever provided its EEO-1 reports to the government under federal laws and regulations and with the longstanding understanding that this information remains confidential.  Equinix provides the government with its EEO-1 reports in reliance on the government's assurance of confidentiality.  Specifically, Equinix is aware of and relies on the instruction booklet concerning the EEO-1 Reports published by the Equal Employment Opportunity Commission.

9.     The EEOC's instruction booklet, available at https://www.eeoc.gov/employers/eeo1survey/2007instructions.cfm, states that:

All reports and any information from individual reports are subject to the confidentiality provisions of Section 709(e) of Title VII, and may not be made public by the EEOC prior to the institution of any proceeding under Title VII involving the EEO-1 data. Any EEOC employee who violates this prohibition may be found guilty of a criminal misdemeanor and could be fined or imprisoned. The confidentiality requirements allow the EEOC to publish only aggregated data, and only in a manner that does not reveal any particular filer's or any individual employee's personal information.

OFCCP will notify contractors of any Freedom of Information Act (FOIA) requests that are made to obtain any of the data provided on the EEO-1 report, and will protect the confidentiality of EEO-1 data to the maximum extent possible consistent with FOIA and the Trade Secrets Act. However, should OFCCP receive FOIA requests for any EEO-1 data on filers not within its jurisdiction, OFCCP will refer the requests to the EEOC for a response. The confidentiality provision of Section 709(e) of Title VII applies to all EEO-1 data submitted by filers that are not federal contractors, and the EEOC adheres to that statutory provision when reviewing all requests for EEO-1 data.

10.     Equinix relies on the instruction booklet's assurance that the government "will protect the confidentiality of EEO-1 data to the maximum extent possible," both when asking its employees to disclose sensitive information about their identity, and when submitting the data to the government.

11.     It is my understanding that the Office of Federal Contract Compliance Programs has a practice of notifying EEO-1 submitters of FOIA requests for their data, pursuant to Department of Labor regulations, and that this is an acknowledgment that the Department of Labor considers such reports to be confidential commercial information.  By informing contractors that that they will be given notice and will have an opportunity to object the release of the EEO-1 reports, OFCCP provides an additional assurance that the information will be treated as confidential and withheld to the extent permissible and appropriate under the law.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and accurate.  Executed on this 16th day of August, 2019.