DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ELLEN LONDON (NYRN 4605671)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7288
Fax: (415) 436-6748
ellen.london@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendant. | No. 4:19-cv-01843-KAW<br><br>**DECLARATION OF NANCY LEWIS-TREOLO IN SUPPORT OF DEFENDANT DEPARTMENT OF LABOR'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   November 7, 2019<br>Time:   1:30 p.m.<br>Courtroom   1301 Clay Street<br>            Oakland, CA 94612<br>Magistrate Judge: Kandis A. Westmore |

I, NANCY LEWIS-TREOLO, declare as follows:

1.      I am over the age of 18 years and make this declaration in support of defendant United States Department of Labor's motion for summary judgment.  I make this declaration based on my own personal knowledge, or based on records that DocuSign, Inc. ("DocuSign") keeps in the regular course of its business.  If called upon to do so, I could and would competently testify under oath to the matters set forth herein.

2.      I am employed by DocuSign as a Senior Director of HR Operations and have held this position since December 1, 2017.  Prior to that, I was employed by DocuSign as Director of HR Operations from May 2017 through November 2017.  As Senior Director of HR Operations, I oversee DocuSign's preparation of EEO-1 reports and internal and external handling of those reports.

3.      DocuSign accelerates the process of doing business for companies and simplifies the agreement process for its customers and employees.  DocuSign offers the world's #1 e-signature solution.  Indeed, DocuSign's cloud-based platform enables hundreds of millions of users to make agreements, approval processes, and transactions digital—from practically any device, virtually anywhere in the world, securely.

4.      DocuSign attributes much of its success to market-leading investments in technology, infrastructure, sales and marketing, and, ultimately, its people.  DocuSign has invested significant time and money in recruiting the right people with the right skills.

5.      DocuSign takes significant steps to maintain the confidentiality of its employee demographic information.   To be clear, the information contained in DocuSign's 2016 EEO-1, Type 2 data, at issue in this action, is customarily and actually treated as private by DocuSign and is only provided to the government based on an understanding that it will remain private.

6.      DocuSign's EEO-1 report contains highly sensitive commercial information, including the number of its employees, the types of positions they hold, the span of managerial control, and the distribution of those employees within various teams.  The report also includes crucial information about the diversity of DocuSign's workforce, which competitors could use to target the Company's talent.

7.      The information in the EEO-1 report is customarily and actually treated as private and confidential by DocuSign. For example, when DocuSign requests applicants and employees to provide

DocuSign Envelope ID: AC867567-0ABF-48A8-0795-0A3DBB40BD05

their confidential demographic information (including gender and ethnicity, which is included in the EEO-1 report), DocuSign notifies them that "Any information that you do provide will be recorded and maintained in a confidential file."

8. Access to this DocuSign's confidential data is maintained in DocuSign's Human Resources Information System ("HRIS") and is carefully controlled to prevent unauthorized access or disclosure. DocuSign currently has approximately 3,500 employees worldwide. Of the total number of DocuSign employees, only 17 have access to the employee data contained in DocuSign's EEO-1 report. Thirteen (13) of those employees are on my team (or report indirectly to me) and they all received additional training on the need to control access and maintain confidentiality over this sensitive data.

9. In addition, the information contained in the EEO-1 report is considered "company confidential information." All employees at DocuSign are subject to strict confidentiality obligations, which prohibit the disclosure of "company confidential information."

10. DocuSign has never shared its EEO-1 reports or broader employee demographic or diversity information publicly.

11. To the extent that DocuSign has shared components of its employee demographic or diversity information internally, it has always carefully limited that disclosure to select individuals who have a legitimate business purpose, and who have contractually agreed to maintain the confidential nature of this information.

12. DocuSign only provides its EEO-1 Reports to the government pursuant to federal laws and regulations and with the longstanding understanding that this information will remain confidential. DocuSign provides the government with its EEO-1 Reports in reliance on the government's assurance of confidentiality.

13. DocuSign is aware of, and relies upon, the instruction booklet published by the EEOC concerning the EEO-1 Reports. That instruction booklet states:

- "All reports and any information from individual reports are subject to the confidentiality provisions of Section 709(e) of Title VII, and may not be made public by the EEOC prior to the institution of any proceeding under Title VII involving the EEO-1 data. Any EEOC employee who violates this prohibition may be found guilty of a criminal misdemeanor and

could be fined or imprisoned. The confidentiality requirements allow the EEOC to publish only aggregated data, and only in a manner that does not reveal any particular filer's or any individual employee's personal information."

- "OFCCP will notify contractors of any Freedom of Information Act (FOIA) requests that are made to obtain any of the data provided on the EEO-1 report, and will protect the confidentiality of EEO-1 data to the maximum extent possible consistent with FOIA and the Trade Secrets Act. However, should OFCCP receive FOIA requests for any EEO-1 data on filers not within its jurisdiction, OFCCP will refer the requests to the EEOC for a response. The confidentiality provision of Section 709(e) of Title VII applies to all EEO-1 data submitted by filers that are not federal contractors, and the EEOC adheres to that statutory provision when reviewing all requests for EEO-1 data."

14. DocuSign relies on the assurance above that the government "will protect the confidentiality of EEO-1 data to the maximum extent possible," both when asking its employees to disclose sensitive information about their identity, and when submitting that data to the government.

15. It is also my understanding that the Office of Federal Contract Compliance Programs has a practice of notifying EEO-1 submitters of FOIA requests for their data, pursuant to Department of Labor regulation 29 C.F.R. § 70.26, and that this is an acknowledgment that the Department of Labor considers such reports to be confidential commercial information. By informing contractors that that they will be given notice and will have an opportunity to object the release of the EEO-1 reports, OFCCP provides an additional assurance that the information will be treated as confidential and withheld to the extent permissible and appropriate under the law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  August 16, 2019  in the City and County of San Francisco, California.

DocuSigned by:

*Nancy Lewis-Treolo*

NANCY LEWIS-TREOLO