UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING ET AL., | CASE NO. CV 18-01843 |
| Plaintiffs, | Case Assigned for All Purposes to Magistrate Judge Kandis A. Westmore |
| vs. | **DECLARATION OF DAVE NICKERSON IN SUPPORT OF DEFENDANT DEPARTMENT OF LABOR'S MOTION FOR SUMMARY JUDGMENT** |
| U.S. DEPARTMENT OF LABOR, | |
| Defendant. | |

1

## DECLARATION OF DAVE NICKERSON

I, Dave Nickerson, declare:

1.      I am the US HR Compliance Program Manager for Agilent Technologies ("Agilent"). I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.      The Center for Investigative Reporting and Will Evans ("Plaintiffs") have requested the EEO-1 Consolidated Report (Type 2) ("EEO-1 Report") submitted by Agilent for the year 2016.

3.      The requested EEO-1 Report also contains information for the prior year, 2015.

4.      In April 2018, Agilent submitted a letter to the Department of Labor ("DOL") objecting to the disclosure of its EEO-1 Report.

5.      The DOL has not yet issued a final determination with respect to disclosure.

6.      The EEO-1 Report contains confidential business information, trade secrets, and commercial information. With this data, competitors would have significantly more information related to Agilent's United States staffing model and levels, United States vs international operations, and sales/support structure, among other data.

7.      Agilent customarily maintains and has actually maintained the confidentiality of the information contained in its EEO-1 Report.

8.      Agilent collects race, ethnicity, and gender information about its employees only as required by law.

9.      Agilent assures employees any information that they voluntarily provide will be used only for lawful purposes such as required government reporting and affirmative action planning.

10.     Agilent maintains the information securely and separately from personnel files.

11.     Agilent restricts access to this information and the EEO-1 Report. Only those with a direct business need are provided access.

12.     Based on information and belief Agilent practice has always been to provide its EEO-1 Reports confidentially as required to government entities pursuant to laws and regulations and with the longstanding understanding that this information remains confidential.

13.     Agilent provides the government with its EEO-1 Reports in reliance on the government's assurance of confidentiality.

14.     Agilent is aware of and relies on the instruction booklet concerning the EEO-1 Reports published by the Equal Employment Opportunity Commission.  The instruction booklet states:

> All reports and any information from individual reports are subject to the confidentiality provisions of Section 709(e) of Title VII, and may not be made public by the EEOC prior to the institution of any proceeding under Title VII involving the EEO-1 data. Any EEOC employee who violates this prohibition may be found guilty of a criminal misdemeanor and could be fined or imprisoned. The confidentiality requirements allow the EEOC to publish only aggregated data, and only in a manner that does not reveal any particular filer's or any individual employee's personal information..

> OFCCP will notify contractors of any Freedom of Information Act (FOIA) requests that are made to obtain any of the data provided on the EEO-1 Report, and will protect the confidentiality of EEO-1 data to the maximum extent possible consistent with FOIA and the Trade Secrets Act. However, should OFCCP receive FOIA requests for any EEO-1 data on filers not within its jurisdiction, OFCCP will refer the requests to the EEOC for a response. The confidentiality provision of Section 709(e) of Title VII applies to all EEO-1 data submitted by filers that are not federal contractors, and the EEOC adheres to that statutory provision when reviewing all requests for EEO-1 data.

15.     Agilent relies on the assurance that the government "will protect the confidentiality of EEO-1 data to the maximum extent possible," both when asking its employees to disclose sensitive information about their identity, and when submitting the data to the government.

16.     It is also my understanding that the Office of Federal Contract Compliance Programs has a practice of notifying EEO-1 submitters of FOIA requests for their data, pursuant to Department of Labor regulation 29 C.F.R. § 70.26, and that this is an acknowledgment that the Department of Labor considers such reports to be confidential commercial information.

17.     For example, in 2010, DOL concluded EEO-1 Reports are "confidential trade secret and commercial information" and declined to release five years' worth of EEO-1 data for several companies based in Silicon Valley, California.

18.     In 2008, a number of Silicon Valley companies each received a letter from the DOL based on a FOIA request filed by the *San Jose Mercury News* ("*Mercury News*") requesting that each company produce EEO-1 Reports for a five year period. Several companies opposed the disclosure of this confidential data, stating it would cause "commercial harm by potentially revealing the companies'

business strategy to competitors." *See San Jose Mercury News*, "Five Silicon Valley Companies Fought Release of Employment Data, and Won." (February 14, 2010). The DOL denied the request for release of the EEO-1 Report. *Mercury News* subsequently appealed the DOL's decision and the DOL denied the appeal. The DOL's position remained consistent in 2012 when again denied a FOIA request by *CNN* for EEO-1 Reports for five technology companies which opposed the request on the bases set forth in this letter.

19.     By informing contractors that that they will be given notice and will have an opportunity to object the release of the EEO-1 Reports, OFCCP provides an additional assurance that the information will be treated as confidential and withheld to the extent permissible and appropriate under the law.

20.     Disclosure of the EEO-1 Report would reveal confidential strategic planning and compromise Agilent's competitive advantage in recruiting, as well as provide competitors with insight into Agilent's operations and financial status.

21.     Data in Agilent's EEO-1 Report may be mischaracterized to damage Agilent's reputation.

22.     The public's right to disclosure does not outweigh an individual's right to privacy.

23.     The release of Agilent's EEO-1 Report will not further the FOIA's goal to encourage government accountability and transparency.


I declare that the foregoing is true and correct.

Executed this 22 day of August, 2019.




DAVE NICKERSON

Signature: _____

Job Title: US HR Compliance Program Manager

Date: 8/22/2019

DECLARATION OF DAVE NICKERSON
US HR COMPLIANCE PROGRAM MANAGER