**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING AND WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | No. 18-cv-01843<br><br>Magistrate Judge Kandis A. Westmore |

**DECLARATION OF NATALIE SPENO IN SUPPORT OF BOX'S**
**OBJECTIONS TO THE RELEASE OF ITS EEO-1 INFORMATION**

I, Natalie Speno, being of full age and sound mind, hereby declare under penalty of perjury and based on my personal knowledge as follows:

1.      I submit this declaration in support of Box's ("Box") objections to the release of its EEO-1 reports. All of the statements made herein are based upon my own personal knowledge and review of company records.  If called to testify, I would and could testify truthfully to the contents of this declaration.

2.      I am currently employed by Box as Manager II, People Operations.  I have been employed by Box since 2018.

3.      In connection with my duties and responsibilities, I have access to the data that Box uses in order to meet the annual EEO-1 reporting requirements.

4.      Box provides a leading cloud content management platform that enables organizations to securely manage their content while allowing easy, secure access and sharing of content from anywhere, on any device. Box is part of a highly competitive industry.  As a result, a significant part of Box's competitive advantage relates to its talent management process.  The

information contained in the EEO-1 reports provide information related to the company's workforce structure that is categorized by the types of work performed at Box.

5.      Box customarily and actually treats its EEO-1 reports as private and confidential records within the organization.  In addition to myself, only four Human Resources professionals at Box have direct access to the EEO-1 reporting portal. Once the data is submitted to the EEOC, the data is stored in a secure format as part of the Company's records and that information is accessible by a limited number of HR professionals.  In addition, limited members of Box's Information Technology and other key Box personnel have the capability to access the data where required to do so in connection with their positions.  All access to Box's EEO-1 reports is limited to those individuals with a direct need to access the information in order to fulfill the duties of their respective positions.

6.      Box considers its EEO-1 data to be commercial information because it contains workforce data, including staffing patterns and information concerning the distribution of its workforce which fall within FOIA Exemption 4.  The  EEO-1 reports also provide summary information regarding the concentration of its resources, the location of its employees by race/ethnicity, sex, and skill categories. Such information  reveals insight into Box's and strategic staffing practices.

7.      Box has taken appropriate steps to safeguard and protect its confidential EEO-1 reports from disclosure to external parties. The reports are maintained in a password protected platform in secure Box folders.  Only owners of the folder can provide access to anyone requesting the EEO-1 Reports and such access is limited as noted in Paragraph 5.

8.      Box does not disclose its EEO-1 reports to the public.  Box only discloses the data to affiliated third-parties as required in order to fulfill its compliance obligations.

2

9.      Releasing the information sought in this litigation would disclose sensitive business information that could provide insight into the company's strategic business initiatives.

10.      Box provides its EEO-1 Reports to the government pursuant to Section 709(e) of Title VII of the Civil Rights Act of 1964, as amended with the understanding that such information will remain confidential.  Box provides the information to the EEOC under an assurance of privacy that the government will not release the employment data to third parties. Box has relied on the statutory requirements and representations set forth in the EEO-1 Instruction Booklet which state:

> All reports and any information from individual reports are subject to the confidentiality provisions of Section 709(e) of Title VII, and may not be made public by the EEOC prior to the institution of any proceeding under Title VII involving the EEO-1 data. Any EEOC employee who violates this prohibition may be found guilty of a criminal misdemeanor and could be fined or imprisoned.

Box continues to rely on the EEOC's assurance that it will not disclose information entrusted to it pursuant to the confidentiality provisions of Title VII.

11.      Box also relies on warranties made in the EEO-1 Instruction Booklet regarding the process the OFCCP has implemented with regard to the disclosure of EEO-1 Reports:

> OFCCP will notify contractors of any Freedom of Information Act (FOIA) requests that are made to obtain any of the data provided on the EEO-1 report, and will protect the confidentiality of EEO-1 data to the maximum extent possible consistent with FOIA and the Trade Secrets Act. However, should OFCCP receive FOIA requests for any EEO-1 data on filers not within its jurisdiction, OFCCP will refer the requests to the EEOC for a response. The confidentiality provision of Section 709(e) of Title VII applies to all EEO-1 data submitted by filers that are not federal contractors, and the EEOC adheres to that statutory provision when reviewing all requests for EEO-1 data.

The applicable processes demonstrate that OFCCP will safeguard the "EEO-1 data to the maximum extent possible." This information provides employers with further assurances that OFCCP considers the information to be confidential and that it will be treated as such to the maximum extent permitted by law.

3

12.     In evaluating previous requests for EEO-1 data and the DOL's response to such requests, it is my understanding that OFCCP agrees that such disclosures could cause competitive harm to employers.  As a result, OFCCP has sustained objections to the disclosure of confidential EEO-1 Reports on the basis that such objections were "well defined and reasonable" justifying that they be withheld under FOIA Exemption 4. Exhibit A, U.S. Dep't of Lab., OFCCP, Response to FOIA Request No. 672075 (Dec. 7, 2012), p.3 (concluding that the "objections to the release of their EEO-1 Reports provided well defined and reasoned objections to the release of their submitted information based upon business practices and experience).

13.     While Box has provided the information to the EEOC as part of its compliance obligations, it objects to the disclosure of information that it considers to be private, proprietary and confidential and which it treats as such.

14.     Box strongly objects to the disclosure of its confidential, private and proprietary EEO-1 reports.

I declare, pursuant to applicable federal laws under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 22nd day of August 2019 in Redwood City, California.

_____
Natalie Speno