1  KATIE TOWNSEND (SBN 254321)
   ktownsend@rcfp.org
2  THE REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
3  1156 15th Street NW, Suite 1020
   Washington, D.C. 20005
4  Telephone:    202.795.9300
5  Facsimile:    202.795.9310
   Email:        ktownsend@rcfp.org
6
7  *Counsel for Amicus Curiae*
   THE REPORTERS COMMITTEE FOR
8  FREEDOM OF THE PRESS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF LABOR,**<br><br>*Defendant.* | Case No.  4:19-CV-01843-KAW<br><br>**MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: Sept. 30, 2019<br>Judge: Hon. Kandis A. Westmore |

Proposed amicus curiae the Reporters Committee for Freedom of the Press ("Reporters Committee") hereby moves the Court for leave to submit the attached amicus curiae brief in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment.  The Reporters Committee for Freedom of the Press is an unincorporated nonprofit association.  The Reporters Committee was founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources.  Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

The Reporters Committee informed all parties in this matter of its intent to submit an amicus brief and sought their position on this Motion.  Both parties have consented to the filing of the attached amicus curiae brief.

Federal district courts have inherent authority to consider submissions from amicus curiae in connection with proceedings pending before them.  Indeed, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation and citation omitted).

Members of the news media frequently rely on the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, to gather information and inform the public about government activities.  FOIA is an important tool frequently used by the press in carrying out its role "as a powerful antidote to any abuses of power by government officials and as a constitutionally chosen means for keeping officials elected by the people responsible to all the people whom they were selected to serve." *Mills v. Alabama*, 384 U.S. 214, 219 (1966).  As the Supreme Court has recognized, the Act is a "structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  The Reporters Committee, accordingly, has a strong interest in this matter.

The Reporters Committee requests leave to submit the attached amicus curiae brief to provide additional information and context to the Court as it applies FOIA's new foreseeable harm standard, especially within the context of FOIA Exemption 4, 5 U.S.C. § 552(b)(4).  The Act's recently added foreseeable harm provision imposes new and distinct requirements on agencies whenever they seek to withhold information from the public.  In the context of discretionary exemptions like Exemption 4, the provision requires agencies to show that disclosure of requested information will harm an interest protected by an exemption.  This case presents one of the first instances that a federal district court will interpret and apply the foreseeable harm standard in the Exemption 4 context since the Supreme Court's decision in *Food Media Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019).[1]  While that case redefined what information is covered by Exemption 4, it did not (and could not have) addressed FOIA's new requirements for agency withholdings, as they did not apply to the FOIA request at issue in that case.  Accordingly, the Reporters Committee believes it is especially important for the Court to have additional information regarding the legislative history, function, and application of the new foreseeable harm standard.

For the foregoing reasons, proposed amicus Reporters Committee respectfully requests leave to file the attached brief.

Dated: September 30, 2019                                              Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Fax:    202.795.9310
Email: ktownsend@rcfp.org

---

[1] The Reporters Committee recently filed an amicus curiae brief in another case pending in this district that may also implicate the government's burden under the foreseeable harm standard and Exemption 4.  *See* Motion to File Amicus Curiae Brief, *Am. Small Bus. League v. Dep't of Defense*, No. 3:18-CV-01979-WHA (N.D. Cal. August 30, 2019), ECF No. 116 (motion granted at ECF No. 124).