KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone:    202.795.9300
Facsimile:    202.795.9310
Email:           ktownsend@rcfp.org

*Counsel for Amicus Curiae*
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF LABOR,**<br><br>*Defendant.* | Case No. 4:19-CV-01843-KAW<br><br>**BRIEF OF AMICUS CURIAE THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**<br><br>Date: Sept. 30, 2019<br>Judge: Hon. Kandis A. Westmore |

# INTRODUCTION

In 2016, Congress amended the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or "the Act"), to significantly limit the circumstances where an agency may withhold records from the public. Among other things, the FOIA Improvement Act of 2016 introduced the foreseeable harm standard, which agencies must satisfy for all FOIA requests filed after the bill's enactment. P.L. 114-185, 130 Stat. 538 (2016). The foreseeable harm standard prohibits agencies from withholding information unless (1) the agency reasonably foresees that disclosure of the record would harm an interest protected by an exemption, or (2) the disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(i). Consequently, *even if* information falls within the scope of a discretionary exemption, such as Exemption 4, it cannot be withheld from the public unless the agency also shows that disclosure will harm the interest protected by that exemption. *Id.*; *see also Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 375 F. Supp. 3d 93, 98 (D.D.C. 2019).

This case presents one of the first opportunities for a district court to assess the foreseeable harm standard and Exemption 4 since the Supreme Court's decision in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019). While the Supreme Court interpreted the meaning of "confidential" in that exemption, it did not (and could not have) interpreted the foreseeable harm standard, which did not apply to the FOIA request at issue in that case. The Reporters Committee, accordingly, writes to provide the Court with additional context and information about the new foreseeable harm standard to aid the Court in its resolution of this case.

# ARGUMENT

**I. The foreseeable harm standard is a new, distinct requirement that agencies must satisfy in order to withhold information in response to a FOIA request.**

In enacting FOIA in 1966, Congress sought to achieve a "workable balance" between the public's right to be informed and the government's legitimate interest in keeping some information secret. *See generally Freedom of Information Act Source Book: Legislative Materials, Cases, Articles*, Subcomm. on Admin. Practice and Procedure of the Comm. on the Judiciary (1974), 26–27, https://perma.cc/TFV9-JYNC. That balance was achieved through the codification of a general

presumption of public access to agency records, limited by nine enumerated exemptions that could be invoked to withhold certain types of information. *See* 5 U.S.C. § 552(a)(3), (b)(1)–(b)(9).

However, over time, agencies began to use FOIA's exemptions to deny the public access to an ever-increasing amount of information. According to the Department of Justice, in fiscal year 2008 agencies asserted a FOIA exemption to deny, in full or in part, approximately 22 percent of all FOIA requests. Department of Justice, *Data*, www.foia.gov/data.html. By fiscal year 2018, that percentage had nearly doubled—the Department reported that agencies withheld information in response to *more than 43 percent* of all FOIA requests. *Id.* This massive increase in withholdings gave rise to "widespread concern among journalists, academics, lawyers, and the general public that FOIA's 'workable balance' has tilted so far in favor of government secrecy that, like the 1946 [Administrative Procedure Act] provisions before it, the [A]ct is failing to serve its core purpose." Katie Townsend & Adam A. Marshall, *Striking the Right Balance: Weighing the Public Interest in Access to Agency Records Under the Freedom of Information Act*, in Troubling Transparency 227 (David E. Pozen & Michael Schudson eds., 2018).

Concerned with this trend, in 2016 Congress acted to combat the increase in improper and unnecessary withholdings of government information from the public. It amended FOIA through S.337, the FOIA Improvement Act of 2016, which was signed into law on June 2016.[1] One of the primary goals of S.337 was to curtail the use of discretionary FOIA exemptions. *See* FOIA Improvement Act of 2015, S. Rep. 114-4, at 2–5, https://perma.cc/8QKW-86ED. As Senator Charles Grassley stated in support of the bill, S.337 was intended to reverse a "culture of government secrecy" that "has served to undermine FOIA's fundamental promise." 114 Cong. Rec. S1494 (Mar. 15, 2016), https://perma.cc/KQW7-655R (statement of Sen. Grassley).

S.337's centerpiece was the addition of the foreseeable harm standard. Under that provision:

---

[1] A more detailed discussion of the legislative history of the FOIA Improvement Act of 2016 is set forth in the Reporters Committee's *amicus* brief submitted in *Amadis v. Dep't of Justice*, No. 19-5088 (D.C. Cir.), *available at* https://perma.cc/VNF8-E5TA.

> An agency shall—
> (i) withhold information under this subsection only if—
> (I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
> (II) disclosure is prohibited by law; and
> (ii)
> (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
> (II) take reasonable steps necessary to segregate and release nonexempt information.

5 U.S.C. § 552(a)(8). As the Senate Report accompanying S.337 notes, this new standard "mandates that an agency may withhold information only if it reasonably foresees a specific identifiable harm to an interest protected by an exemption, or if disclosure is prohibited by law." S. Rep. 114-4 at 7–8 (emphasis added). Senator Leahy stated that the new standard was designed to "reduce the perfunctory withholding of documents through the overuse of FOIA's exemptions." 114 Cong. Rec. S1496 (Mar. 15, 2016) (statement of Sen. Leahy).

## II. Agencies must show that disclosure of particular information, given its age, content, and character, will harm an interest protected by an exemption.

### A. The Act's plain text requires agencies to make an additional showing of foreseeable harm to lawfully withhold records from the public.

Under the plain text of FOIA, as amended by the foreseeable harm standard, for an agency to lawfully withhold records from the public it must demonstrate that (1) the information falls within the scope of an exemption, and (2) release of that specific information would harm an interest protected by that exemption or is prohibited by law. 5 U.S.C. § 552(a)(8)(i). Accordingly, *even if* the records fall within the scope of an exemption, the "agency must release the document" if the foreseeable harm standard is not met. *Judicial Watch*, 375 F. Supp. 3d at 100; *accord* 114 Cong. Rec. S1496 (Mar. 15, 2016) (statement of Sen. Leahy).

Notwithstanding the plain language and intent of the foreseeable harm requirement, federal agencies have repeatedly taken the position that it imposes no additional requirements on them to withhold information from the public (or, as here, simply ignored the new standard completely). The Department of Justice has previously argued, for example, that the FOIA Improvement Act of

2016 did not significantly alter an agency's obligations under FOIA because it "simply codified existing government policy that had been in place for the better part of a decade." Dep't of Justice's Reply Br. at 52, *Elec. Privacy Info. Ctr. v. U.S. Dep't of Justice* ("*EPIC*"), No. 19-cv-810 (D.D.C. Jul. 15, 2019), ECF No. 81. The referenced "policy" is a 2009 memorandum issued by then-Attorney General Eric Holder, which outlined when the Department of Justice would "defend a denial of a FOIA request" for litigation purposes. Eric Holder, *Memorandum for Heads of Executive Departments and Agencies* 2–3 (Mar. 19, 2009), https://perma.cc/2JZY-CVC2. The Department of Justice's argument in *EPIC* is at odds with basic statutory interpretation principles.

Courts must "begin with the language employed by Congress and the assumption that the ordinary meaning of the language accurately expresses the legislative purpose." *Milner v. Dep't of Navy*, 562 U.S. 569 (2011) (citation omitted). The Attorney General's memorandum made clear that it "does not[] create any right or benefit, substantive or procedural, enforceable at law or equity by any party against the United States, its departments, [or its] agencies." Eric Holder, *Memorandum* 2–3. In contrast, the Act's foreseeable harm provision plainly places mandatory requirements on the responding agency: "An agency *shall* . . . withhold information under this subsection *only if*" foreseeable harm is shown. 5 U.S.C. § 552(a)(8) (emphasis added). This provision is also subject to judicial enforcement; a requester may bring a lawsuit challenging the unlawful withholding of agency records and "the court shall determine the matter de novo," a clear departure from the Attorney General's policy memorandum. *Id.* § 552(a)(4)(B).

The Justice Department's view is also at odds with another of the "most basic interpretive canons, that [a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 824 (2018) (alteration in original). There can be no question that Congress made a deliberate choice to meaningfully alter FOIA's text through the inclusion of the foreseeable harm standard, and courts are required to give effect to that statutory language. 5 U.S.C. § 552(a)(8). As the U.S. District Court for the District of Columbia recently observed, the foreseeable harm standard's "text and purpose . . . both support a heightened standard for an agency's withholdings."

5
BRIEF OF *AMICUS CURIAE* THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
CASE NO. 4:19-CV-01843-KAW

*Judicial Watch*, 375 F. Supp. 3d at 100 (discussing the foreseeable harm standard in the context of Exemption 5). Thus, "an agency must release a record—even if it falls within a FOIA exemption—if releasing the record would not reasonably harm an exemption-protected interest and if its disclosure is not prohibited by law." *Rosenberg v. U.S. Dep't of Defense*, 342 F. Supp. 3d 62, 73 (D.D.C. 2018).

> B. The foreseeable harm standard requires agencies to make a specific showing with respect to each record it withholds.

Both the plain text of FOIA's foreseeable harm provision and its legislative history make clear that an agency must meet its requirements with respect to *each* record it seeks to withhold under the Act. *See* 5 U.S.C. § 552(a)(8); S. Rep. 114-4, at 8 ("Under this standard, the content of a particular record should be reviewed and a determination made as to whether the agency reasonable foresees that disclosing *that particular document*, given its age, content, and character, would harm an interest protected by the applicable exemption." (emphasis added)). Moreover, the legislative history makes clear that agencies must release records with redactions whenever possible, rather than withholding the entire record.

Beginning with the statute's text, the wording of the foreseeable harm provision makes plain that it must be applied and satisfied with respect to individual records. *See* 5 U.S.C. § 552(a)(8). Subsection (a)(8) includes both a harm provision, *id.* § 552(a)(8)(i), and an additional segregability requirement, *id.* § 552(a)(8)(ii). Under the latter, an agency "shall":

> (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
>
> (II) take reasonable steps necessary to segregate and release nonexempt information.

*Id.* At first blush, these segregability provisions may appear to duplicate the already existing provision in subsection 552(b) that requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." *Id.* § 552(b). However, the inclusion of an additional segregability requirement *within* the new subsection 552(a)(8)—the foreseeable harm provision—makes clear

6

BRIEF OF *AMICUS CURIAE* THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
CASE NO. 4:19-CV-01843-KAW

that Congress intended to require that standard to be satisfied on a record-by-record basis. Indeed, subparagraph (ii) specifically requires agencies to evaluate and disclose information from "a requested record" not released in full. *Cf. King v. St. Vincent's Hospital*, 502 U.S. 215, 221 (1991) ("[A] statute is to be read as a whole . . . since the meaning of statutory language, plain or not, depends on context." (citation omitted)).

The legislative history of S.337 also makes clear that Congress intended the foreseeable harm standard to be satisfied with respect to *each* withholding. According to the Senate Report:

> Under this standard, the *content of a particular record* should be reviewed and a determination made as to whether the agency reasonable foresees that disclosing that particular document, given its age, content, and character, would harm and interest protected by the applicable exemption.

S. Rep. 114-4 at 8 (emphasis added); *accord* 114 Cong. Rec. S1496 (Mar. 15, 2016) (statement of Sen. Leahy) (noting that the foreseeable harm standard "requires agencies to consider whether the release of *particular documents* will cause any foreseeable harm to an interest the applicable exemption is meant to protect" (emphasis added)).

A prior decision from this district properly identified and explained the foreseeable harm standard's specificity requirement. In *Ecological Rights Foundation v. Federal Emergency Management Agency*, 2017 WL 5972702 (N.D. Cal. Nov. 30, 2017), the court held that the agency failed to satisfy the foreseeable harm standard in withholding records under the deliberative process privilege. The court explained:

> Absent a showing of foreseeable harm to an interest protected by the deliberative process exemption, the documents must be disclosed. In failing to provide basic information about the deliberative process at issue and the role played by *each specific document*, [the agency] does not meet its burden of supporting its withholdings with detailed information pursuant to the deliberative process privilege.

*Id.* at *6 (emphasis added). This approach taken by *Ecological Rights Foundation* comports with the text, purpose, and legislative history of the foreseeable harm standard.

### III. The foreseeable harm standard requires the government to release records covered by Exemption 4 unless such release would harm an interest protected by the exemption.

Exemption 4 permits agencies to withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Absent an additional statutory prohibition an agency must, therefore, demonstrate that the foreseeable harm standard is satisfied for particular records it seeks to withhold under that exemption.

Federal appellate courts, beginning with the D.C. Circuit in *National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir. 1974), *abrogated on other grounds by Food Mktg. Inst.*, 139 S. Ct. 2356, have correctly identified the "interest[s]" Exemption 4 is meant to protect, *cf.* 5 U.S.C. § 552(a)(8)(A)(i)(I), through an examination of FOIA's text and legislative history. Specifically, Exemption 4 is designed to (1) "encourage cooperation with the Government by persons having information useful to officials," and (2) "protect[] persons who submit financial or commercial data to government agencies from the competitive disadvantages which would result from its publication." *Nat'l Parks*, 498 F.2d at 768. Pairing those interests with the foreseeable harm requirement necessarily results in the following standard: An agency may withhold information that falls within the scope of Exemption 4 only if the agency "reasonably foresees that disclosure" of that particular information "would" either (1) "impair the Government's ability to obtain necessary information in the future," or (2) "cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.* at 770.

Defendant argues that summary judgment is appropriate because Exemption 4, as interpreted by the Supreme Court in *Argus Leader*, applies to the case at hand and there is no need to assess the competitive harm in disclosure. Def.'s Mot. for Summary Judgment at 8–15. However, even if Exemption 4 does apply, agencies must still demonstrate that it reasonably foresees that an interest protected by Exemption 4—such as a third-party's competitive position— will be harmed in disclosure. 5 U.S.C. § 552(a)(8); *Judicial Watch*, 375 F. Supp. 3d at 98. Defendant makes *no argument* as to how it "reasonably foresees that disclosure will harm an interest protected by the exemption"; consequently, it cannot lawfully withhold the requested records.

The harms mentioned by Defendant, not in the context of the foreseeable harm standard, are either explicitly rejected by Congress or find no support in statute. For instance, Defendant argues that disclosure will lead to "reputational harm" to third parties. Def.'s Mot. for Summary Judgment at 13. However, Congress explicitly stated that the foreseeable harm standard is not satisfied by abstract concern for "reputational harms." *See* S. Rep. 114-4 at 8. Nor is the Defendant's claim that releasing the records "*could* cause financial harm" enough, Def.'s Mot. for Summary Judgment at 10. As Congress has made clear, there must be some concrete showing of harm and "speculative or abstract fears" do not satisfy the foreseeable harm standard, *see* S. Rep. 114-4 at 8 ("Agencies should note that mere 'speculative or abstract fears,' or fear of embarrassment, are an insufficient basis for withholding information."). Defendant also claims disclosure may lead to "*potential* harms to individual privacy,*" Def.'s Mot. for Summary Judgment at 13, a harm that is both speculative and well outside the scope of Exemption 4's protection of businesses from competitive harm. *See Nat'l Parks*, 498 F.2d at 768.

Defendant's sole reliance on *Argus Leader* is misplaced, as the Supreme Court's decision did not—and could not—address FOIA's foreseeable harm standard. *See Argus Leader Media v. U.S. Dep't of Agric.*, 740 F.3d 1172, 1174 (8th Cir. 2014) (noting that the FOIA request in *Argus Leader* was filed in 2011); Pub. L. No. 114–185, 130 Stat. 544–45 (2016) (explaining that the FOIA Improvement Act applies to all requests made after the statute's June 30, 2016 enactment). *Argus Leader* simply interpreted "'confidential' *within the meaning of Exemption 4*." 139 S. Ct. at 2366 (emphasis added). The foreseeable harm standard, in contrast, requires agencies to show, *notwithstanding* the applicability of a FOIA exemption, whether harm to an interest protected by that exemption will result from disclosure. *See Rosenberg*, 342 F. Supp. 3d at 73. In other words, the question presented by a post-*Argus Leader* Exemption 4 case is quite different for the simple reason that Congress changed the law to limit the instances in which government agencies may withhold records.

# CONCLUSION

For the foregoing reasons, the Reporters Committee respectfully urges the Court to ensure that the foreseeable harm standard is properly interpreted and applied for the purposes of its *de novo* review of Defendants' withholdings under Exemption 4 in this case.

Dated: September 30, 2019

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS