1  DENISE M. MINGRONE (SBN 135224)
   dmingrone@orrick.com
2  ROBERT L. URIARTE (SBN 258274)
   ruriarte@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:   650 614 7400
5
   ROBERT M. LOEB (*pro hac vice* pending)
6  rloeb@orrick.com
   JAMES A. FLYNN (*pro hac vice* pending)
7  jflynn@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  1152 15th Street NW
   Washington, DC 20005
9  Telephone:   202 339 8475

10 Attorneys for Proposed Intervenor
   SYNOPSYS, INC.
11

                          IN THE UNITED STATES DISTRICT COURT

                         NORTHERN DISTRICT OF CALIFORNIA

                                   OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING AND WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | Case No.  4:19-cv-01843-KAW<br><br>**SYNOPSYS, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  March 5, 2020<br>Time:  1:30 p.m.<br>Dept:  TBD<br>Judge: Hon. Kandis A. Westmore |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that the following Motion for Leave to Intervene will be heard on March 5, 2020 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom TBD of this Court located at 1301 Clay Street, Oakland, CA 94612, the Honorable Kandace A. Westmore presiding.  Proposed Intervenor Synopsys, Inc. ("Synopsys") will and hereby does move the court pursuant to Federal Rule of Civil Procedure Rule 24(a) for intervention as of right, or in the alternative for permissive intervention pursuant to Rule 24(b).

## I. INTRODUCTION

Synopsys, Inc. is a leading global provider of Electronic Design Automation (EDA) software for the semiconductor industry. EDA refers to using computers to design, verify, manufacture, and simulate the performance of electronic circuits. Since its founding in 1986, Synopsys has earned a reputation for developing some of the best EDA software in the world, capable of helping design and verify the most technologically complicated chip designs of our day.

Becoming a leading EDA technology company has required strategic planning of product development, company growth, and recruiting. Along the way, Synopsys has built a highly talented workforce on which it relies to conduct its global operations. A crucial factor in developing that talent is Synopsys' ability to protect its relationships with its employees and to maintain confidentiality over its sensitive business information. That information includes the ways in which Synopsys structures its global workforce.

Synopsys seeks to intervene in the present case in order to protect these important interests, which are jeopardized by this litigation and will not be protected absent Synopsys' intervention, given the government's announcement that it will not use its resources to appeal from this Court's December 10 ruling.

Courts across the country routinely allow interested parties who have submitted information to the government to intervene in Freedom of Information Act (FOIA) actions such as this one. As explained below, Synopsys satisfies the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a) and, in the alternative, permissive intervention under Rule 24(b). Accordingly, Synopsys should be permitted to intervene in order to protect its highly confidential business information and to ensure that the parties most affected by the outcome of this action are afforded an opportunity to be heard.

## II. FACTUAL BACKGROUND

In January 2018, Plaintiffs Will Evans and The Center for Investigative Reporting requested pursuant to FOIA that the Office of Federal Contract Compliance of the U.S. Department of Labor (DOL) disclose the 2016 EEO-1 Type 2 reports for a variety of Bay Area

federal contractors, including Synopsys. ECF No. 1-1, at 2-5. Because Synopsys had submitted this report to the government, DOL was required to and did notify Synopsys of the plaintiffs' FOIA request. *See* 29 C.F.R. § 70.26; ECF No. 24-11, at 4. In response, Synopsys objected to DOL's release of the Synopsys' EEO-1 Report, citing employee privacy and harms that would result from the disclosure of confidential business information. *See* ECF No. 24-11, at 46.

DOL then withheld the report pursuant to FOIA Exemption 4. *Id.* at 46, 58, 75-76. The plaintiffs filed an administrative appeal, *id.* at 78-85, and then this action, ECF No. 1. The original parties filed cross-motions for summary judgment in August and September 2019, ECF No. 24, 29, and the Court held argument on December 5, 2019, ECF No. 38.

On December 10, 2019, the Court denied DOL's motion for summary judgment and granted the plaintiffs', ECF No. 39, entering judgment on the same day, ECF No. 40. Pursuant to the parties' stipulation, the Court extended the deadline for DOL's disclosure of the EEO-1 Reports until February 20, 2020, to align with DOL's deadline to file a notice of appeal. ECF No. 42. On January 28, 2020, counsel for DOL informed Synopsys that DOL would not appeal the Court's December 10 ruling.

### III. LEGAL STANDARD

To intervene as of right under Federal Rule of Civil Procedure 24(a): "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable interest' in the action; (3) the disposition of the action must as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest may be inadequately represented by other parties." *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018) (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, (9th Cir. 2011) (en banc)). Courts applying Rule 24(a) "follow 'practical and equitable considerations' and construe the Rule 'broadly in favor of proposed intervenors.'" *Wilderness*, 630 F.3d at 1179.

For permissive intervention under Rule 24(b), a movant must show "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). A court may also "consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 1354.

## IV. ARGUMENT

Intervention as of right is warranted, given the government's announcement that it will not use its resources to appeal from this Court's December 10 ruling. Intervention is required in order for Synopsys to protect its confidential business information and its and its employees' privacy rights. Without intervention, the rights and interests of Synopsys will not be represented in this action. In the alternative, Synopsys should be granted permissive intervention.

### A. SYNOPSYS IS ENTITLED TO INTERVENTION AS OF RIGHT

#### 1. Synopsys Seeks To Vindicate Significant Protectable Interests

Whether a party has a right to intervene to protect its rights and interests entails "a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (alteration in original) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)). A movant need only "establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.* The inquiry is whether the applicant "allege[s] a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits." *Williams & Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72, 75 (D.C. Cir. 1988).

That is easily satisfied here. In light of the government's announcement that it will not use its resources to appeal from this Court's December 10 ruling, Synopsys seeks to intervene in order to protect its confidential business information, a significant interest expressly protectable under FOIA's Exemption 4. *See* 5 U.S.C. § 552(b)(4). "Indeed, preventing the disclosure of commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a)." *100Reporters LLC v. U.S. Dep't of Justice*, 307 F.R.D. 269, 275 (D.D.C. 2014).

#### 2. Synopsys' Rights May Be Impaired by Resolution of this Action

In determining whether those rights may be impaired absent intervention, courts in this

Circuit look for impairment of a proposed intervenor's ability to protect its interests "as a practical matter." *Citizens*, 647 F.3d at 898; *accord* Fed. R. Civ. P. 24(a)(2). If the movant "would be substantially affected in a practical sense by the determination made in an action, [it] should, as a general rule, be entitled to intervene." *Id.* (quoting Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment).

Here, if the Court's December 10 order in the plaintiffs' favor stands, Synopsys' interests in protecting its confidential business information would be defeated, not merely impaired. "Indeed, impairment appears especially obvious in FOIA litigation because if the plaintiff succeeds, the public release of the requested materials is both imminent and irreversible." *100Reporters*, 307 F.R.D. at 279; *accord Appleton v. Food & Drug Admin.*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004). Here, the release of the EEO-1 Report would forever prevent Synopsys from protecting the confidentiality of the information contained therein. That release of that information will provide valuable data to its competitors, causing commercial harm to Synopsys. *See* Decl. of Sarah Lee. Release would also violate assurances of confidentiality given by the government to Synopsys and by Synopsys to its employees. *Id.* at ¶¶ 16, 19. Intervention is required to protect those interests in this Court and on appeal (if this Court adheres to its December 10 ruling).

### 3.  Synopsys' Interests Will Not Be Adequately Represented

Synopsys has a strong interest in protecting its confidential business information and that of its employees. Absent intervention, Synopsys' interests will not just be inadequately represented: they will not be represented at all. *See County of Fresno v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980); *Pellegrino v. Nesbit*, 203 F.2d 463, 465-66, 468 (9th Cir. 1953).

Courts have recognized that a divergence of interests between the government and private parties can, as here, arise from "the very nature of FOIA litigation." *100Reporters*, 307 F.R.D. at 280; *accord Gov't Accountability Project v. Food & Drug Admin.*, 181 F. Supp. 3d 94, 96 (D.D.C. 2015); *Appleton*, 310 F. Supp. 2d at 197 ("FDA's interest lies in responding appropriately to the plaintiff's request."); *Forest Guardians v. U.S. Dep't of Interior*, No. CIV-02-1003 JB/WDS, 2004 WL 3426413, at *9 (D.N.M. Jan. 12, 2004) (observing that the

1   government must represent the public's "interest[] in the proper application of the FOIA which,
2   in general, is a disclosure statute"). As in other Exemption 4 cases, the government "has neither
3   the incentives nor the information to represent fully [Synopsys'] commercial and competitive
4   interests," even "though such interests may indeed overlap at times." *100Reporters*, 307 F.R.D.
5   at 281; *accord Appleton*, 310 F. Supp. 2d at 197.

6       Earlier in this action, it appeared to Synopsys that its interests would be adequately
7   represented by DOL. Accordingly, Synopsys did not intervene at that time; rather, it cooperated
8   with DOL and submitted a declaration in support of DOL's motion for summary judgment. *See*
9   ECF No. 24-5. At that time, it appeared the parties' dispute would turn on the question of
10  whether the EEO-1 Report data is "confidential" within the meaning of Exemption 4. *See, e.g.*,
11  ECF No. 24, at 7-15; ECF No. 24-5, at 1-4; ECF No. 29, at 4-7, 15-22. At oral argument and in
12  this Court's summary-judgment ruling, however, it became clear that this dispute might instead
13  turn on whether the information sought was "commercial" within the meaning of Exemption 4.

14      On this latter question, unlike DOL, Synopsys is equipped with its own industry-specific
15  experience and knowledge to support its contention that the information is commercial. *See* Lee
16  Decl. ¶¶ 3-4, 8-18, *see also infra* § IV.A.4. As in other Exemption 4 cases, the government "has
17  neither the incentives nor the information to represent fully [Synopsys'] commercial and
18  competitive interests." *100Reporters*, 307 F.R.D. at 281.

19      That potential divergence of interests, incentives, and information is now manifest and
20  shown here very concretely by the government's decision not to use its resources to appeal the
21  Court's December 10 ruling. Because DOL has determined not to file an appeal, intervention by
22  Synopsys is necessary to afford it the right to seek a stay, to appeal this Court's ruling, and to
23  protect its interests.

24      **4.**    **<u>Synopsys' Motion Is Timely</u>**

25      When a party seeks to intervene in order to preserve its right to appeal, the "general rule"
26  is that the motion "is timely if filed within the time allowed for the filing of an appeal." *United*
27  *States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (quoting
28  *Yniguez v. Arizona*, 939 F.2d 727, 734 (9th Cir. 1991)). Synopsys' motion is being filed within

the time allowed for a notice of appeal, and it is therefore timely. *See* Fed. R. App. P. 4(a)(1)(B).

To the extent the parties argue that Synopsys should have intervened earlier, there was no indication at the earlier stages of this litigation that DOL would fail to adequately protect Synopsys' interests. DOL withheld the EEO-1 Reports and sought summary judgment resisting disclosure (albeit primarily on the basis that the requested data was "confidential"). Given this history, there was, as the Supreme Court has described, "no reason" for Synopsys "to suppose that [DOL] would not later take an appeal until [it] was advised to the contrary after the trial court had entered its final judgment." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977). In light of DOL's just-disclosed decision not to use its resources to pursue an appeal, Synopsys' motion is timely. *See id.* at 394-95; *Pellegrino v. Nesbit*, 203 F.2d 463, 465-66 (9th Cir. 1953).

A similar course of events took place in *Tocher v. City of Santa Ana*, in which the Ninth Circuit reversed the denial of postjudgment intervention as-of-right. 219 F.3d 1040 (9th Cir. 2000), *abrogated on other grounds by City of Columbus v. Our Garage & Wrecker Serv., Inc.*, 536 U.S. 424 (2002). There, the proposed intervenor timely moved within the period for filing an appeal and presented the same legal issues. *Id.* at 1045. Intervention was appropriate after the original judgment "because it only became apparent after the district court issued its final judgment that the [government] had failed to adequately represent [the proposed intervenor]'s interests." *Tocher, 219 F.3d at 1045.*

Intervention by Synopsys will not cause prejudice or undue delay. Synopsys' proposed pleading asserts a crossclaim against DOL in the nature of a reverse FOIA action. *See* Answer & Crossclaim (attached as Exhibit A pursuant to Fed. R. Civ. P. 24(c)). That crossclaim involves the same legal principles as the plaintiffs' traditional FOIA claim and can be considered in tandem with the existing claim. Synopsys anticipates that the parties will cross-move for summary judgment on the reverse FOIA crossclaim (including addressing the question of commercial nature), and/or Synopsys will seek reconsideration of the grant of summary judgment on the FOIA claim, all of which can be adjudicated with no discovery or other pretrial

proceedings.[1]

Synopsys also seeks party status in order to appeal, if this Court's December 10 ruling stands. As a result, Synopsys does not seek to expand the scope of the case, the present parties will suffer no prejudice in litigating these same issues, and the litigation will be delayed no longer than is necessary to air and adjudicate Synopsys' interests in its confidential business information.

### B.   IN THE ALTERNATIVE, SYNOPSYS SHOULD BE PERMITTED TO INTERVENE AS A MATTER OF DISCRETION

If the Court determines that Synopsys is not entitled to intervene as a matter of right, Synopsys respectfully asks the Court to exercise its discretion to allow Synopsys to intervene on a permissive basis pursuant to Rule 24(b). That Rule allows a court to grant intervention to, among others, anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). The Rule also asks courts to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

For the reasons discussed above, Synopsys' motion is timely, will not unduly delay this litigation, and will not prejudice the original parties. And as set out in its proposed pleading, Synopsys asserts an independent ground for jurisdiction by raising a reverse FOIA crossclaim against DOL. That claim arises under the Administrative Procedure Act. *See* 5 U.S.C. § 702; *Chrysler Corp. v. Brown*, 441 U.S. 281, 317-19 (1979). This Court has federal-question jurisdiction over the claim. 28 U.S.C. § 1331. Finally, the reverse FOIA crossclaim presents virtually all the same questions of law and fact, namely, whether the EEO-1 Reports contain data

---

[1] Concurrent with this Motion, and as a prophylactic measure to protect its interests in the confidential business information at issue, Synopsys is filing a separate action in this District in the nature of a reverse-FOIA suit pursuant to the Administrative Procedure Act. Synopsys also intends to file an administrative motion to consider whether this action and the newly filed action should be related.

that is commercial in nature and confidential and whether, as a result, the data falls within the scope of FOIA Exemption 4.

Synopsys respectfully contends that intervention in this action would allow all interested parties to be heard and all claims to be adjudicated in the most streamlined fashion and with minimal delays. Because Synopsys satisfies each of the requirements for permissive intervention, and because intervention is the most efficient way to protect the rights of all interested parties, Synopsys respectfully requests that the Court exercise its discretion to permit intervention.

## V. CONCLUSION

For the foregoing reasons, Synopsys respectfully requests that the Court grant this motion for leave to intervene.

Dated: January 30, 2020                          ORRICK, HERRINGTON & SUTCLIFFE

By: */s/ Denise M. Mingrone*
    Denise M. Mingrone

Attorneys for Plaintiff, SYNOPSYS, INC.