# EXHIBIT A

DENISE M. MINGRONE (SBN 135224)
dmingrone@orrick.com
ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:     650 614 7400

ROBERT M. LOEB (*pro hac vice* pending)
rloeb@orrick.com
JAMES A. FLYNN (*pro hac vice* pending)
jflynn@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
Telephone:     202 339 8475

Attorneys for Proposed Intervenor
SYNOPSYS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING AND WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | Case No.  4:19-cv-01843-KAW<br><br>**[PROPOSED] DEFENDANT-INTERVENOR SYNOPSYS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND CROSSCLAIM AGAINST U.S. DEPARTMENT OF LABOR** |

**[PROPOSED] INTERVENOR SYNOPSYS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant-Intervenor Synopsys, Inc., by and through undersigned counsel, respectfully submits this Answer to Plaintiffs' Complaint and Crossclaim against Defendant U.S. Department of Labor (DOL).  Synopsys respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in its Answer and the allegations contained in its Crossclaim as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ANSWER</u>**

Synopsys responds specifically to each numbered paragraph of the Complaint as follows:

**<u>INTRODUCTION</u>**

1.      The allegations contained in paragraph 1 consist of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Synopsys admits that Plaintiffs purport that this is an action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2.      Synopsys admits that Plaintiffs submitted a request under FOIA to DOL's Office of Federal Contract Compliance Programs (OFCCP) in January 2018 seeking disclosure of federal contractors' employment diversity reports submitted to OFCCP.

3.      Synopsys admits that OFCCP responded in 2019 withholding records under FOIA Exemption 4 and that Plaintiffs appealed.

4.      Synopsys admits that Defendant United States Department of Labor (DOL) has not issued a final determination and denies that DOL has not responded to Plaintiffs' appeal letter.

5.      The allegations contained in paragraph 5 consist of conclusions of law to which no response is required.  To the extent a response is required, Synopsys denies the allegations.

6.      The allegations contained in paragraph 6 consist of Plaintiffs' characterization of this action and conclusions of law to which no response is required.  To the extent a response is required, Synopsys admits that DOL released some EEO-1 records to Plaintiffs for the 2015 calendar year and denies the remaining allegations, including the allegation that the records currently being sought are identical to those that have been released.

7.      The allegations contained in paragraph 7 consist of Plaintiffs' characterization of this action and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys denies the allegations.

8.      The allegations contained in paragraph 8 contain conclusions of law to which no response is required.  To the extent a response is required, Synopsys denies the allegations.

9.      The allegations contained in paragraph 9 consist of Plaintiffs' characterization of their request for relief, to which no response is required.  To the extent a response is required,

1    Synopsys denies the allegations.

2                              **JURISDICTION**

3         10.    Because the allegations contained in paragraph 10 constitute Plaintiffs'

4    conclusions of law regarding subject-matter and personal jurisdiction, no response is required.  To

5    the extent a response is required, Synopsys does not contest the Court's subject-matter or personal

6    jurisdiction.

7                **VENUE AND INTRADISTRICT ASSIGNMENT**

8         11.    Because the allegations contained in paragraph 11 constitute Plaintiffs'

9    conclusions of law regarding venue, no response is required.  To the extent a response is required,

10   Synopsys does not contest that venue is proper in this district.

11        12.    Because the allegations contained in paragraph 12 constitute Plaintiffs'

12   conclusions of law regarding the assignment of this case to the Oakland Division, no response is

13   required.  To the extent a response is required, Synopsys does not contest intradistrict assignment

14   in the Oakland Division.

15                              **PARTIES**

16        13.    The allegations in paragraph 13 characterize professional qualifications and

17   activities of Plaintiff Center for Investigative Reporting (CIR), to which no response is required.

18   To the extent a response is required, Synopsys admits that CIR is a nonprofit organization

19   established under the laws of the State of California and that its principal place of business is in

20   Emeryville, California.  Synopsys does not have knowledge or information sufficient to form a

21   belief as to the truth of the remaining allegations.

22        14.    The allegations contained in paragraph 14 characterize professional qualifications

23   and activities of Plaintiff Will Evans, to which no response is required.  To the extent a response

24   is required, Synopsys admits that Evans is an employee of CIR.  Synopsys does not have

25   knowledge or information sufficient to form a belief as to the truth of the allegations.

26        15.    The allegations contained in paragraph 15 characterize Defendant DOL and do not

27   set forth a claim for relief or aver facts in support of a claim to which a response is required.  To

28   the extent a response is required, Synopsys admits the allegations.

**FACTUAL BACKGROUND**

16.     Paragraph 16 contains Plaintiffs' conclusions of law regarding OFCCP's responsibilities and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys admits the allegations.

17.     The allegations in paragraph 17 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys admits the allegations.

18.     Paragraph 18 contains Plaintiffs' conclusions of law regarding OFCCP's responsibilities related to the collection of data and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys denies that OFCCP collects the EEO-1 data and admits that OFCCP and the Equal Employment Opportunity Commission (EEOC) together administer the EEO-1 reporting system.

19.     Paragraph 19 contains Plaintiffs' conclusions of law and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys admits that certain employers, depending on the number of employees they have and whether they are a federal contractor, are required annually to file EEO-1 Reports, and Synopsys denies the remaining allegations.

20.     Paragraph 20 contains Plaintiffs' conclusions of law and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     Paragraph 21 contains Plaintiffs' description of Form EEO-1 Type 2 Consolidated Report and Plaintiffs' conclusions of law and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys admits that the EEO-1 Type 2 Consolidated Report is a one-page form included as part of some EEO-1 filings and denies that the EEO-1 Type 2 Consolidated Report does not contain any particularized or sensitive information.  Synopsys admits that the information constitutes one row in the spreadsheet but avers that it contains over 200 columns of information.

22. Paragraph 22 contains Plaintiffs' conclusions of law related to the EEO and OFCCP's abilities to disclose EEO-1 data under Title VII and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Synopsys admits that OFCCP, pursuant to an agreement reached by the parties in Case No. 3:18-cv-2008-JCS (N.D. Cal. dismissed Dec. 21, 2018), released nonidentical EEO-1 Type 2 data for 2015 for five other federal contractors on or about November 29, 2018, denies that OFCCP released any data submitted by or related to Synopsys, and denies the remaining allegations.

23. Paragraph 23 contains Plaintiffs' conclusions of law regarding whether EEO-1 Reports are confidential and does not set forth a claim of relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Synopsys admits that the quoted statements appear on the EEOC website and denies the remaining allegations.

24. Paragraph 24 contains Plaintiffs' description of how the public can obtain copies of the EEO-1 Reports and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Synopsys admits that OFCCP does not proactively disclose the EEO-1 Reports and that in certain situations Defendant DOL will notify federal contractors of a FOIA request it receives. Synopsys denies the remaining allegations.

25. Paragraph 25 consists of Plaintiffs' characterization of OFCCP's actions in a separate lawsuit and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Synopsys admits that OFCCP, pursuant to an agreement reached by the parties in Case No. 3:18-cv-2008-JCS (N.D. Cal. dismissed Dec. 21, 2018), released nonidentical EEO-1 Type 2 data for 2015 for five other federal contractors on or about November 29, 2018, denies that OFCCP released any data submitted by or related to Synopsys, and denies the remaining allegations.

26. Paragraph 26 contains Plaintiffs' characterization of the purported opinion of a variety of people and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Synopsys is without

information or knowledge sufficient to form a belief as to the truth of the allegations.

27.     Paragraph 27 contains Plaintiffs' characterization of the purported public need for the requested documents and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.   To the extent a response is required, Synopsys is without information or knowledge sufficient to form a belief as to the truth of the allegations.

28.     Paragraph 28 contains Plaintiffs' characterization of a letter from Congressman Emanuel Cleaver II to DOL and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys admits that Congressman Cleaver wrote a letter to DOL in March of 2019 and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

29.     Paragraph 29 contains Plaintiffs' characterization of a U.S. Office of Management and Budget (OMB) memorandum and conclusions of law and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys respectfully refers the Court to that OMB memorandum for a complete and accurate statement of its contents.

30.     Paragraph 20 contains Plaintiffs' characterization of news coverage and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

31.     Paragraph 31 contains Plaintiffs' characterization of purported media coverage and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

32.     Paragraph 32 contains Plaintiffs' characterization of the purported public need for the documents requested and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

**The FOIA Request**

33.     Synopsys admits that DOL received a FOIA request from Plaintiff Will Evans dated January 4, 2018, and respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents.

34.     Synopsys admits that DOL received a FOIA request from Plaintiff Will Evans dated January 4, 2018, and respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents.

35.     Synopsys admits that DOL received a FOIA request from Plaintiff Will Evans dated January 4, 2018, and respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents.

36.     Synopsys does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Synopsys admits that on March 13, 2018; April 18, 2018; and August 14, 2018, a DOL employee responded to Plaintiffs' FOIA request and respectfully refers the Court to those responses for a complete and accurate statement of their contents.

38.     Paragraph 38 contains Plaintiffs' characterization of the timing of DOL's responses and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

39.     Paragraph 39 contains Plaintiffs' characterization of OFCCP's actions in a separate lawsuit and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Synopsys admits that OFCCP, pursuant to an agreement reached by the parties in Case No. 3:18-cv-2008-JCS (N.D. Cal. dismissed Dec. 21, 2018), released nonidentical EEO-1 Type 2 data for 2015 for five other federal contractors on or about November 29, 2018, denies that OFCCP released any data submitted by or related to Synopsys, and denies the remaining allegations.

40.     Synopsys admits that Plaintiff Will Evans sent an email to OFCCP's FOIA office in January 2019 and respectfully refers the Court to that email for a complete and accurate

1    statement of its contents.

2         41.    Synopsys does not have knowledge or information sufficient to form a belief as to

3    the truth of the allegations in paragraph 41.

4         42.    Paragraph 42 contains Plaintiffs' characterization of the timing of DOL's

5    responses and does not set forth a claim for relief or aver facts in support of a claim to which a

6    response is required.   To the extent a response is required, Synopsys does not have knowledge or

7    information sufficient to form a belief as to the truth of the allegations.

8         43.    Synopsys does not have knowledge or information sufficient to form a belief as to

9    the truth of the allegations in paragraph 43.

10        44.    Synopsys admits that on February 22, 2019, OFCCP sent a response regarding

11   Plaintiffs' FOIA request and respectfully refers the Court to that response for a complete and

12   accurate statement of its contents.

13        45.    Synopsys admits that on February 22, 2019, OFCCP sent a response regarding

14   Plaintiffs' FOIA request and respectfully refers the Court to that response for a complete and

15   accurate statement of its contents.

16        46.    Synopsys admits that on February 22, 2019, OFCCP sent a response regarding

17   Plaintiffs' FOIA request and respectfully refers the Court to that response for a complete and

18   accurate statement of its contents.

19                               **The Administrative Appeal**

20        47.    Synopsys admits that on March 1, 2019, Plaintiff CIR, through its counsel, sent a

21   letter to DOL and respectfully refers the Court to that letter for a complete and accurate statement

22   of its contents.

23        48.    Synopsys admits that on March 1, 2019, Plaintiff CIR, through its counsel, sent a

24   letter to DOL and respectfully refers the Court to that letter for a complete and accurate statement

25   of its contents.

26        49.    Admitted.

27        50.    Admitted.

28        51.    Paragraph 51 contains Plaintiffs' conclusions of law and does not set forth a claim

ORRICK, HERRINGTON &
SUTCLIFFE LLP

-8-                      SYNOPSYS' ANSWER AND CROSSCLAIM
                         4:19-cv-01843-KAW

1   for relief or aver facts in support of a claim to which a response is required.  To the extent a

2   response is required, Synopsys denies the allegations.

3        52.     Paragraph 51 contains Plaintiffs' conclusions of law and does not set forth a claim

4   for relief or aver facts in support of a claim to which a response is required.  To the extent a

5   response is required, Synopsys does not have knowledge or information sufficient to form a belief

6   as to the truth of the allegations.

7   <u>**CAUSE OF ACTION**</u>

8        53.     Synopsys incorporates by reference its responses to paragraphs 1 through 52

9   above.

10        54.     The allegations contained in paragraph 54 consist of Plaintiffs' conclusions of law

11   to which no response is required.  To the extent a response is required, Synopsys denies the

12   allegations.

13        55.     The allegations contained in paragraph 55 consist of Plaintiffs' conclusions of law

14   to which no response is required.  To the extent a response is required, Synopsys denies the

15   allegations.

16        56.     The allegations contained in paragraph 56 consist of Plaintiffs' conclusions of law

17   to which no response is required.  To the extent a response is required, Synopsys denies the

18   allegations.

19        57.     The allegations contained in paragraph 57 consist of Plaintiffs' conclusions of law

20   to which no response is required.  To the extent a response is required, Synopsys denies the

21   allegations.

22        The remainder of Plaintiffs' Complaint consist of Plaintiffs' Prayer for Relief, to which no

23   response is required.  To the extent this paragraph is deemed to contain factual allegations,

24   Synopsys denies those allegations and denies that Plaintiffs are entitled to any relief.

25   <u>**DEFENDANT-INTERVENOR SYNOPSYS' AFFIRMATIVE DEFENSES**</u>

26   <u>**FIRST DEFENSE**</u>

27        Plaintiffs Complaint should be dismissed in whole, or part, for failure to state a claim

28   upon which relief can be granted.

1

**SECOND DEFENSE**

2          The Court lacks jurisdiction over any matter as to which Plaintiff failed to satisfy

3     administrative prerequisites to suit, as well as over any requests that are not contained in the

4     FOIA request at issue in this litigation.

5

**THIRD DEFENSE**

6          The information that DOL has withheld, or will withhold, in response to Plaintiffs' FOIA

7     request may be exempt in whole or in part from public disclosure under FOIA, 5 U.S.C. § 552(b).

8

**FOURTH DEFENSE**

9          Plaintiffs have not alleged sufficient factual and/or legal bases for their requests for costs

10    and/or attorneys' fees.

11          Synopsys respectfully requests and reserves the right to amend, alter, and supplement the

12    defenses contained in this Answer as the facts and circumstances giving rise to the Complaint

13    become known to it through the course of the litigation.

14          WHEREFORE, having fully answered, Defendant-Intervenor Synopsys, by and through

15    counsel, respectfully requests that the Court issue an order dismissing with prejudice the above-

16    captioned case, granting Defendants judgment, including all costs, charges, and fees permitted by

17    law, and for such further relief as the Court deems just and proper.

18

**CROSSCLAIM**

19          Defendant Intervenor Synopsys, by and through counsel, hereby complains against

20    Defendant U.S. Department of Labor (DOL) as follows:

21

**Introduction**

22          1.          Synopsys asserts this "reverse FOIA" crossclaim pursuant to the Administrative

23    Procedure Act (APA), 5 U.S.C. §§ 701-06, and the Freedom of Information Act (FOIA), 5 U.S.C.

24    § 552, to prevent the disclosure of certain confidential and commercial documents and data

25    relating to the composition of Synopsys' workforce.

26          2.          The materials at issue are the subject of a pending FOIA request and the

27    accompanying cause of action for disclosure asserted in Plaintiffs' complaint.  *See* ECF No. 1.  In

28    particular, Plaintiffs seek disclosure of Synopsys' 2016 EEO-1 Type 2 Consolidated Report

(EEO-1 Reports).

3.      The EEO-1 Reports contain confidential commercial data that Synopsys submitted to DOL via the Joint Reporting Committee in compliance with its federal-contractor reporting obligations.  *See* 41 C.F.R. § 60-1.7(a). The EEO-1 Reports document the number of people Synopsys employs in the United States, broken down by gender, race, ethnicity, and job category.

4.      Synopsys has at all times maintained that the EEO-1 Reports are exempt from disclosure pursuant to FOIA Exemption 4, which exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

5.      Synopsys keeps the EEO-1 Report data highly confidential.  It does not disclose the EEO-1 Reports externally except as required by law, and the EEO-1 Reports are only made available internally on a limited and need-to-know basis.

6.      For purposes of FOIA, the data contained in the EEO-1 Reports is "commercial" pursuant to the term's ordinary meaning.  The data contains confidential information concerning the number and gender, racial, and ethnic self-identifications of Synopsys' employees, as well as their allocation to various job categories.  Each year's EEO-1 Report also contains the prior year's reported totals.  If disclosed, this data would reveal aspects of Synopsys' business priorities and strategies, as well as Synopsys' recruitment and diversity efforts.

7.      Synopsys brings this crossclaim for declaratory and injunctive relief under the Administrative Procedure Act to prevent DOL's disclosure of the EEO-1 Reports as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346, because this action arises under the laws of the United States, including the Administrative Procedure Act, 5 U.S.C. §§ 701-06, the Freedom of Information Act, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391, 1402.  Synopsys' principal place of business is in this district.  Plaintiffs either reside or have their principal place

1    of business in this district.

2         10.    Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and

3    (d) because a substantial portion of the events giving rise to this action occurred in Alameda

4    County.

5                                          **PARTIES**

6         11.    Plaintiff Center for Investigative Reporting (CIR) is a nonprofit organization

7    established under the laws of the State of California with its primary place of business in

8    Emeryville, California.

9         12.    Plaintiff Will Evans is an employee of CIR who resides in this district.

10        13.    Defendant DOL is a department of the executive branch of the United States

11   government and an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  DOL has possession

12   and control over the EEO-1 Reports.

13        14.    Defendant-Intervenor Synopsys is a publicly traded company with its principal

14   place of business in Mountain View, California.  Synopsys is a "person" within the meaning of 5

15   U.S.C. § 551(2).

16                                  **FACTUAL ALLEGATIONS**

17        15.    Synopsys is a high-tech software company that provides innovative Electronic

18   Design Automation (EDA) solutions for the semiconductor industry.  EDA generally refers to

19   using computer software to design, verify, simulate, and manufacture electronic circuits.

20        16.    The high-tech software industry is highly competitive, especially with respect to

21   the recruitment and retention of skilled employees.  Synopsys invests considerable time and

22   resources in its recruitment and retention efforts.  For Synopsys as a software company, success

23   in those efforts is critical to its overall commercial success.

24        17.    A key component of Synopsys' recruitment and retention efforts is the diversity of

25   Synopsys' workforce.  As described in the declaration of Sarah Lee, Synopsys invests

26   considerably in maintaining and strengthening the diversity of its workforce, and that diversity

27   contributes to Synopsys' overall commercial success.  *See* Ex. A (Lee Decl.).

28        18.    As a federal contractor with over 50 employees, Synopsys annually submits data

ORRICK, HERRINGTON &
SUTCLIFFE LLP

SYNOPSYS' ANSWER AND CROSSCLAIM
4:19-CV-01843-KAW

concerning its workforce to the government by filing, among other things, the EEO-1 Reports

with the Joint Reporting Committee, which collects that data on behalf of DOL and the Equal

Employment Opportunity Commission (EEOC).  The EEO-1 Report at issue here covers

Synopsys' data for 2016.

19.     The data contained in the EEO-1 Reports is obtained from Synopsys' employees

with the express assurance of confidentiality.  As described in the declaration of Sarah Lee,

Synopsys treats this information as highly sensitive and commercial, restricting access even

within the company to a select few individuals with a need to access it.  *See* Ex. A.

20.     Synopsys provided the EEO-1 Report to the government pursuant to a

longstanding understanding that the information would remain confidential.  Indeed, Synopsys

relies on the government's assurances of confidentiality in submitting its EEO-1 Reports.  For

example, the EEOC publishes an instruction booklet wherein the government commits to "protect

the confidentiality of the EEO-1 data to the maximum extent possible consistent with FOIA and

the Trade Secrets Act."  Moreover, DOL regulations prohibit disclosure of confidential

commercial information except in compliance with FOIA and additional notification procedures.

*See* 29 C.F.R. § 70.26.

21.     The EEO-1 Reports reveal commercially sensitive information that is kept highly

confidential by Synopsys and would, if disclosed, cause competitive harm to Synopsys.

Specifically, disclosure of these materials would:

a.   Permit competitors to identify changes to Synopsys' workforce over time,
     including changes within certain job categories and changes in the balance of
     domestic and international employees.  Such data could, in turn, reveal
     changes in business goals and commercial strategies, as well as the impact of
     corporate mergers and acquisitions.

b.   Permit competitors to target their recruitment of Synopsys employees,
     especially diverse candidates.

c.   Permit competitors to determine employee's confidential and highly sensitive
     self-identifications as to gender, race, and ethnicity.

d.  Chill future self-identification by employees no longer willing to participate in such surveys in light of public disclosure of the EEO-1 data.

e.  Undermine Synopsys' internal efforts to build and maintain a diverse and talented workforce, which in turn would undermine Synopsys' commercial success.

22.     Plaintiffs brought this action seeking disclosure of the EEO-1 Reports pursuant to FOIA.  *See* ECF No. 1.

23.     Following cross-motions for summary judgment, the Court granted summary judgment in Plaintiffs' favor and ordered DOL to disclose the documents within 30 days.  ECF No. 39.  The court held that the information at issue did not fall within FOIA Exemption 4 because it was not "commercial."  It appeared to reach that conclusion because (1) the disclosure of the data would not cause the provider of the data likely commercial harm, *see* ECF No. 39, at 7-10, and (2) the data is too general and did not pertain "to specific positions or departments," *id.* at 10.

24.     The Court later extended the disclosure deadline to February 10, 2020, pursuant to a stipulation between Plaintiffs and DOL.  ECF No. 42.

25.     On January 28, 2020, DOL announced that it was not going to use its resources to appeal the Court's December 10 order.

26.     Absent a stay or appeal, DOL will disclose the EEO-1 Reports no later than February 10, 2020.

### COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

27.     Synopsys repeats and incorporates herein by reference the allegations of paragraphs 1 through 26 of its Crossclaim.

28.     The EEO-1 Reports and the data contained therein constitute "commercial . . . information obtained from a person and privileges or confidential" within the meaning of FOIA Exemption 4, and they are therefore exempt from disclosure.

29.     The EEO-1 Reports contain sensitive commercial data.

30.     The EEO-1 Report data is kept highly confidential by Synopsys.

31.     Disclosure of the EEO-1 Reports would cause commercial and competitive harm to Synopsys.

32.     DOL recognized that disclosure was exempt under Exemption 4, but is now poised to disclose based on an erroneous construction of "commercial" information that cannot be squared with the recent the Supreme Court decision regarding Exemption 4, *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356, 2363-66 (2019), which expressly rejected the commercial harm test.

33.     Disclosure of the EEO-1 Reports despite the applicability of FOIA Exemption 4 would be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" within the meaning of the APA, 5 U.S.C. § 706(2)(A).

## **REQUEST FOR DECLARATORY JUDGMENT**

34.     Synopsys repeats and incorporates herein by reference the allegations of paragraphs 1 through 26 of its Crossclaim.

35.     Because the EEO-1 Reports are exempt from disclosure under FOIA Exempt 4, DOL's disclosure of the EEO-1 Reports would be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and the Court should declare that:

a.   The EEO-1 Reports are exempt from disclosure under FOIA Exemption 4.

b.   DOL's disclosure of the EEO-1 Reports would be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

## **REQUEST FOR A PERMANENT INJUNCTION**

36.      Synopsys repeats and incorporates herein by reference the allegations of paragraphs 1 through 26 of its Crossclaim.

37.     The EEO-1 Reports are exempt from disclosure under FOIA Exemption 4, and DOL's disclosure of the EEO-1 Reports would be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.  Therefore, Synopsys will prevail on the merits of this action.

38.     Release of the EEO-1 Reports will irreparably injure Synopsys by permanently making public the EEO-1 Report data and by exposing Synopsys to competitive harm.

1    39.    DOL, Plaintiffs, and the public at large will not be harmed by withholding the

2   EEO-1 Reports, and any such harm they would suffer is substantially outweighed by the

3   irreparable injury certain to occur to Synopsys.

4    40.    The public interest is served by ensuring that Synopsys and other similarly situated

5   companies are not subject to having their confidential commercial information involuntarily

6   disclosed and by protecting the confidential and personal information of such companies'

7   employees.

8    41.    Therefore, the Court should permanently enjoin DOL from disclosing the EEO-1

9   Reports.

10                      **PRAYER FOR RELIEF**

11    WHEREFORE, Synopsys respectfully requests that judgment be entered against

12   Defendant U.S. Department of Labor and that this Court:

13    A.    Declare that DOL's disclosure of the EEO-1 Reports would be arbitrary and

14   capricious, an abuse of discretion, or otherwise not in accordance with law;

15    B.    Permanently enjoin DOL from disclosing the EEO-1 Reports; and

16    C.    Grant such other and further relief as may be just and proper.

17

18   Dated: January 30, 2020                    Respectfully submitted,

19                                              ORRICK, HERRINGTON & SUTCLIFFE

20

21

22   By: */s/ Denise M. Mingrone*
                                                DENISE M. MINGRONE
23                                              Attorneys for Plaintiff, SYNOPSYS, INC.

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP

4140-4137-9874                    -16-              SYNOPSYS' ANSWER AND CROSSCLAIM
                                                    4:19-cv-01843-KAW