UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> Defendant. | Case No. 4:19-cv-01843-KAW <br><br> **ORDER GRANTING MOTION TO SHORTEN TIME; ORDER GRANTING EMERGENCY MOTION TO STAY CASE** <br><br> Re: Dkt. Nos. 49, 50 |

On January 30, 2020, Proposed Intervenor Synopsys, Inc. filed a motion for leave to intervene (Dkt. No. 48), an emergency motion to stay (Dkt. No. 49), and a motion to shorten time to hear the motion to stay (Dkt. No. 50).

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Synopsys's motion to shorten time and emergency motion to stay.

## I. BACKGROUND

On January 4, 2018, Plaintiffs, the Center for Investigative Reporting ("CIR") and staff reporter Will Evans, submitted a Freedom of Information Act ("FOIA") request to U.S. Department of Labor ("DOL")'s Office of Federal Contract Compliance Programs seeking disclosure of federal contractors' employment diversity reports (known as EEO-1 reports). (*See* Compl., Dkt. No. 1 ¶ 2; Decl. of D. Lissette Geán, "Geán Decl.," Dkt. No. 24-11 at ¶ 13, Ex. 1.) The request explicitly sought the 2016 EEO-1 Consolidated Report (Type 2) for 55 named companies. (Geán Decl. ¶ 13.) Of the 36 companies identified as federal contractors, 20 submitted written objections to the DOL. (Geán Decl. ¶¶ 23-24, Ex. 7.)

On April 9, 2019, Plaintiffs filed this action. After the case was filed, some of the

objectors decided to release the information, while others, including Synopsys, Inc., declined to do so. (*See* Geán Decl. ¶ 32.) As a result, the cross-motions for summary judgment, filed by DOL on August 23, 2019 and Plaintiffs on September 30, 2019, only pertained to its decision to withhold the EEO-1 Type 2 data for the ten companies that declined to release their information, including Synopsys. (*See* Def.'s Mot., Dkt. No. 24 at 6.) Synopsys submitted a declaration in support of the Government's motion for summary judgment. (*See* Decl. of Sarah Lee, Dkt. 24-5.)

On December 5, 2019, the Court held a hearing on the motion, and, on December 10, 2019, denied the DOL's motion for summary judgment and granted Plaintiffs' cross-motion for summary judgment on the grounds that the information sought was not commercial, and, therefore, did not qualify for protection under Exemption 4. (12/10/19 Order, Dkt. No. 39 at 6-10.) Judgment was entered on December 10, 2019. (Dkt. No. 40.)

On December 20, 2019, the Court granted the parties' stipulation to extend the Government's deadline to produce the unredacted EEO-1 reports to February 10, 2020, which is the deadline for the Government to file an appeal. (Dkt. No. 42.)

On January 30, 2020, Synopsys filed a motion for leave to intervene. (Dkt. No. 48.) Synopsys explained that it was filing the motion, because DOL informed it that it would not be appealing the December 10, 2019 order. *Id.* at 4. On January 30, 2020, Synopsys also filed an emergency motion to stay (Mot. to Stay, Dkt. No. 49), and a motion to shorten time to hear the motion to stay (Mot. to Shorten Time, Dkt. No. 50).

## II. DISCUSSION

On January 30, 2020, Proposed Intervenor Synopsys, Inc. filed an emergency motion to stay the Court's December 10, 2019 order pending the resolution of its motion to intervene, and any proceedings in this court, and any appeal therefrom. (Mot. to Stay at 1.) Synopsys also filed a motion to shorten time under Civil Local Rule 6-3 to have the motion heard on February 6, 2020.

Pursuant to Civil Local Rule 6-3, any opposition to a motion to change time must be filed within four days, such that any opposition was due on or before February 3, 2020. *See* Civil L.R. 6-3(b). No oppositions were filed. Accordingly, the motion to shorten time is GRANTED as

unopposed.[1]

Upon a cursory review of the pending motion to intervene, and while the Court reserves judgment until the motion is fully briefed, the undersigned is not convinced that Synopsys's interests were not adequately represented during the pendency of the case given its cooperation with DOL and its active participation in the motion for summary judgment. Indeed, Synopsys furnished a supporting declaration in support of the Government's motion. That the Government and Synopsys believed that the motions would turn on whether the reports were "confidential" within the meaning of Exemption 4, rather than on whether the information was "commercial," does not mean that there was a divergence in interests at the time the cross-motions were decided. (*See* Dkt. No. 48 at 6.)

Notwithstanding, the Court is inclined to grant the motion, in part, to bestow party status on Synopsys so that it may file an appeal of the December 10, 2019 order to, if possible, protect its data, since the Government has decided not to do so. The Court is inclined to deny the motion insofar as it seeks intervention to relitigate or reconsider matters decided in the December 10, 2019 order.

In the interim, the parties and proposed intervenor are ordered to meet and confer regarding the pending motion to intervene, including whether an alternative briefing schedule is necessary and whether the motion may be resolved by a stipulation of the parties.

Accordingly, the motion to stay is GRANTED. The December 10, 2019 order is STAYED pending the resolution of the motion to intervene (Dkt. No. 48). This stay prevents the disclosure of the EEO-1 Consolidated Reports (Type 2) that was scheduled to occur on February 10, 2020, and preserves Synopsys's time to appeal the December 10, 2019 order should the motion to intervene be ultimately granted in whole or in part.

//
//
//

---

[1] The Court, however, issues its order on the motion to stay without a hearing.

### III. CONCLUSION

In light of the foregoing, Synopsys, Inc.'s motion to change time is GRANTED, and the motion to stay is GRANTED.

IT IS SO ORDERED.

Dated: February 4, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge