D. Victoria Baranetsky (Cal. Bar No. 311892)
THE CENTER FOR INVESTIGATIVE
REPORTING AND WILL EVANS
1400 65th St., Suite 200
Emeryville, CA 94608
vbaranetsky@revealnews.org
Telephone: (510) 982-2890

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendant. | Case No. 4:19-cv-01843-KAW <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE CLARIFICATION OF THE COURT'S ORDER GRANTING PROPOSED INTERVENOR'S MOTION TO STAY** |

## NOTICE OF MOTION AND MOTION

TO DEFENDANT, PROPOSED INTERVENOR, AND THEIR COUNSELS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs The Center for Investigative Reporting and Will Evans will, and hereby do, move the Court for an order granting Plaintiffs leave to file a Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of February 4, 2020. Pursuant to Civil Local Rule 7-9, CIR respectfully requests an order granting it leave to file its motion. The instant motion is based on this notice of motion and motion, the memorandum of points and authorities in support of this motion, and all papers on file with the Clerk or which may be submitted prior to the court's ruling on this motion, and any further evidence which may be offered.

- 1 -
PLS. NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION OF RECONSIDERATION OR MOTION FOR CLARIFICATION

**INTRODUCTION**

Pursuant to Civil Local Rule 7-9, Plaintiffs respectfully move for leave to file a Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of February 4, 2020, granting Proposed Intervenor's motion to stay. *See* Dkt. No. 52. Consistent with Civil Local Rule 7-9(b), the basis for this motion is two-fold. First, the Court is potentially unaware of previously undisclosed authority, namely *Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979), which clarifies that neither the Proposed Intervenor nor the Court may prevent an agency from disclosing agency records. FOIA's exemptions permit, but do not require, an agency to withhold exempted information. *Id.* (stating "Congress did not design the FOIA exemptions to be mandatory bars to disclosure"); *Bartholdi Cable Co. v. FCC*, 114 F.3d 274, 282 (D.C. Cir. 1997) (same). Here, where the U.S. Solicitor's Office chose to not appeal and was prepared to disclose records, the agency may not be prevented from disclosing records by Proposed Intervenor's motion to stay.

Second, the basis for this motion is additional information that would highlight the manifest injustice that occurs through the issuance of Proposed Intervenor's stay. In short, this stay frustrates the general principles of FOIA, injuring both parties and the public. The stay welcomes improper intervenors to interrupt other FOIA actions and delay disclosure of records, including those *that do not pertain to them*. Here, Proposed Intervenor halts disclosure of *all* the remaining the Diversity Reports, which frustrates FOIA's purpose of ensuring quick compliance with public records requests. As members of the news media, Plaintiffs have a strong interest in reporting on *all ten* Diversity Reports as soon as possible, and further stymying the release of the nine reports *that have nothing to do with* the Proposed Intervenor especially hampers Plaintiffs' efforts and threatens to undermine the newsworthiness of the information. *See Gerstein v. CIA*, 2006 WL 3462658, at *6 (N.D. Cal. Nov. 29, 2005) (requiring expedited processing about a newsworthy issue); *Prison Legal News v. David Shinn*, CV-15-02245-PHX-ROS, 2020 WL 409113, at *3 (D. Ariz. Jan. 24, 2020) (considering the injurious effect of frustration to news publication).

Accordingly, because the newly considered authority and general unjust consequences of the stay contravene many of the bases underlying the Court's conclusions, Plaintiffs respectfully

request that the Court allow Plaintiffs leave to seek reconsideration of the Proposed Intervenor's motion to stay and the Court's entry of limited stay in Proposed Intervenor's favor.

## ISSUE PRESENTED

Whether the Court should grant Plaintiffs leave to file a motion for reconsideration or, in the alternative, clarification of the Court's Order of February 4, 2020, granting Proposed Intervenor's motion for stay.  *See* Dkt. No. 52.

## BACKGROUND

On December 10, 2019, the Court ordered the government to disclose the remaining ten Diversity Reports. Dkt. No. 39 at 12 (stating "The Government shall produce the 10 remaining EEO-1 reports within 30 days of this order, and shall do so without redaction."). The Government chose not to appeal the case, and on January 30, 2020, Proposed Intervenor, Synopsys Inc. ("Proposed Intervenor" or "Synopsys") sought to intervene and moved to stay the Court's order, *only as it pertained to Synopsys's Diversity Report*. Dkt. No. 49-1 at 2 (proposing the Court order "that the Department of Labor is ordered not to disclose the 2016 Synopsys EEO-1 Report referenced in this action until further notice."). On February 4, 2020, the Court issued an order granting a limited stay, "without a hearing," Dkt. No. 52 at 3, n. 1, "pending the resolution of the motion to intervene." *Id.*  Instead of limiting the scope of the stay to Synopsys' Diversity Reports, the Court's order appears to apply to **all ten** Diversity Reports, stating, "This stay prevents the disclosure of the EEO-1 Consolidated Reports (Type 2) that was scheduled to occur on February 10, 2020[.]" Dkt. No. 52 at 3. The Court did not decide whether the stay would continue after the resolution of the motion to intervene. *Id.*  To date, the Department of Labor ("DOL") has disclosed to CIR (27) twenty-seven Diversity Reports, as a result of this lawsuit, and no reported injury has occurred to any party or individual.

//

//

//

## **ARGUMENT**

"A district court has inherent jurisdiction to modify, alter, or revoke a prior order." *De La Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1105, 1107 (N.D. Cal. 2014). Under the Northern District's local rules, before filing a motion for reconsideration a party must obtain leave of court. Civil L.R. 7-9(a). To obtain leave, the party must "specifically show reasonable diligence in bringing the motion" and fulfill one of the following criteria:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L. R. 7-9(b)(1)-(3). Once a reconsideration motion is filed, reconsideration is appropriate when a "court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, it appears the Proposed Intervenor's motion to stay resulted in an unintentional error as to the scope of the stay. The Proposed Intervenor moved to stay the Court's order only as it concerned Synopsys's Diversity Report, but the Court's order seems to apply to all ten remaining Diversity Reports. Moreover, the Court's order states that it prevents disclosure of the records, but an agency's decision to assert a FOIA exemption is discretionary. The Court was not made aware of prevailing and well-established law that would clarify the scope of the stay is too broad. *Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979) (stating "Congress did not design the FOIA exemption to be mandatory bars to disclosure"). Plaintiffs submit this motion for leave for reconsideration for the Court to clarify that the stay applies only as to Proposed Intervenor's Diversity Report (excluding nine of the ten withheld Diversity Reports) and to reflect the government's legal discretion to release its own records.

-5-

Furthermore, because Plaintiffs never had an opportunity to provide their brief, the Court is unaware of the manifestly unjust implications of the stay. Staying a case is an extraordinary form of relief, and here none of the four necessary factors have been met. A stay is unwarranted in this case where Proposed Intervenor (1) has not introduced any new law or facts to show a strong likelihood of succeeding on the merits; (2) has not enumerated *any* specific irreparable injury that would occur absent a stay, especially where 27 Diversity Reports have already been disclosed without injury (and this Court determined no foreseeable harm would occur); (3) has not considered how continued delay injures Plaintiffs; and (4) has not persuasively argued the public interest weighs in its favor. Instead, it appears that Proposed Intervenor inserted itself into this case at this late hour to relitigate the Supreme Court's recent decision in *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2365 (2019), which did not control the Court's determination in this case. The Court ruled on two other independent issues, fatal to Proposed Intervenor's claim, which Proposed Intervenor conflates with the *Argus Leader* standard to revive the confidentiality prong.

Plaintiffs would like the opportunity to show the Court new arguments that a stay is unwarranted but more importantly, that a stay creates a dangerous precedent by welcoming improper intervenors to interrupt other FOIA actions and delay disclosure of records, including those records *that do not pertain to them*, in contravention of FOIA.

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court grant this Motion for Leave to File the attached Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of February 4, 2020.

| | |
|---|---|
| DATED: March 2, 2020 | Respectfully submitted,<br><br>*s/ D. Victoria Baranetsky*<br>D. Victoria Baranetsky<br>THE CENTER FOR INVESTIGATIVE REPORTING<br>1400 65th St., Suite 200<br>Emeryville, CA 94608<br>vbaranetsky@revealnews.org<br>Telephone: (510) 982-2890 |