DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
PAMELA T. JOHANN (CSBN 145558)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36045
San Francisco, California 94102
Telephone (415) 436-7025
Fax (415) 436-7234
pamela.johann@usdoj.gov

Attorneys for Defendant UNITED STATES
DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendant. | No. 19-cv-01843-KAW<br><br>**RESPONSE OF DEFENDANT DEPARTMENT OF LABOR TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE CLARIFICATION** |

Defendant Department of Labor ("DOL") respectfully submits this response to Plaintiffs' Motion for Reconsideration Or In The Alternative Clarification, Dkt. No. 60.

**A.     Background**

On March 3, 2020, Plaintiffs filed a motion for leave to file a motion for reconsideration, or in the alternative to clarify, this Court's February 4, 2020 Order ("Stay Order") granting a limited stay of its December 10, 2019 order granting summary judgment to Plaintiffs and ordering the disclosure of ten companies' withheld EEO-1 Consolidated Reports (Type 2), including the report of Proposed Intervenor Synopsys, Inc. ("Synopsys"). Dkt. No. 52. The deadline for that disclosure, following an extension that

the Court granted pursuant the parties' stipulation, was February 10, 2020. (The summary judgment order and the order extending the disclosure deadline are collectively referred to as the "Disclosure Order"). In the Court's February 4, 2020 Stay Order, the Court granted Synopsys's emergency motion to stay, ordering:

> The December 10, 2019 order is STAYED pending the resolution of the motion to intervene (Dkt. No. 48). This stay prevents the disclosure of the EEO-1 Consolidated Reports (Type 2) that was scheduled to occur on February 10, 2020, and preserves Synopsys's time to appeal the December 10, 2019 order should the motion to intervene be ultimately granted in whole or in part.

Dkt. No. 52 at 3. The Court subsequently modified the parties' proposed briefing schedule to exclude further briefing on Synopsys's emergency motion, stating that "there is no longer a motion to stay pending in either case." Dkt. No. 58 at 1.

Plaintiffs' motion for leave to file a motion for reconsideration, or in the alternative, clarification of the Court's Stay Order raises two issues: first, Plaintiffs challenge the scope of the stay, arguing that Synopsys moved to stay the Court's Disclosure Order only with respect to its own EEO-1 Report, and yet the Stay Order appears to encompass all ten companies' withheld Diversity Reports. Plaintiffs are seeking reconsideration or clarification of the Stay Order to clarify that the stay applies only to Synopsys's Diversity Report and leaves in effect the Disclosure Order with respect to the remaining nine companies' reports.

Second, Plaintiffs seek clarification of the effect of the Stay Order, arguing that while the Court can stay its order *requiring* disclosure, it cannot affirmatively *prevent* DOL from disclosing the records.

**B.  DOL's Position Regarding Plaintiffs' Motion.**

DOL does not take a position with respect to the first issue that Plaintiffs raise in their motion. DOL has declined to appeal the Court's ruling on the cross-motions for summary judgment and is prepared to comply with the Court's Disclosure Order to the extent it is not stayed. DOL does request, however, that to the extent the Court decides to limit the Stay Order to apply only to Synopsys's Report, the Court provide DOL with at least seven days before disclosure is required so that it can notify the submitters of the ordered disclosure.

With respect to the second issue, DOL joins Plaintiffs' motion to the extent that it seeks

clarification that the Court's Stay Order was intended to stay mandatory disclosure rather than prohibit discretionary disclosure. *First*, it appears from the Court's reasoning that this was, in fact, the Court's intent. Synopsys's emergency motion sought to stay the Disclosure Order and "order that the status quo be maintained." Dkt. No. 49 at 9. The Court granted the motion to stay, ordering that the Disclosure Order "is STAYED pending the resolution of the motion to intervene." Staying the Disclosure Order means only that disclosure is not required. Prior to the Disclosure Order, the status quo was that DOL was not *obligated* to disclose the documents, but there was also no *prohibition* on their release. This is because "FOIA is exclusively a disclosure statute" that prohibits only the improper "'*withholding* [of] agency records'" and does "not limit an agency's discretion to disclose information." *Chrysler Corp. v. Brown*, 441 U.S. 281, 292, 294 (1979) (quoting 5 U.S.C. § 552(a)(4)(B)) (emphasis added). Accordingly, maintaining the status quo means only that DOL would not immediately have to comply with the order *requiring* disclosure. Even if Defendant's motion for summary judgment had been granted and Plaintiffs' denied, disclosure would not have been forbidden. Staying the Disclosure Order simply preserves that status quo and cannot have the effect of creating a new restriction that did not exist *ex ante*. DOL joins Plaintiff in seeking clarification that the Stay Order is intended merely to stay its earlier Disclosure Order requiring disclosure and not to create a new restriction on disclosure.

*Second*, even if it had been the Court's intention to impose an affirmative obligation on DOL not to disclose, the Court lacks the authority to enter an order preventing disclosure in this FOIA case. To the extent that the Stay Order is read as preventing disclosure, it would be functionally an injunction against the Government, providing Synopsys relief that it did not have before the Disclosure Order. The Court does not have authority to do this in a FOIA action; FOIA allows the Court only to order, not prevent disclosure. "FOIA by itself protects the submitters' interest in confidentiality only to the extent that this interest is endorsed by the agency collecting the information," and it therefore confers no "right to enjoin agency disclosure." *Chrysler Corp.*, 441 U.S. at 293-94; *see GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 315, 378 n.2 (1980).

For these reasons, DOL respectfully requests that the Court clarify that its February 4, 2020 Stay Order, Dkt. No. 52, serves to stay its prior order requiring disclosure and does not prevent DOL from

disclosing its own records.

DATED: March 6, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for Defendant