1    D. Victoria Baranetsky (Cal. Bar No. 311892)
2    THE CENTER FOR INVESTIGATIVE
     REPORTING
3    1400 65th St., Suite 200
     Emeryville, CA 94608
4    vbaranetsky@revealnews.org
     Telephone: (510) 982-2890
5

6    Attorney for Plaintiffs

7

8

9                    **UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                        **OAKLAND DIVISION**

12   THE CENTER FOR INVESTIGATIVE          )    Case No. 4:19-cv-01843-KAW
     REPORTING and WILL EVANS,             )
13                                         )
                              Plaintiffs,  )    **PLAINTIFFS' OPPOSITION TO**
14                                         )    **PROPOSED INTERVENOR'S MOTION**
          v.                               )    **TO INTERVENE**
15                                         )
     UNITED STATES DEPARTMENT OF           )
16   LABOR,                                )
                                           )
17                              Defendant. )
                                           )
18                                         )
                                           )
19                                         )
                                           )
20                                         )
                                           )
21   _____)

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................................................II

RELIEF SOUGHT BY PLAINTIFFS ................................................................................. 1

ISSUES TO BE DETERMINED ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

I.     INTRODUCTION ..................................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................................ 2
       A.   FOIA Militates in Favor of Prompt Disclosure........................................... 2
       B.   CIR'S FOIA Request and FOIA Action. .......................................................... 2

III.   ARGUMENT ............................................................................................................ 3
       A.   Proposed Intervenor Has Not Met its Burden to Prevail on Intervention as a
       Matter of Right. ......................................................................................................... 3
            1.   Proposed Intervenor's Motion is Patently Untimely. ....................... 4
            2.   Proposed Intervenor Has Not Met its Burden to Show it Has a Significantly Protectable
            Interest in the Diversity Reports. ........................................................... 7
            3.   Proposed Intervenor Is Not Situated Such that the Disposition of this Action Will Impair
            Its Ability to Protect that Interest........................................................... 9
            4.   The Department of Labor Adequately Represented Proposed Intervenor's Interests in this
            Case. .......................................................................................................... 9
       B.   Permissive Intervention Is Likewise Inappropriate Given the Untimely Nature of
       Synopsys's Motion........................................................................................................ 12

IV.    CONCLUSION ........................................................................................................ 13

1
2

# TABLE OF AUTHORITIES

3

**CASES**

4

*100Reporters LLC v. Dep't of Justice*, 307 F.R.D. 269 (D.D.C. 2014)............................................. 8

5

*Airplane Pilots Ass'n v. U.S. Postal Serv.*, 2004 WL 5050900 (June 24, 2004).............................. 8

6

*Akina v. Hawaii*, 835 F.3d 1003 (9th Cir. 2016) ............................................................................... 3

7

*Appleton v. Food & Drug Admin.*, 310 F.Supp.2d 194 (D.D.C. 2004) ............................................ 8

8
9

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349 (9th Cir. 2013) ...................... 12

*Bradley v. Miliken*, 620 F.2d 1141 (6th Cir. 1980)......................................................................... 10

10

*California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775 (9th Cir. 1986) ............................... 9, 12

11

12

*City and County of San Francisco v. FAA*, 942 F.2d 1391 (9th Cir. 1991).................................... 10

13

*County of Fresno v. Andrus*, 622 F.2d 436 (9th Cir. 1980) ............................................................. 9

14

*Day v. Apoliona*, 505 F.3d 963 (9th Cir. 2007)............................................................................... 6

15

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ...................................................................... 7

16

*Elrod v. Burns*, 427 U.S. 347 (1976) .............................................................................................. 6

17

*Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340 (1979)............................... 2

18

*Gilmore v. Dep't of Energy*, 33 F. Supp. 2d 1184 (N.D. Cal. 1998)................................................ 2

19

*Greene v. United States*, 996 F.2d 973 (9th Cir. 1993) ................................................................... 9

20

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85 (2d Cir. 1986).................. 10

21

*League of United Latin Am. Citizens v. Wilson*, 13 F.3d 1297 (9th Cir. 1997) ................4, 7, 10, 12

22

23

*McIver v. KW Real Estate/Akron Co., LLC*, 2016 WL 8230634 (C.D. Cal. 2016)........................... 6

*Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 185 F.3d 898 (D.C. Cir. 1999) .......... 8

24

*Tocher v. City of Santa Ana*, 219 F.3d 1040 (9th Cir. 2000), *abrogated on other grounds by City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424 (2002)...................................... 5

25

26

*U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 (9th Cir. 1992).............................. 4

27

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004)....................................... passim

28

*United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285 (D.C. Cir. 1980) ...................................... 4, 10

*United States v. Oregon*, 745 F.2d 550 (9th Cir. 1984) ................................................................. 6

*United States v. Oregon*, 913 F.2d 576 (9th Cir. 1990) .......................................................1, 4, 13

*United States v. Washington*, 86 F.3d 1499 (9th Cir. 1996) ...................................................... 4, 13

**STATUTES**

5 U.S.C. § 552 ........................................................................................................................... 1

5 U.S.C. § 552(a)(6)(A)(i) ........................................................................................................ 2

5 U.S.C. § 552(a)(6)(E)(v)(II) ................................................................................................. 2

5 U.S.C. § 552(a)(8)(A) ............................................................................................................ 5

5 U.S.C. § 552(b)(4) ................................................................................................................. 1

**OTHER AUTHORITIES**

OFCCP, *Freedom of Information Act (FOIA) Frequently Asked Questions,*
   https://www.dol.gov/ofccp/regs/compliance/faqs/foiafaqs.htm .................................. 8

**RULES**

Fed. R. Civ. P. 24(a) ......................................................................................................1, 3, 4, 11

Fed. R. Civ. P. 24(b) .........................................................................................................1, 4, 12

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RELIEF SOUGHT BY PLAINTIFFS

Plaintiffs oppose Proposed Intervenor's motion to intervene and respectfully request that the Court deny it.

## ISSUES TO BE DETERMINED

Whether Synopsys, Inc. ("Proposed Intervenor" or "Synopsys") may intervene, as a matter of right or on a permissive basis.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This case concerns a Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), request submitted by Plaintiffs, Will Evans and the Center for Investigative Reporting (collectively "Plaintiffs" or "CIR"), to Defendant, the United States Department of Labor ("DOL"), for (55) fifty-five EEO-1 Type 2 Consolidated Reports ("Diversity Reports").  DOL withheld (10) ten Diversity Reports under 5 U.S.C. § 552(b)(4) ("Exemption 4"), which protects "commercial or financial information obtained from a person and privileged or confidential."  One of these ten reports is the 2016 Diversity Report for Proposed Intervenor.  On December 10, 2019, this Court ordered DOL to disclose the withheld Diversity Reports within (30) thirty days.  Dkt. No. 39.

To thwart the Court's order, on January 30, 2020, Proposed Intervenor moved to intervene, either as a matter of right under Fed. R. Civ. P. 24(a) ("Rule 24(a)") or alternatively, on a permissive basis under Fed. R. Civ. P. 24(b) ("Rule 24(b)").  Dkt. Nos. 48, 49.  Proposed Intervenor bears the burden of demonstrating that it satisfies each of Rule 24's requirements. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

Here, Proposed Intervenor cannot satisfy the requirements under either mode of intervention.  The untimely nature of the motion alone is enough to defeat intervention under either theory.  *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).  Intervention is also improper where this matter has already been *fully litigated* and where Proposed Intervenor *participated in* summary judgment proceedings by submitting a declaration in support of DOL.  Dkt. No. 24-5.

Rule 24 does not allow Proposed Intervenor a second, untimely bite at the apple when it has been on notice of the litigation for at least eight months and where the DOL fully and vigorously advanced Proposed Intervenor's interests.  Proposed Intervenor fails to meet its burden and its motion to intervene should be denied.

## II.    STATEMENT OF FACTS

### A.    FOIA Militates in Favor of Prompt Disclosure.

FOIA was enacted to ensure quick compliance with public records requests, and has an established "requirement of prompt disclosure."  *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 354 (1979).  Agencies must respond to FOIA requests within 20 business days, 5 U.S.C. § 552(a)(6)(A)(i), and FOIA creates an enforceable right to expedited processing and disclosure where, as here, a request seeks records of heightened public interest.  5 U.S.C. § 552(a)(6)(E)(v)(II).  "Congress intentionally set harsh time limits for agencies to respond to FOIA requests because it recognized that information is often useful only if it is timely."  *Gilmore v. Dep't of Energy*, 33 F. Supp. 2d 1184, 1189 (N.D. Cal. 1998).  Further delays in granting Plaintiffs these records threaten to diminish their timeliness and inhibit CIR's reporting.  Proposed Intervenor's untimely motion, brought nearly two months after the Court's order, works against FOIA's strong preference for prompt disclosure.

### B.    CIR'S FOIA Request and FOIA Action.

On January 4, 2018, Plaintiff Will Evans submitted a FOIA Request ("the Request") on behalf of CIR to DOL for 2016 Diversity Reports for 55 companies.  Dkt. No. 1-1.  DOL sent several interim responses, but failed to issue a final determination as to the Request.  Plaintiffs filed suit on April 5, 2019, seeking the immediate processing and release of all records responsive to the Request.  Dkt. No. 1. By stipulation dated July 17, 2019, the parties agreed to submit their dispute regarding this issue to the Court for resolution.  Dkt. No. 20.  During summary judgment briefing, on September 6, 2019, DOL released nine additional companies' Diversity Reports to CIR.  *See* Dkt. No. 29-5 at 51-52.  Regardless, DOL vigorously argued in favor of withholding the remaining

1    Diversity Reports from the ten federal contractors that continued to object to disclosure: Agilent

2    Technologies, Applied Materials, Box Inc., DocuSign, Equinix, Fitbit, Gilead Sciences, Oracle,

3    Synopsys, and Xilinx.  Dkt. No. 34.

4           On December 5, 2019, this Court heard oral arguments regarding DOL's motion for

5    summary judgment and CIR's cross-motion for summary judgment.  Dkt. No. 38.  On December

6    10, 2019, this Court issued an order denying DOL's motion for summary judgment and granting

7    CIR's cross-motion for summary judgment, as well as ordering DOL to disclose the ten withheld

8    Diversity Reports by January 10, 2020.  Dkt. No. 39 at 12.  Plaintiffs stipulated on December 20,

9    2019 to extend the disclosure date until February 10, 2020 in order to provide the government

10   adequate time to determine whether to appeal the judgment.  Dkt. No. 41 at 2.  On January 30,

11   2020, Proposed Intervenor Synopsys moved for an emergency stay as well as moving to intervene,

12   either as of right or alternatively, on a permissive basis.  Dkt. Nos. 48, 49.  On February 4, 2020,

13   this Court issued an order staying the disclosure of Diversity Reports pending resolution of

14   Synopsys's instant motion to intervene.  Dkt. No. 52.

15   **III.    ARGUMENT**

16       **A.      Proposed Intervenor Has Not Met its Burden to Prevail on Intervention as a
                   Matter of Right.**

17

18          This Circuit requires a party seeking to intervene under Rule 24(a) to "(1) timely move to

19   intervene; (2) demonstrate a significantly protectable interest relating to the property or transaction

20   that is the subject of the action; (3) be situated such that the disposition of the action may impair or

21   impede the party's ability to protect that interest; and (4) not be adequately represented by existing

22   parties."  *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016) (internal quotations and cites

23   omitted).  A Proposed Intervenor bears the burden of meeting these requirements.  *United States v.*

24   *Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).  Here, Proposed Intervenor cannot satisfy

25   *any* of these factors.  The untimely nature of its motion and the fact that DOL more than adequately

26   represented its interests are fatal to its motion to intervene.

27

28

1

### 1.    Proposed Intervenor's Motion is Patently Untimely.

In this Circuit, "[t]imeliness is the threshold requirement for intervention." *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).  When a motion is found to be untimely, the court may stop its analysis there and simply deny the motion. *Id.* at 589 ("Because we affirm the district court's decision that the . . . motion was not timely, we need not reach any of the remaining elements of the test set forth in Rule 24.").  In this Circuit, courts considering whether a Rule 24(a) or Rule 24(b) motion to intervene is timely evaluate three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (citations omitted).

Here, Proposed Intervenor (1) seeks intervene at a late stage of the proceedings, (2) ignores the prejudice to Plaintiffs that would result from this intervention, and (3) makes no attempt to explain its delay.  Neither Rule 24(a) nor this Circuit's precedent permit such gamesmanship. Because timeliness is a threshold question in this Circuit, *United States v. Oregon*, 913 F.2d at 588, the untimely nature of this motion is alone enough to defeat it.

### a.  Intervention is improper at this late stage of the proceedings.

Intervention is improper, according to the case law of this Circuit, where the proceedings are in a late stage and especially if the Court has already reached a decision. *See Alisal Water Corp.*, 370 F.3d at 921 (affirming denial of motion to intervene when "motions for partial summary judgment as to the bulk of the claims . . . were scheduled for next week"); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (finding that intervention was not appropriate when "a lot of water had already passed underneath . . . [the] litigation bridge."); *United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996) (affirming denial of motion to intervene when Intervenor sought to intervene long after "final decision" during "[t]he period of final implementation"); *see also United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1294 (D.C. Cir. 1980) (concluding that a intervention would have been untimely had the putative intervenor sought "to intervene for the purpose of presenting evidence or argument *following* the Special

Masters' second order.") (emphasis added).  Timeliness under Rule 24 is also "assessed in relation to the specific purpose that intervention will serve."  *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980).  In *Alisal Water*, the court noted that "a party's seeking to intervene merely to attack or thwart a remedy rather than participate in future administration of the remedy is disfavored."  370 F.3d at 922.

Here, according to the rule of this Circuit, Proposed Intervenor's motion must fail.  First, Proposed Intervenor enters this case at the latest stage of the proceedings.  Over the course of the past eight months, Proposed Intervenor watched, without complaint, the DOL ably litigate this case on its behalf.  Only now, more than a month after this Court issued a decision in Plaintiffs' favor, Dkt. No. 39, and after the Court extended the government's timeline to comply with its decision by (30) thirty days, Dkt. No. 42, has Synopsys sought to intervene in this case.  Proposed Intervenor relies on *Tocher v. City of Santa Ana,* 219 F.3d 1040 (9th Cir. 2000) to support its argument that intervention is timely because the allotted time for DOL to appeal the case had not yet lapsed when it did so, Dkt. No 48 at 8, but Proposed Intervenor ignores the crucial fact that in that case, the Intervenor *had also* "**attempted to intervene before the litigation in the district court was complete**."  219 F.3d 1040, 1045 (9th Cir. 2000), *abrogated on other grounds by City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424 (2002) (emphasis added).  In contrast, rather than seeking to intervene early in the proceedings, Synopsys waited until just over one week before Plaintiffs were due to receive the records to bring this motion.  This is underscored by the fact that the Court has already issued an order.

Moreover, Proposed Intervenor's "specific purpose" for intervention also leans in favor of the Court denying the motion.  Proposed Intervenor attacks the remedy awarded to Plaintiffs under their FOIA claim, and even the administration of the statute itself, stating "each individual company – and not the government – [should] decide[] whether or not this data should be released[.]" Dkt. No. 48-2 at 7.  Transferring decision-making under FOIA wholesale to a private party would be a clear violation of federal law, which endows the relevant federal agency with this authority.  *See* 5 U.S.C. § 552(a)(8)(A).  Synopsys's belated attempt to intervene, seemingly for the improper purposes of re-litigating the issues already decided in this case, unmaking FOIA caselaw,

and creating piecemeal litigation for all parties, as well as causing disclosure delay for Plaintiffs who have been waiting *years* for disclosure, should be denied.

### b. Granting Proposed Intervenor's motion would impermissibly prejudice Plaintiffs.

Second, granting Proposed Intervenor's motion to intervene would severely prejudice Plaintiffs, who require prompt access to the information at issue to report on matters of public concern.  Under Ninth Circuit precedent, timeliness turns on "prejudice to the existing parties, which has been termed 'the most important consideration in deciding whether a motion for intervention is untimely.'"  *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (quoting Wright & Miller, Federal Practice & Procedure 575, § 1916 (1972)) (noting potential intervenor "disclaimed any intent to relitigate matters which have previously been litigated").  Interventions occurring long after litigation has significantly progressed have been found to be prejudicial to parties, particularly when intervention will complicate and delay relief.  *See Alisal Water*, 370 F.3d at 923; *McIver v. KW Real Estate/Akron Co., LLC*, 2016 WL 8230634 at *3 (C.D. Cal. 2016).

Synopsys's belated effort to intervene is especially prejudicial to Plaintiffs, a news organization and reporter, who requested these records for time-sensitive, newsgathering purposes. Plaintiffs intend to publish a news story based on these reports but are thwarted from doing so. Proposed Intervenor could have joined these proceedings earlier and let the Court be made aware of its concerns.  Instead, this ongoing delay engendered by Proposed Intervenor's untimely motion harms Plaintiffs' abilities to perform their constitutionally recognized role of informing the public about matters of public concern.  As the Supreme Court has recognized in the context of access under the First Amendment, "[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury."  *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (citation omitted).  Thus, intervention is improper where it is prejudicial to the existing parties and prejudice could have been avoided by earlier action.  *See Day v. Apolonia*, 505 F.3d 963, 965 (9th Cir. 2007).

### c. Proposed Intervenor fails to adequately explain its delay in bringing this motion.

1    Proposed Intervenor's motion should be denied where it fails to explain the reason for the

2    lengthy delay and instead offers reasons which are inconsistent with its participation in the

3    litigation.  *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir.

4    1997) (specifically disapproving of the Intervenor's failure to explain the reason for its delay in

5    bringing its Rule 24 motion, finding it "even more damaging to [the Proposed Intervenor's]

6    motion" than the underlying delay).

7    Here, as in *Wilson*, Proposed Intervenor's motion should be denied because it fails to

8    explain its reason for bringing a delayed motion.  Proposed Intervenor submitted the Declaration of

9    Sarah Lee, Vice President, Human Resources, at Synopsys, Dkt. No. 48-2, which is substantially

10   similar to Ms. Lee's declaration filed by the DOL on August 23, 2019, in connection with

11   summary judgment proceedings in this matter.  *See* Dkt. No. 24-5.  The Declaration gives no

12   explanation for its delay.  *See generally* Dkt. No. 48-2.  While Proposed Intervenor asserts that its

13   motion is timely because the government "just" notified Synopsys that it will not be appealing,

14   Dkt. No. 48 at 7, Proposed Intervenor has been on notice of the litigation for at least eight months,

15   and has been on notice of the ruling in favor of Plaintiff since December 10, 2019.  Dkt. No. 39.

16   Instead of intervening months ago, Proposed Intervenor permitted the government to fully

17   represent its interests in this matter, participated in the summary judgment process by submitting a

18   declaration, and waited for more than a month after the Court issued its ruling to argue duplicative

19   arguments.  Together, these actions make intervention wholly improper.

20                           **2.      Proposed Intervenor Has Not Met its Burden to Show it Has a
21                                      Significantly Protectable Interest in the Diversity Reports.**

22   In this Circuit, intervention as a matter of right requires that a proposed intervenor

23   demonstrate a "'*significant* protectable interest' relating to the property or transaction that is

24   subject of the action."  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (quoting *Cabazon*

25   *Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997)) (emphasis added).

26   Proposed Intervenor cites *100Reporters LLC v. U.S. Dep't of Justice* for the proposition that

27   "preventing the disclosure of commercially sensitive and confidential information is a well-

28

1    established interest sufficient to justify intervention under Rule 24(a)," Dkt. No. 48 (citing

2    *100Reporters LLC v. Dep't of Justice*, 307 F.R.D. 269, 275 (D.D.C. 2014)), but provides no

3    evidence that its interest is "significant" or "well-established," as required by *this* Circuit.

4    Proposed Intervenor cites no Ninth Circuit case law that supports its claim.

5           Furthermore, *100Reporters* and the cases it cites for the above discussed-proposition—all

6    cases arising in the D.C. Circuit—concerned information that was without question commercial

7    and confidential.  *Cf. 100Reporters*, 307 F.R.D. at 275 (concerning "sensitive commercial

8    information about Siemens's compliance programs, business operations, and internal controls");

9    *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 185 F.3d 898, 901 (D.C. Cir. 1999)

10   (concerning "all documents concerning pre-clinical and clinical studies for all prescription drugs"

11   where safety concerns or serious side effects led to "discontinuance of the clinical trials");

12   *Appleton v. Food & Drug Admin.*, 310 F.Supp.2d 194, 197 (D.D.C. 2004) (concerning applications

13   to the FDA for new drugs "allegedly contain[ing] trade secrets"); *Airplane Pilots Ass'n v. U.S.*

14   *Postal Serv.*, 2004 WL 5050900, at *1 (June 24, 2004) (concerning FedEx's "pricing and rate

15   information" and "operational details and specifications[.]").

16          The information at issue here is also does not qualify as having a *significant* protectable

17   interest.  This Court previously decided that the information at issue—a high-level tally of a

18   company's overall diversity by generic job category submitted on a required government form—

19   was not commercial, and so there is no significant protectable interest.  In fact, the weight of case

20   law and OFCCP's own policies, *see* OFCCP, *Freedom of Information Act (FOIA) Frequently*

21   *Asked Questions*, https://www.dol.gov/ofccp/regs/compliance/faqs/foiafaqs.htm (stating "[t]he

22   EEO-1 data received by OFCCP are subject to the provisions of FOIA"), militate in favor of

23   classifying Diversity Reports as noncommercial and not confidential under *Argus Leader*, a

24   conclusion this Court reached.  Dkt. No. 39 at 10.  Where information is not commercial nor

25   confidential, a Proposed Intervenor cannot in earnest claim that it "seeks to intervene in order to

26   protect its confidential business information," let alone a significant protectable interest.  Dkt. No.

27   48 at 5.

28

**3.      Proposed Intervenor Is Not Situated Such that the Disposition of this Action Will Impair Its Ability to Protect that Interest.**

In the absence of a "significant protectable interest," the third factor of intervention as of right analysis cannot be met.  Indeed, when a court in this Circuit finds no such interest, it need not proceed to analyzing whether the disposition of the action will impair the Proposed Intervenor's ability to protect that interest, because, as a logical matter, no such interest exists.  *See Greene v. United States*, 996 F.2d 973, 987 (9th Cir. 1993) (affirming district court's denial of Proposed Intervenor's motion to intervene as of right after concluding that Proposed Intervenor lacked a significantly protectable interest).  Because Proposed Intervenor lacks a significant protectable interest in Diversity Reports, there is no relevant interest to protect, and it fails on this factor.

**4.      The Department of Labor Adequately Represented Proposed Intervenor's Interests in this Case.**

Proposed Intervenor claims that its interests were not adequately represented by DOL, a claim inconsistent with the record before the Court, and one that this Court expressed doubt about in its order.  *See* Dkt. No. 52 at 3.  In determining whether a putative intervenor's interest is adequately represented by other parties, the Ninth Circuit looks to "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect."  *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).  Classic situations demonstrating inadequate representation include where the intervenor has conflicting interests with the party or must encourage a party to litigate in the first place.  *See County of Fresno v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980).  The argument that, "with the benefit of hindsight, [Synopsys] would have argued its interests more vigorously than existing parties do[es] not amount to a showing of inadequate representation of its interests."  *Tahoe Reg'l*, 792 F.2d at 778.

In general, courts "must" consider "the specific purpose that intervention will serve[,]" *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980), and find that a party

9

1   making duplicative arguments is an insufficient purpose for intervention.  For instance, in *Bradley*

2   *v. Miliken*, the Sixth Circuit allowed intervention as of right only "for the limited purpose of

3   presenting evidence on a question *not previously litigated in the district court*."  620 F.2d 1141,

4   1142 (6th Cir. 1980) (emphasis added).  The court then further explained, it would not have

5   allowed intervention for the purpose of "relitigation of [an] issue" already argued by the parties and

6   decided by the court.  *Id.*  This Circuit has taken a similar tack, holding that where parties have the

7   same "interests" or "incentives" in the particular proceeding, intervention is not appropriate.  *City*

8   *and County of San Francisco v. FAA*, 942 F.2d 1391, 1401 (9th Cir. 1991) (citing *id.*).  In *San*

9   *Francisco v. FAA*, because both parties shared an overall, common interest in "supporting [a] 1978

10  noise regulation," so the court affirmed the denial of "full intervenor status" for the proposed

11  intervenor.  *Id.*  And while "issues relating to the appellate process create a divergence of interests

12  between the party representing the would-be intervenor's interest and the would-be intervenor[,]"

13  *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 88 (2d Cir. 1986), that only

14  is applicable where it is appropriate to appeal those issues actually argued.

15          Here, Synopsys seeks to intervene in order to re-litigate issues not decided by this court.

16  Synopsys intervenes to re-argue the confidential prong of *Argus Leader* but that is not what the

17  Court decided on.  It decided on commerciality and foreseeable harm: two issues which were

18  thoroughly argued by the government.  Synopsys fails to demonstrate that DOL inadequately

19  represented its interests before this Court such that it should be given an opportunity to relitigate

20  the issues.  As in *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir.

21  1997), in which the court denied a Rule 24(a) motion to intervene, Defendant DOL "vigorously

22  and professionally" advanced Synopsys's interests, making *precisely the same arguments* Proposed

23  Intervenor seeks to make here.  *Compare* Dkt. No. 24 at 14-15 (describing industry declarations in

24  support of its argument that Diversity Reports are commercial) *with* Dkt. No. 48 at 7 ("Synopsys is

25  equipped with its own industry-specific experience and knowledge to support its contention that

26  the information is commercial.").  DOL's interest in withholding these reports was aligned with

27  Synopsys's interest in the same, demonstrated by the shared goal of withholding these reports.  *See*

28  *San Francisco v. FAA*, 942 F.2d at 1401.  DOL argued both in its opening brief, its reply brief, and

10

1    at oral argument that Diversity Reports were commercial in nature, *see* Dkt. Nos. 24, 34, 38, and

2    many of government's supporting affidavits attest to the commercial nature of the EEO-1 reports.

3    *See* Dkt. Nos. 24-1, 24-2, 24-3, 24-6, 24-8, 24-9, 24-10, 24-11.

4         Proposed Intervenor makes claims about Diversity Reports which directly echo the

5    arguments made by DOL and summarily rejected by this Court: its declarant repeatedly makes

6    references to employee privacy and keeping this information secret to protect how individual

7    employees self-identify, Dkt. No. 48-2 at 6, concerns similar to those expressed by DOL, Dkt. No.

8    24 at 17, but the Diversity Reports at issue contain *no personally identifying data*, an undisputed

9    fact which this Court noted in its order.  Dkt. No. 39 at 6-7.  To the extent that more granular EEO-

10   1 forms, such as EEO-1 Type 3 and 4 Reports, contain personally identifying data, as the declarant

11   emphasizes, Dkt. No. 48-2 at 4, this is irrelevant to this case since Plaintiffs never requested these

12   forms—the issue of whether Exemption 4 would apply to this more granular data is not before the

13   Court.  Proposed Intervenor's declarant also speculates at length about potential poaching of its

14   diverse talent, Dkt. No. 48-2 at 5, but once again, this Court squarely rejected that argument, also

15   reflected in many of DOL's affidavits, noting that "[t]he Court finds the claim that the EEO-1

16   reports would make it easier for competitors to lure away talent to be dubious[.]"  Dkt. No. 39 at 8.

17   DOL made these same arguments, and did so vigorously.  The fact that this Court rejected those

18   claims does not mean that DOL failed to adequately represent Synopsys's interests in this case.

19        The government also directly represented Proposed Intervenor's interests to the Court by

20   filing and relying on the declaration of Sarah Lee, Dkt. No. 24-5, during summary judgment.  Ms.

21   Lee's declaration was one of the longest submitted by the government in an attempt to justify its

22   withholdings, *see id.*, and Proposed Intervenor's counsel for that initial declaration are the same as

23   those who now represent it in its effort to intervene.  Proposed Intervenor's claim that, at the time

24   the declaration was submitted, it believed "the parties' dispute would turn on the question of

25   whether the EEO-1 Report data is 'confidential[,]'" Dkt. No. 48 at 7, rather than turning on

26   commerciality, is irrelevant to the question of whether DOL adequately represented its interests,

27   and as discussed above, DOL argued vigorously in favor of characterizing Diversity Reports as

28   commercial at every stage of the litigation.  The proposed intervention is akin to the one at issue in

11

1   *Tahoe Regional*, in which the Ninth Circuit affirmed the denial of Rule 24(a) motion to intervene

2   because the Proposed Intervenor's "assertion, with the benefit of hindsight, that it would have

3   argued its interests more vigorously than existing parties d[id] not amount to a showing of

4   inadequate representation of its interests." 792 F.2d 775, 779 (9th Cir. 1986).  If Proposed

5   Intervenor now believes, "with the benefit of hindsight," *id.*, that they could have submitted more

6   information concerning whether Synopsys's data was "commercial," Dkt. No. 48 at 6, that failure

7   is entirely of the company's own making, not due to any inadequate representation of its interests

8   on the part of the government.  *Cf. Tahoe Reg'l*, 792 F.2d at 778.

9          Proposed Intervenor's intervention motion should be denied because Synopsys seeks

10  nothing more than a chance to re-litigate an issue where its interests were fully represented the first

11  time.  Synopsys had—and took advantage of—the opportunity to submit a declaration in support of

12  the government's arguments on summary judgment, and the agency vigorously fought against the

13  disclosure of the records at issue.  Its belated, *post hoc* desire to tweak DOL's litigation strategy is

14  not grounds for intervention.

15         **B.      Permissive Intervention Is Likewise Inappropriate Given the Untimely Nature
               of Synopsys's Motion.**

16
17         The Court should likewise deny Proposed Intervenor's motion for discretionary

18  intervention.  Rule 24(b) permits courts to grant intervention when a party shows "(1) an

19  independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

20  fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce*

21  *Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (quotation and cite omitted).

22  Untimeliness is assessed even "more strictly" with respect to permissive interventions.  *League of*

23  *United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).

24         Here, as discussed above, the patently untimely nature of Synopsys's motion is fatal to its

25  24(b) motion to intervene. When considering a motion for permissive intervention, courts in this

26  Circuit "analyze the timeliness element more strictly than [they] do with intervention as of right."

27  *Id.* at 1308 (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).  Additionally, "[a]

28  finding of untimeliness defeats a motion for permissive intervention." *United States. v.*

1  *Washington*, 86 F.3d 1499, 1507 (9th Cir. 1996) (citing *United States v. Oregon*, 913 F.2d 576, 589

2  (9th Cir. 1990)).  Based on the clearly untimely nature of Proposed Intervenor's motion, as

3  discussed above, its motion in the Rule 24(b) context is similarly defeated.

4  And while Proposed Intervenor's "reverse FOIA crossclaim against DOL" establishes

5  federal question jurisdiction, Dkt. No. 48 at 9, the commonalities of law and fact, chiefly "whether

6  the EEO-1 Reports contain data that is commercial in nature and confidential . . . [under]

7  Exemption 4," *id.* at 10, merely underscore the fact that Synopsys seeks to re-litigate this case by

8  raising duplicative arguments to those issues raised by Defendant previously and decided by this

9  Court.  Regardless, the fact that timeliness is a threshold question in Rule 24 analysis, *United*

10  *States v. Oregon*, 913 F.2d at 588, and the stricter standard for timeliness in the context of

11  permissive intervention under Rule 24(b), make the untimely nature of Synopsys's motion utterly

12  fatal to its motion for permissive intervention.

13

14  **IV.    CONCLUSION**

15  For the foregoing reasons, Proposed Intervenor's motion to intervene, either as of right or

16  on a permissive basis, should be denied, and the Court's order, Dkt. No. 39, should stand.

17

18

19

20  DATED:  March 10, 2020                Respectfully submitted,

21

22                                      By:  /s/ *D. Victoria Baranetsky*
                                        D. Victoria Baranetsky (SBN 311892)
23                                      THE CENTER FOR INVESTIGATIVE REPORTING
                                        1400 65th St., Suite 200
24                                      Emeryville, CA 94608
                                        Telephone: (510) 809-3160
25                                      Email: vbaranetsky@revealnews.org

26                                      Attorney for Plaintiffs

27

28