1    DAVID L. ANDERSON (CABN 149604)
     United States Attorney
2    SARA WINSLOW (DCBN 457643)
     Chief, Civil Division
3    PAMELA T. JOHANN (CSBN 145558)
     Assistant United States Attorney
4
          450 Golden Gate Avenue, Box 36045
5         San Francisco, California 94102
          Telephone (415) 436-7025
6         Fax (415) 436-7234
          pamela.johann@usdoj.gov
7
     Attorneys for Defendant UNITED STATES
8    DEPARTMENT OF LABOR

9

10                           UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                                  OAKLAND DIVISION

13

14   THE CENTER FOR INVESTIGATIVE            )   No. 19-cv-01843-KAW
     REPORTING and WILL EVANS,               )
15                                           )   **RESPONSE OF DEFENDANT DEPARTMENT**
              Plaintiffs,                    )   **OF LABOR TO PROPOSED INTERVENOR**
16                                           )   **SYNOPSYS'S MOTION FOR LEAVE TO**
         v.                                  )   **INTERVENE**
17                                           )
     UNITED STATES DEPARTMENT OF             )   Date:        May 7, 2020
18   LABOR,                                  )   Time:        1:30 p.m.
                                             )   Courtroom:  To Be Determined
19            Defendant.                     )
     _____)   The Hon. Kandis A. Westmore

20

21

22

23

24

25

26

27

28

DOL'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE
19-cv-01843-KAW

1

## TABLE OF CONTENTS

2

TABLE OF AUTHORITIES .................................................................................................. ii

3   I.      INTRODUCTION ................................................................................................. 1

4   II.     STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

5   III.    FACTUAL BACKGROUND ............................................................................... 2

6   IV.     ARGUMENT ....................................................................................................... 3

7           A.      Legal Framework ..................................................................................... 3

8           B.      Synopsys's Motion Is Untimely ............................................................. 4

9           C.      Intervention For Purposes Of Appeal Is Improper Because Synopsys Does Not
                    Have The Right To Challenge A FOIA Judgment In The Absence Of The
10                  Government As A Party ........................................................................... 8

11                  1.      There Is No Jurisdictional Basis For Synopsis To Appeal Because
                            FOIA Does Not Provide Third Parties The Right To Enjoin Agency
12                          Disclosure. ................................................................................... 8

13                  2.      Intervention for Purposes Of Appeal Is Improper Because Synopsis
                            Would Not Have Standing On Appeal ......................................... 10

14
            D.      Synopsys Does Not Otherwise Satisfy The Criteria For Intervention As A
15                  Matter Of Right Or Permissive Intervention. ...................................... 12

16                  1.      Synopsys Has Not Established That It Is Entitled To Intervention As
                            Of Right Under Rule 24(a). ........................................................ 12

17
                    2.      Synopsys Has Not Established That It Is Entitled To Permissive
18                          Intervention Under Rule 24(a). .................................................. 14

19   V.      CONCLUSION .................................................................................................. 15

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Alaniz v. Tillie Lewis Foods*, 572 F.2d 657 (9th Cir. 1978)........................................................ 4

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ............................................... 10

*ASARCO Inc. v. Kadish*, 490 U.S. 605 (1989)........................................................................... 12

*Bender* v. *Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) ................................................. 13

*Calvert v. Huckins*, 109 F.3d 636 (9th Cir. 1997)........................................................................ 4

*Center for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 93 F. Supp. 2d 1 (D.D.C. 2000)....... 8, 10

*Chrysler Corp. v. Brown*, 441 U.S. 281 (1979)..................................................... 8, 9, 12, 15

*Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011).................... 4, 13

*Detention Watch Network v. Corrections Corp. of America*,
    No. 16-3141, 2017 WL 4122728 (2d Cir. 2017) ............................................................ 12

*Diamond v. Charles*, 476 U.S. 54 (1986) ...................................................................... 9, 11, 13

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ................................................................ 4

*Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019)............................. 7, 8, 10, 11

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728 (D.C. Cir. 2003) ........................................... 13

*Gaboratory, Inc. v. Gaboratory Int'l, Inc.*, 07-cv-04725-MMM,
    2008 WL 11406057 (C.D. Cal. Oct. 20, 2008)................................................................. 5

*GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375 (1980)....................... 9, 15

*John Doe #12 v. Veneman*, 380 F.3d 807 (5th Cir. 2004) .......................................................... 8

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ...................... 14

*Legal Aid Soc. of Alameda County v. Brennan*, 608 F.2d 1319 (9th Cir. 1979)..................... 4, 10

*LLC v. U.S. Dep't of Justice*, 307 F.R.D. 269........................................................................ 12, 13

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010).................................................. 11

*Pac. Architects & Engineers Inc. v. U.S. Dep't of State*, 906 F.2d 1345 (9th Cir. 1990)........... 6

*Public Citizen Health Research Group v. FDA*, 704 F.2d 1280 (D.C. Cir. 1983) ...................... 7

*SEC* v. *Prudential Sec. Inc.*, 136 F.3d 153 (D.C. Cir. 1998) ................................................... 13

*Tocher v. City of Santa Ana*, 219 F.3d 1040 (9th Cir. 2000) ............................................... 5, 6

*U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 (9th Cir. 1992) ......................... 4

1  *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) ................................................ 4

2  *United States v. Alisa Water Corp.*, 370 F.3d 915 (9th Cir. 2004) ............................... 13

3  *Williams v. Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72 (D.C. Cir. 1988) ........... 13

4  *Yeager v. AT & T Mobility, LLC*, No. 07-cv-2517-KJM,
   2013 WL 1190138 n.2 (E.D. Cal. Mar. 21, 2013) .................................................. 5

5

6  *Yniguez v. Mofford*, 130 F.R.D. 410 (D. Ariz.1990) ............................................. 4

7  *Yniguez v. State of, California*, 939 F.2d 727 (9th Cir. 1991) ................................ 11

8  **Statutes**

9  5 U.S.C. § 552(b) ...................................................................................... 8

10  5 U.S.C. § 552(b)(4) ................................................................................. 2

11  **Rules**

12  Fed. R. Civ. Proc. 8(a) ............................................................................. 13

13  Fed. R. Civ. Proc. 8(b)(1)(A) .................................................................... 13

14  Fed. R. Civ. Proc. 24 ............................................................................... 13

15  Fed. R. Civ. Proc. 24(a) ............................................................................ 1

16  Fed. R. Civ. Proc. 24(a)(2) ........................................................................ 3

17  Fed. R. Civ. Proc. 24(b) ...................................................................... 2, 4, 14

18  Fed. R. Civ. Proc. 24(b)(1)(B) .................................................................... 4

19  Fed. R. Civ. Proc. 24(c) ............................................................................ 13

20  Fed. R. Civ. Proc. 24(b) ...................................................................... 2, 4, 14

21  **Other Authorities**

22  Brief for the United States as *Amicus Curiae* Supporting Petitioner,
    *Food Marketing Inst. v. Argus Leader*, 139 U.S. 2356 (No. 18-481), 2019 WL 929184 ............. 10, 11

23

24  Brief for Respondent Argus Leader Media,
    *Food Marketing Inst. v. Argus Leader*, 139 U.S. 2356 (No. 18-481),2019 WL 1310225 ............ 10

25

26

27

28

**I.     INTRODUCTION**

1

2       This Freedom of Information Act ("FOIA") case, filed nearly a year ago, was closed in

3  December 2019, after the Court granted summary judgment and entered judgment in Plaintiffs' favor.

4  Over the course of nearly three months from August to November 2019, the parties extensively briefed

5  cross-motions for summary judgment on the single issue in this case—whether the EEO-1 Diversity

6  Reports submitted to the Department of Labor ("DOL") by ten companies, including Proposed

7  Intervenor Synopsys, Inc. ("Synopsys"), were protected from disclosure by FOIA Exemption 4.

8  Synopsys and its co-submitters were all involved in the litigation process.  They each provided lengthy

9  declarations setting forth facts supporting the applicability of Exemption 4 to their documents.

10  Synopsys submitted the declaration of Sarah Lee, a Vice President of Human Resources who has

11  worked at the company for 19 years.  Dkt. No. 24-5.  Ms. Lee discussed at length the content of the

12  EEO-1 Reports and their use and treatment by Synopsys.  On December 10, 2019, following a hearing,

13  this Court denied DOL's motion for summary judgment and granted Plaintiffs' cross-motion.  Finding

14  the EEO-1 Reports not protected by Exemption 4, the Court ordered their disclosure to Plaintiffs.  The

15  Court entered judgment in favor of Plaintiffs and closed the case.  DOL declined to appeal and accepted

16  this decision alongside nine of the ten EEO-1 submitters.

17       Synopsys did not.  It was apprised of all case developments over the course of the litigation but

18  remained a non-party while DOL took the lead on all issues of litigation strategy and decision-making.

19  Only now, months post-judgment, is Synopsys seeking to intervene in this action.  Post-judgment

20  intervention is disfavored in this Circuit, but Synopsys is asking this Court to allow it—and to re-open

21  district court proceedings—so that Synopsys can seek reconsideration of the Court's final decision and

22  litigate a brand-new claim brought under a different statutory framework, the Administrative Procedure

23  Act.  Synopsys also seeks to appeal the Court's FOIA summary judgment ruling, even though as a

24  private party it has no right to bring an action to enforce Exemption 4.  The Court should not sanction

25  Synopsys's belated attempt to prolong this litigation through piecemeal claims that subvert the finality

26  of the Court's ruling.  DOL respectfully requests that the Court deny Synopsys's motion to intervene.

**II.    STATEMENT OF ISSUES TO BE DECIDED**

27

28       Is Synopsys entitled to intervene as of right in this matter pursuant to Federal Rule of Civil

1   Procedure 24(a)?  Alternatively, should Synopsys be permitted to intervene in this matter pursuant to

2   Federal Rule of Civil Procedure 24(b)?

3   **III.     FACTUAL BACKGROUND**

4          On January 4, 2018, Plaintiffs the Center for Investigative Reporting and Will Evans submitted a

5   FOIA request to DOL seeking the 2016 EEO-1 Consolidated Report (Type 2) for 55 companies.[1]

6   Pursuant to DOL's regulations, it notified the submitters that their business information was the subject

7   of a FOIA request, and 20 companies objected to the disclosure.  DOL withheld the documents of the

8   objecting submitters under FOIA Exemption 4, 5 U.S.C. § 552(b)(4) ("Exemption 4").  Plaintiffs filed

9   this action on April 9, 2019, seeking to compel disclosure of the withheld documents.  Dkt. No. 1.  Some

10  of the objecting submitters voluntarily released the EEO-1 reports at different stages of the

11  administrative and litigation process, but ultimately DOL withheld the EEO-1 reports of ten companies

12  pursuant to Exemption 4, including Proposed Intervenor Synopsys.

13         The parties filed cross-motions for summary judgment.  On December 10, 2019, the Court

14  granted Plaintiffs' motion and denied Defendant's, finding that DOL had not shown that the EEO-1

15  reports satisfied Exemption 4's requirement that the information be commercial.  Specifically, the Court

16  held that "in light of the absence of information pertaining to specific positions or departments, the

17  Court finds that the Government has failed to make a showing that the demographic information

18  contained in the EEO-1 reports is commercial.  As a result, the Government was not justified in applying

19  Exemption 4 to the EEO-1 reports, and they must be produced unredacted."  Dkt. No. 39 at 10.  The

20  Court ordered DOL to produce the documents within 30 days of that Order.  *Id.* at 12.  Judgment was

21  entered in favor of Plaintiffs, Dkt. No. 40, and the matter was closed on December 10, 2019.

22         The parties stipulated to extend the production deadline to 60 days—to February 10, 2020—to

23  align that date with the deadline for filing an appeal, and the Court entered an order to that effect.  Dkt.

24  No. 42 On January 28, 2020, DOL informed the submitters that it would not appeal the Order and would

25  comply with the Court's disclosure order, ending this litigation.  Declaration of Pamela T. Johann

26  ("Johann Decl.") ¶ 4 & Ex. A.  Two days later, Synopsys filed the present motion to intervene, Dkt. No.

27

28         _____
           [1] The procedural and factual background is set forth more fully in DOL's summary judgment
    briefing.  *See* Dkt. No. 24 at 7-10.  It is repeated here in summary form.

1    48, as well as an emergency motion to stay the order requiring disclosure.  Dkt. No. 49.  At the same

2    time, Synopsys filed a new, separate "reverse-FOIA" action, seeking to prevent DOL from producing

3    the EEO-1 report.  *Synopsys v. DOL*, No. 20-cv-00693, Dkt. No. 1.[2]  The reverse-FOIA action was

4    originally assigned to Judge Beeler but reassigned to this Court following an order relating the cases.

5    Dkt. No. 56.

6         On January 31, 2030, the Court granted the emergency stay motion, staying the December 10,

7    2019 order pending the resolution of the motion to intervene.[3]  Dkt. No. 52 at 3.   The Court noted that

8    after a "cursory review of the pending motion to intervene," it was inclined to deny the motion to the

9    extent it seeks to intervene to relitigate matters decided in the December 10, 2019 order but inclined to

10   allow intervention for purposes of appeal.  Dkt. No. 52 at 3.  Pursuant to stipulation, the Court ordered a

11   briefing schedule for the present motion and the anticipated cross-motions for summary judgment in the

12   parallel reverse-FOIA action.  Dkt. No. 58.  Pursuant to that schedule, Synopsys filed its motion for

13   summary judgment in that case on March 3, 2020.  *Synopsys*, Dkt. No. 19.

14   **IV.    ARGUMENT**

15        A.    **Legal Framework**

16        Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must

17   permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the

18   subject of the action, and is so situated that disposing of the action may as a practical matter impair or

19   impede the movant's ability to protect its interest, unless existing parties adequately represent that

20   interest."  Rule 24(c) requires that "[a] motion to intervene must be served on the parties as provided in

21   Rule 5.  The motion must state the grounds for intervention and be accompanied by a pleading that sets

22   out the claim or defense for which intervention is sought."

23

24   _____

25        [2] Record citations to documents filed in the reverse-FOIA action will be noted as "*Synopsys*,
     Dkt. No. ___."  Record citations to documents filed in the instant action will be noted as "Dkt. No. ___"
     or "*CIR*, Dkt. No. ___."

26
         [3] Plaintiffs have moved for leave to move for reconsideration or in the alternative clarification of
27   the stay order on the ground that it should be limited to Synopsys's EEO-1 Report and should be read to
     stay the requirement to disclose, but not prevent the disclosure of, the documents.  Dkt. No. 60.  DOL
28   has joined the request to clarify that the effect of the order is to stay the required disclosure only.  Dkt.
     No. 62.

1    To intervene as of right, an applicant must establish the following: "(1) the intervention

2    application is timely; (2) the applicant has a significant protectable interest relating to the property or

3    transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter,

4    impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not

5    adequately represent the applicant's interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*,

6    647 F.3d 893, 896–97 (9th Cir. 2011) (internal citations omitted).  "While an applicant seeking to

7    intervene has the burden to show that these four elements are met, the requirements are broadly

8    interpreted in favor of intervention." *Id.*

9    Federal Rule of Civil Procedure 24(b) governs permissive intervention.  That provision

10    authorizes a court to permit intervention to anyone who "has a claim or defense that shares with the

11    main action a common question of law or fact.  Fed. R. Civ. Proc. 24(b)(1)(B).  Three requirements must

12    be met for permissive intervention: "(1) it shares a common question of law or fact with the main action;

13    (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's

14    claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  "Even if an applicant satisfies those

15    threshold requirements, the district court has discretion to deny permissive intervention." *Id.*

16    **B.    Synopsys's Motion Is Untimely.**

17    Timeliness is a threshold issue for both intervention as a matter of right and permissive

18    intervention.  "Federal Rule Civ. Proc. 24 requires that an application to intervene in federal litigation

19    must be 'timely.'" *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 387 (1977).  Synopsys has filed

20    this motion to intervene after summary judgment was granted in favor of Plaintiffs, a final judgment was

21    entered, and the District Court case was closed.  Post-judgment intervention is "generally disfavored

22    because it creates 'delay and prejudice to existing parties.'" *Calvert v. Huckins*, 109 F.3d 636, 638 (9th

23    Cir. 1997).  Post-judgment motions to intervene will be granted only in "exceptional cases." *Alaniz v.

24    Tillie Lewis Foods,* 572 F.2d 657, 659 (9th Cir. 1978).

25    In defending the timeliness of its motion, Synopsys describes a "'general rule'" that a motion to

26    intervene is "'timely filed if filed within the time allowed for the filing of an appeal.'"  Dkt. 48 at 7.  But

27    this "general rule" is in fact a special rule applicable to intervention sought for the limited purpose of

28    appeal.  *See Legal Aid Soc. of Alameda County v. Brennan*, 608 F.2d 1319, 1328 (9th Cir. 1979)

("[p]ost-judgment intervention *for purposes of appeal* may be appropriate if the intervenors act promptly after judgment") (emphasis added); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1395 (9th Cir. 1992) ("*McGough*"), (citing *Yniguez v. Mofford*, 130 F.R.D. 410, 414 (D. Ariz.1990), *rev'd in part on other grounds sub nom. Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991)) ("'although post-judgment motions to intervene are generally disfavored, post-judgment intervention for purposes of appeal may be appropriate if certain requirements are met, the first of which is that the intervenors must act promptly after entry of judgment'"); *Yeager v. AT & T Mobility, LLC*, No. 07-cv-2517-KJM, 2013 WL 1190138, at *1 n.2 (E.D. Cal. Mar. 21, 2013) ("Numerous courts have permitted intervention after entry of judgment, but only for the very limited purpose of prosecuting an appeal"); *Gaboratory, Inc. v. Gaboratory Int'l, Inc.*, 07-cv-04725-MMM, 2008 WL 11406057, at *4 (C.D. Cal. Oct. 20, 2008).

Under this special rule, the only part of Synopsys's proposed intervention that may not be untimely is its request to intervene to appeal the Court's December 10 ruling.  But Synopsys does not meet the other conditions required to permit intervention for the limited purpose of appeal.  *See* Part III.C, *infra*.  The remainder of Synopsys's motion, in which it seeks to intervene to prosecute a "reverse FOIA" cross-claim, file a summary judgment motion, "and/or seeking reconsideration of the grant of summary judgment on the FOIA claim," Dkt. No. 48 at 7,  comes far too late in the litigation to reopen proceedings.  In evaluating whether a motion to intervene is timely, courts in this Circuit evaluate three factors:  "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *McGough*, 967 F.2d at 1394.  Each of these factors weigh strongly in favor of denying Synopsys's motion.

First, Synopsys brings this motion after proceedings in the district court had fully concluded. Synopsys's proposed involvement in the litigation will unnecessarily extend the proceedings in this Court and delay the ultimate conclusion.  Synopsys has cited no case permitting intervention with a similar procedural posture.  With one exception, every post-judgment case cited by Synopsys has involved intervention for purposes of appeal only.  In the only case countenancing post-judgment intervention in district court proceedings, *Tocher v. City of Santa Ana*, 219 F.3d 1040 (9th Cir. 2000), *abrogated on other grounds by City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424

1  (2002), the proposed intervenor filed its motion while a motion to amend the judgment was pending.[4]

2  This distinction is critical; the *Tocher* Court emphasized that the motion to intervene was filed "before

3  the litigation in the district court was complete and presented essentially the same legal arguments as the

4  City," which was continuing to challenge the district court's ruling.  219 F.3d at 1045.  By contrast,

5  DOL has not filed a motion for reconsideration or to amend the judgment.  Synopsys's proposed

6  reverse-FOIA cross-claim is not a claim brought under FOIA itself and does not present "the same legal

7  arguments" as the underlying FOIA claim; it is instead a separate claim under the Administrative

8  Procedures Act ("APA"), in which the district court determines whether the agency's action was

9  "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *See Chrysler*

10  *Corp. v. Brown*, 441 U.S. 281, 293-95 (1979); *Pac. Architects & Engineers Inc. v. U.S. Dep't of State*,

11  906 F.2d 1345, 1347-48 (9th Cir. 1990).  Intervention in this case would reopen already closed

12  proceedings, disturb the finality of this Court's ruling, and unreasonably extend the litigation.

13          Second, intervention at this late stage will prejudice the parties.  For DOL's part, it has an

14  interest in the efficient prosecution and completion of this litigation.  DOL mounted a robust and

15  diligent defense, brought and opposed motions for summary judgment, and marshalled all available

16  arguments and evidence—including by attaching declarations from Synopsys itself.  Permitting belated

17  intervention to present piecemeal claims and relitigate resolved issues would undermine this interest and

18  impose an additional burden on the government's limited resources.  Moreover, having made the

19  decision not to challenge this Court's decision either through motion or appeal, DOL has an interest in

20  the finality of the ruling and the closure of this litigation.  The government has concluded that it is not in

21  the agency's best interest to commit further resources to defending this matter, and has accordingly

22  elected not to appeal the Court's order.  Finally, in defending Exemption 4 cases, DOL often must rely

23  on the cooperation of the entities whose information is at issue.  In this case, it worked closely with

24  Synopsys's counsel during the course of the litigation, soliciting Synopsys's assistance and input.  DOL

25

26          [4] Even in *Tocher*, it is not clear that the court would have allowed intervention for all purposes in
the district court because the procedural posture of that case did not require the court to resolve that

27  question.  The district court below had entered judgment in favor of the plaintiff and denied the motion
to intervene; the Court of Appeals held that the intervention motion should have been granted, but its

28  resolution of the merits required no further district court proceedings, and thus the intervention was
purely academic.

has an interest in encouraging the fulsome support of information submitters in cases like this; permitting Synopsys a second bite of the apple here would have the opposite effect and could undermine the agency's relationship with the information submitters more broadly.

Third, Synopsys has not identified an adequate explanation for its delay.  Plaintiff argues first that it had "'no reason' to suspect that DOL would not appeal the adverse decision until DOL notified Synopsys on January 28, 2020.  But even if that explanation were sufficient to justify Synopsys's decision not to intervene for purposes of appeal,[5] it does not speak to Synopsys's failure to seek intervention during the preceding nine months that this case was pending in this Court, with the Exemption 4 issue cleanly framed and the prospect of an adverse decision ever-present.

Synopsys's acknowledgement elsewhere in its opening brief that "'the very nature of FOIA litigation'" leads to "a divergence of interests between the government and private parties," Dkt. No. 48 at 6, only underscores that this delay is both unexplained and unreasonable.  Synopsys attempts to finesse this concession by arguing that during much of the litigation, it believed that DOL's representation would be adequate because Synopsys assumed that resolution of the Exemption 4 issue would turn on the "confidentiality" of the information rather than its "commercial" nature. The latter issue, according to Synopsys, relies on company-specific knowledge that Synopsys is uniquely equipped to provide.  *Id.* at 7.  But the "commercial" requirement is not an esoteric or obscure issue; it presents a threshold inquiry that is part of every Exemption 4 analysis.  *See Public Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir. 1983).  DOL devoted over a page of its opening brief to the argument that the material was commercial, Dkt. No. 24 at 14-15, nearly two pages of its reply, Dkt. No. 34 at 3-4, and addressed the issue in each of the submitters' declarations, including the declaration of Synopsys's Sarah Lee.  *See* Dkt. No. 24 at 14-15; Dkt. No. 24-5 ¶¶ 4, 9.  Synopsys's gamble that this issue would not play a dispositive role in the Court's ruling does not justify its failure to intervene

---

[5] The possibility that DOL might decline to appeal an adverse order here should have been foreseeable, if not expected.  The same scenario occurred in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019) ("*Argus Leader*"), the Supreme Court's recent decision in which it redefined the test for confidentiality in Exemption 4 cases.  In that case, the government agency, U.S. Department of Agriculture, declined to appeal the adverse district court ruling requiring disclosure.  Argus Leader, the plaintiff and respondent in *Argus Leader*, was represented by Synopsys's counsel here.

1    earlier.  Moreover, Synopsys provided a declaration in connection with DOL's motion, and it was

2    certainly free to include in that declaration "its own industry-specific experience and knowledge to

3    support its contention that the information is commercial."  Dkt. No. 48 at 7.  Finally, Synopsys's

4    suggestion that the "commercial requirement" somehow implicates a company-specific defense that was

5    not necessary when Synopsys believed the dispute would turn on the question of "confidentiality" defies

6    logic.  Under the Supreme Court's recent decision in *Argus Leader*, the issue of confidentiality requires

7    an inquiry into whether the specific owner of the information treats it as private.  *Argus Leader*, 139 S.

8    Ct. at 2363.  The focus of this confidentiality standard is traditionally "how the particular party

9    customarily treats the information, not how the industry as a whole treats the information." *Center for*

10   *Auto Safety v. National Highway Traffic Safety Admin.*, 93 F. Supp. 2d 1, 17-18 (D.D.C. 2000) (citing

11   *Critical Mass Energy Project v. NRC*, 975 F.2d 871, 880 (D.C. Cir. 1992)).  Under Synopsys's own analysis,

12   Synopsys's need for individualized representation catering to its own facts, circumstances, and knowledge

13   should have been apparent at the outset of the litigation.  No new circumstances justify intervention at this

14   late hour.

15           C.    **Intervention For Purposes Of Appeal Is Improper Because Synopsys Does Not Have**
     **The Right To Challenge A FOIA Judgment In The Absence Of The Government As**

16   **A Party.**

17         As discussed in Part III.B. *supra*, to the extent that Synopsys seeks to intervene for purposes of

18   litigating in the district court—including pursuing its reverse-FOIA cross-claim—its post-judgment

19   motion to intervene is untimely.  Synopsys's additional request for leave to intervene "in order to

20   appeal" the Court's December 10 ruling is improper for the independent reason that Synopsys is not

21   entitled to challenge agency disclosure under FOIA, and even if it could, it lacks standing to bring an

22   appeal because it cannot claim an injury redressable by the Court in a FOIA appeal.

23           1.    **There Is No Jurisdictional Basis For Synopsis To Appeal Because FOIA Does**
     **Not Provide Third Parties The Right To Enjoin Agency Disclosure.**

24

25         FOIA is a disclosure statute.  Its provisions create a framework governing the government's

26   disclosure obligations to the public, subject to nine delineated exemptions that permit (but do not

27   require) the government to keep limited information secret.  *See* 5 U.S.C. § 552(b).  Although the

28   government is entitled to withhold information when FOIA exemptions apply, FOIA provides no basis

1   for third parties to enjoin the government from disclosing information.  The Supreme Court in *Chrysler*

2   *v. Brown* made clear that FOIA "does not afford [individuals] *any right* to enjoin agency disclosure."

3   *Chrysler*, 441 U.S. at 294 (emphasis added); *see John Doe #12 v. Veneman*, 380 F.3d 807, 813 (5th Cir.

4   2004) ("FOIA does not provide a private right of action to enjoin a governmental agency's disclosure in

5   response to a request for information under FOIA.").  The Supreme Court has therefore rejected the

6   contention that a court could rely solely on FOIA's exemptions to "impose affirmative duties on an

7   agency to withhold information sought."  *Chrysler*, 441 U.S. at 293.

8       When the government declines to appeal from a judgment requiring disclosure under FOIA,

9   such as the judgment in this matter, the government presumptively signals "its acceptance of that

10  decision with respect to the specific information at issue, and its lack of interest in" continuing to defend

11  the litigation.  *See Diamond v. Charles*, 476 U.S. 54, 63 (1986).  Regardless of the outcome of an appeal

12  brought by another person, the appeal could not result in any limitation on the agency's discretion to

13  disclose its own records, because "FOIA is exclusively a disclosure statute" that prohibits only the

14  improper "'*withholding* [of ] agency records'" and does "not limit an agency's discretion to disclose

15  information."  *Chrysler*, 441 U.S. at 292 (quoting 5 U.S.C. 552(a)(4)(B)) (emphasis added).  "FOIA by

16  itself protects the submitters' interest in confidentiality only to the extent that this interest is endorsed by

17  the agency collecting the information," and it therefore confers no "right to enjoin agency disclosure."

18  *Id*. at 293-294; *see GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 378 n.2

19  (1980).  Indeed, even if a district court's order *requiring* disclosure under FOIA is stayed pending

20  appeal, the government could simply release the records itself, rendering any appeal moot.  In short,

21  nothing in an appeal by a nongovernment person could prevent the agency's disclosure of its own

22  records.

23      The only proper course for a person opposing an agency's disclosure of records is to assert a so-

24  called "reverse"-FOIA claim invoking the legal protection of a *different* statute creating a cause of

25  action to set aside an agency decision to disclose records.  Synopsys has sought to do precisely this in

26  the separate action that it filed on January 30, 2020, which has since been related to this case.  *Synopsys,*

27  *Inc. v. U.S. Dep't of Labor*, No. 20-cv-00693-KAW.  It is also seeking to add a reverse-FOIA cross-

28  claim to this action.  *See* Dkt. No. 48-1.  Neither of these pleadings properly states a reverse-FOIA claim

because they merely assert that disclosure would violate Exemption 4 rather than alleging, as they must, that disclosure is contrary to some other, non-FOIA law.  *See Chrysler*, 441 U.S. at 318.  But more significantly for present purposes, the cross-claim has not been adjudicated and is not part of the judgment.  The Court's December 10 Order resolved "pure" FOIA issues.  Synopsys is not entitled to appeal that order because it has no claim under Exemption 4 and no affirmative right to enforce a FOIA exemption.  Quite simply, this is not Synopsys's battle to fight, in the absence of the government's continued participation.  In light of the procedural posture of this case, where the government has declined to participate on appeal, intervention for purposes of appeal is not proper.[6]

The only possible path for Synopsys to seek appellate review now, without the government's participation, would be for it to litigate a different, non-FOIA claim that would form the basis for the private litigant to compel the government to withhold the records.  An adverse ruling in such a proceeding could then be appealed to the Ninth Circuit.  As discussed above, this case was litigated to conclusion and judgment was entered.  It is far too late now for a new litigant to seek to intervene in order to litigate a new claim in an otherwise-completed case.  Nor is there any need for Synopsys to do so; the relief that it is seeking in its cross-claim, and a path to appellate review, is available to it in its parallel reverse-FOIA case.

### 2. Intervention for Purposes Of Appeal Is Improper Because Synopsis Would Not Have Standing On Appeal.

Even if a party meets the requirements for intervention as a matter of right under Rule 24(a), a motion to intervene for purposes of appeal will not be granted if the intervening party does not have standing under Article III where, as here, the party defendant is not appealing but instead has "acquiesced in the judgment against" it.  *Legal Aid Soc. of Alameda County v. Brennan*, 608 F.2d 1319,

---

[6] The petitioner in *Argus Leader*, Food Marketing Institute ("FMI"), was permitted to intervene for appeal purposes notwithstanding the fact that it did not properly assert any timely non-FOIA based claim because the objections to intervention based on these defects were not raised on appeal and "were thus forfeited on appeal and waived in [the Supreme] Court.  Brief for the United States as *Amicus Curiae* Supporting Petitioner at 34, *Argus Leader*, 139 S. Ct 2356 (No. 18-481), 2019 WL 929184, at *34.  Consistent with this position. Synopsys's counsel, on behalf of Plaintiff-Respondent Argus Leader, took the position in its Supreme Court brief in *Argus Leader* that FMI had "improperly intervened" in the government's place in that FOIA suit—"a statute that does not authorize any party other than the Government to oppose disclosure."  Brief for Respondent Argus Leader Media at 14, *Argus Leader*, 139 S. Ct. 2356 (No. 18-481), 2019 WL 1310225, at *14; *see also id.* at 16 ("As the Solicitor General explains, the intervention into this FOIA action was 'extraordinarily atypical' and legally improper.").

1    1328 n.6 (9th Cir. 1979).  To pursue an appeal in the absence of the government, an intervenor "cannot

2    step into the shoes of the original party" who is absent from the appeal but rather must independently

3    satisfy "the requirements of Article III." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 65

4    (1997).  "Therefore, an interest strong enough to permit intervention with parties at the onset of an

5    action under Rule 24(a) is not necessarily a sufficient basis for intervention after judgment for the

6    purpose of pursuing an appeal which all parties have abandoned." *Yniguez v. State of California*, 939

7    F.2d 727, 731 (9th Cir. 1991); *see Diamond*, 476 U.S. at 63 (the intervenor's "ability to ride 'piggyback'

8    on the State's undoubted standing exists only if the State is in fact an appellant before the Court; in the

9    absence of the State in that capacity, there is no case for Diamond to join").

10          To satisfy the Article III standing requirement, "an appealing litigant must demonstrate that it

11   has suffered an actual or imminent injury that is 'fairly traceable' to the judgment below and that could

12   be 'redress[ed] by a favorable ruling." *Argus Leader*, 139 S. Ct at 2362 (quoting *Monsanto Co. v.*

13   *Geertson Seed Farms*, 561 U.S. 139, 149-50 (2010)) (alteration in *Argus Leader*).  In *Argus Leader*, the

14   Supreme Court held that the Article III standard was satisfied in the unique circumstances of that case

15   because "the government has represented unequivocally that, consistent with its longstanding policy and

16   past assurance of confidentiality to retailers, it 'will not disclose' the contested data unless compelled to

17   do so by the district court's order." *Argus Leader*, 139 S. Ct. at 2362 (citing Brief for the United States

18   as *Amicus Curiae* Supporting Petitioner at 35, 2019 WL 929184, at *35).  The United States in its

19   *amicus* brief not only confirmed that USDA would not disclose the records if the district court's

20   judgment mandating disclosure were reversed, but also concluded that the petitioner in *Argus Leader*

21   "had Article III standing to appeal" in the circumstances of that case for this reason.  Brief for the United

22   States, *Argus Leader*, 139 S. Ct. 2356 (2019) (No. 18-481), 2019 WL 929184, at *34).  Accordingly, the

23   *Argus Leader* Court was able to conclude that a reversal in that case "would ensure exactly the relief the

24   Institute requests," which was sufficient to satisfy Article III's redressability requirement.  139 S. Ct. at

25   2362.

26          In this case, DOL has not made a similar prospective guarantee to Synopsis.  Following this

27   Court's December 10 ruling, DOL notified Synopsis and the other submitters that the Court had ordered

28   the release of the EEO-1 reports and that the information could be released in early January without

1   notice.  Johann Decl. ¶ 3 & Ex. A.  On January 28, 2020, DOL sent the providers notice that it did not

2   intend to appeal the Court's ruling and would be releasing the reports on February 10.  *Id.* ¶ 4.  On

3   February 7, 2020, after this Court stayed the disclosure order pending the current motion, DOL notified

4   the submitters that it would not release the documents on February 10 in light of the stay, but that it

5   would "revisit the issue once the Court has ruled on the Synopsis[] motion to intervene."  *Id.* ¶ 5.

6   Accordingly, even if the Ninth Circuit reversed the lower court's decision, DOL could still disclose the

7   information.  *Chrysler*, 441 U.S. at 293.  Synopsis's injury is thus not redressable because it "depends on

8   the unfettered choices made by independent actors not before the courts and whose exercise of broad

9   and legitimate discretion the courts cannot presume either to control or to predict."  *ASARCO Inc. v.*

10  *Kadish*, 490 U.S. 605, 615 (1989).  *See Detention Watch Network v. Corrections Corp. of America*, No.

11  16-3141, 2017 WL 4122728, at *1 (2d Cir. 2017) (dismissing FOIA appeal brought by intervenor for

12  lack of standing where the government chose not to appeal; "Intervenors-Appellants lack standing

13  because they have not suffered an invasion of a legally protected interest").

14      D.      **Synopsys Does Not Otherwise Satisfy The Criteria For Intervention As A Matter Of Right Or Permissive Intervention.**

15

16          1.      **Synopsys Has Not Established That It Is Entitled To Intervention As Of Right Under Rule 24(a).**

17      Synopsys is not entitled to intervene in this case as a matter of right due to the defects identified

18  above:  the motion is untimely with the exception of the request for intervention for the purposes of

19  appeal, and Synopsys may not prosecute the appeal of the FOIA case in the absence of the government

20  as a party appellant.  In addition to these defects, Synopsys does not satisfy the Rule 24(a) requirements

21  for intervention as of right because it has not established a "significant protectable interest" that would

22  be impaired or that its interests were inadequately represented by the government during the district

23  court proceedings.

24      Significant Protectable Interest.  DOL agrees that Synopsys has an interest in maintaining the

25  confidentiality of its EEO-1 Reports.  But Synopsys has not established that this interest does not rise to

26  the level of a "significant protectable interest," as required in the Ninth Circuit.  Citing a single district

27  court case out of the District of Columbia, Synopsys asserts that "'preventing the disclosure of

28  commercially-sensitive and confidential information is a well-established interest sufficient to justify

1   intervention under Rule 24(a).'"  Dkt. No. 48 at 5 (quoting *100Reporters LLC v. U.S. Dep't of Justice*,

2   307 F.R.D. 269, 275).  The *100Reporters* court, however, was governed by the Rule 24(a) standard as

3   articulated in the D.C. Circuit, which merely requires a showing that the proposed intervenor "claims *an*

4   *interest* relating to the property or transaction that is the subject of the action."  *100Reporters*, 307

5   F.R.D. at 274 (quoting *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003)) (emphasis

6   added).  By contrast, the Ninth Circuit requires that the proposed intervenor have a *significant*

7   *protectable interest* in the property or transaction at issue.  *Citizens for Balanced Use*, 647 F.3d at 896-

8   97.  Synopsys has not established that this requirement is met according to the standard imposed in this

9   Circuit.

10          In addition, while Synopsys concedes that it must allege "'a legally sufficient claim or defense,'"

11  Dkt. No. 48 at 5 (quoting *Williams v. Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72,

12  75 (D.C. Cir. 1988)), Synopsys's request to intervene with respect to the appeal is not based on any such

13  claim or defense but relies instead on DOL's Exemption 4 defense—which cannot form the basis for

14  Synopsys's intervention.  *See* Fed. R. Civ. Proc. 24(c).  For this reason, it is the government's position

15  that a person opposing disclosure should not be entitled to intervene as of right in a FOIA action under

16  Federal Rule of Civil Procedure 24.  Such a person is unable to plead its own FOIA-based "claim for

17  relief" or a FOIA-related "defense[] to [any] claim asserted against it," Fed. R. Civ. Proc. 8(a),

18  8(b)(1)(A), and therefore cannot properly submit, as it must, a "pleading" asserting a "claim or defense"

19  on which it might intervene as a party. Fed. R. Civ. Proc. 24(c); see *Diamond*, 476 U.S. at 76-77

20  (O'Connor, J., concurring in part and concurring in the judgment); *Bender* v. *Williamsport Area Sch.*

21  *Dist.*, 475 U.S. 534, 548 & n.9 (1986) (stating that the Rule 24(c) pleading requirement is "particularly

22  important"); *SEC* v. *Prudential Sec. Inc.*, 136 F.3d 153, 156 n.4 (D.C. Cir. 1998) (putative intervenor's

23  proffered "pleadings [must] allege a legally sufficient claim or defense") (citation omitted).  Its cross-

24  claim, moreover, is legally insufficient because a reverse-FOIA claim must be based on a non-FOIA

25  source of law.  *See* Part III.D.2, *infra*.

26          Impairment of Synopsys's Interests.  Even if the disposition of this lawsuit might affect

27  Synopsys's interests, it might not *impair* those interests if Synopsys has other means to protect them. *See*

28  *United States v. Alisa Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).  Here, Synopsys has filed a

1  separate lawsuit setting forth the exact claim that it seeks to insert into this litigation.  *Compare*

2  *Synopsys*, Dkt. No. 1 ¶¶ 24-38 *with CIR*, Dkt. No. 48-1 ¶¶ 27-41.  It has moved for summary judgment

3  in that case, making the precise arguments that it presumably seeks to present to the Court as an

4  intervenor.  *Synopsys*, Dkt. No. 19.  Synopsys itself has admitted that the issues presented in each case

5  "are essentially identical."  *CIR*, Dkt. No. 51 at 2 (Administrative Motion to Relate Cases).  In these

6  circumstances, intervention is not necessary, and the standard for intervention as a right is no tmet.

7      Adequate Representation of Synopsys's Interests.  DOL cannot represent Synopsys's interests on

8  appeal because it is declining to pursue this case to the Ninth Circuit.  It can and did, however,

9  adequately represent Synopsys's interests in the district court proceedings.  As the Court observed in its

10  order granting temporary stay, Synopsys's "cooperation with DOL and its active participation in the

11  motion for summary judgment" strongly suggest that its interests were in fact represented.   Dkt. No. 52

12  at 3.  Although Synopsys argues that the "very nature of FOIA litigation" can lead to a divergence of

13  interests between the government and the private party, Dkt. No. 48 at 6, it has identified no point of

14  actual divergence in this case; indeed, DOL makes the same arguments in support of Exemption 4 in its

15  summary judgment briefing that Synopsys now presents in its reverse-FOIA case.  *Compare CIR* Dkt.

16  No. 24 at 6-13 & Dkt. No. 34 2-9 *with Synopsys*, Dkt. No. 19 at 6-13.  To the contrary, DOL's interests

17  were perfectly aligned with Synopsys's on every part of the Exemption 4 analysis, including the critical

18  issue of whether the reports were "commercial" information.  In that regard, DOL argued, vigorously, in

19  its summary judgment briefing that the EEO-1 reports satisfy the "commercial" requirement.  That

20  Synopsys may now have refined this argument and adduced additional evidentiary support does not call

21  into question the adequacy of DOL's representation.

22      2.   **Synopsys Has Not Established That It Is Entitled To Permissive Intervention Under Rule 24(a).**

23

24      The Court also should decline to exercise its discretion to allow permissive intervention under

25  Federal Rule of Civil Procedure 24(b).  First, as set forth above, this motion is not timely.  Courts

26  analyze the timeliness element "more strictly" in "the context of permissive intervention" than in

27  motions for intervention as of right.  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297,

28  1308 (9th Cir. 1997).  Synopsys has cited no case in which post-judgment permissive intervention was

allowed to insert a new party and a new claim into a case that had otherwise concluded.  Second, permissive intervention requires an independent ground for intervention.  Synopsys seeks to rely on its purported reverse-FOIA cross-claim, but this claim, which is brought under the APA but based on the alleged applicability of Exemption 4, does not set forth a proper independent claim for relief because a reverse-FOIA action must be brought under a theory that disclosure is prohibited by some law *other* than FOIA.  *Chrysler*, 441 U.S. at 290-94 (1979); *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 378 n.2 (1980).  Third, there is no need to reopen the current litigation to allow Synopsys to raise this new cross-claim because the same claim is the subject of Synopsys's separate lawsuit.  It appears that Synopsys's true motive is not to secure a forum in which its reverse-FOIA claim may be heard, but to wedge its way into this litigation so that it can ask the Court to revisit the issues that have already been resolved.  The Court should not countenance this use of the permissive intervention tool to sanctify what is essentially a collateral attack on the Court's ruling.

## V.      CONCLUSION

For the foregoing reasons, DOL respectfully requests that the Court deny Synopsys's motion to intervene.

DATED: March 10, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for Defendant