DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
PAMELA T. JOHANN (CSBN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36045
    San Francisco, California 94102
    Telephone (415) 436-7025
    Fax (415) 436-7234
    pamela.johann@usdoj.gov

Attorneys for Defendant UNITED STATES
DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendant. | No. 19-cv-01843-KAW<br><br>**DEFENDANT DEPARTMENT OF LABOR'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTARY MATERIAL IN CONNECTION WITH MOTION FOR LEAVE TO INTERVENE** |

Pursuant to Civil Local Rules 7-3(d) and 7-11, Defendant Department of Labor ("DOL") hereby moves the Court for leave to file supplementary material in connection with the motion of Proposed Intervenor Synopsys, Inc. for leave to intervene. DOL seeks leave to file a supplemental brief, not to exceed five pages, to address two issues that arose following the filing of DOL's opposition on March 10, 2020.

First, since filing its opposition to the motion for leave to intervene, DOL has clarified its position with respect to its discretionary prospective release of the EEO-1 reports at issue in this Freedom of Information Act ("FOIA") case. FOIA is a disclosure statute, permitting a party to sue the

federal government if the party is not satisfied with the government's disclosure pursuant to the party's FOIA request, but FOIA does not limit "an agency's discretion to disclose information." *Chrysler Corp. v. Brown*, 441 U.S. 281, 292 (1979).  On that basis, DOL argued in its opposition to Synopsys's motion for leave to intervene that Synopsys lacks standing to appeal, as DOL had not made a prospective guarantee to Synopsys that the agency would not release the contested documents in the event this Court's summary judgment ruling were reversed. Dkt. No. 65 at 14-16.  Since filing that brief, DOL has confirmed that it will not release the EEO-1 reports in the event that the Court's December 10, 2020 Order is reversed.  DOL seeks leave to file a supplemental brief in connection with the motion for leave to intervene, which is set for hearing on May 7, 2020, in accordance with that clarification.  In that brief, DOL intends to explain how this clarification affects its argument that Synopsys's motion for leave to intervene for purposes of appeal is improper.

  Second, DOL seeks leave to present to the Court an argument that is relevant to the pending motion for leave to intervene but that has arisen since DOL filed its opposition brief on March 10, 2020: that Synopsys's proposed intervention for purposes of appealing the Court's December 10, 2019 summary judgment order should be denied because the time period for filing a notice of appeal expired on February 10, 2020, and Synopsys did not file a motion to extend that time period under Federal Rule of Appellate Procedure 4(a)(5) within the jurisdictional requirements of that rule. The deadline for filing a motion under Rule 4(a)(5) is 30 days after expiration of the original time to appeal.  That deadline expired on March 11, 2020.  It is DOL's position that the procedural mechanism of a Rule 4(a)(5) motion was both available to Synopsys and required to the extent that no notice of appeal was filed within the 60-day appeal period. *See Roe v. Town of Highland*, 909 F.2d 1097, 1088-1100 (7th Cir. 1990) (describing procedural mechanisms to preserve an opportunity for appeal while the district court adjudicates a motion for leave to intervene); *CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 729 (7th Cir. 2013) ("a prospective intervenor . . . must take some action prior to expiration of the appeal period to keep the window from closing").  DOL intends to argue that as a result, appeal of the Court's December 10, 2019 summary judgment order is no longer possible, and intervention for purposes of appeal should be denied on that basis.  DOL understands that Synopsys disagrees, and that for a number of reasons, Synopsys believes that this issue does not warrant further briefing or denial of

its pending motion for leave to intervene.  Declaration of Pamela T. Johann in support of Administrative Motion ("Johann Decl.") ¶ 4.  DOL respectfully submits that this disagreement regarding the fundamental issue of whether any appeal would be timely even if intervention were permitted, and whether intervention for purposes of appeal should be denied on this basis, which did not arise until after DOL filed its opposition brief, warrants further briefing prior to the hearing on Synopsys's motion.

DOL advised counsel for Synopsys and counsel for Plaintiffs that it intended to seek leave to file supplementary materials on these two issues.  Plaintiffs do not oppose this administrative motion.  Johann Decl. ¶ 5.  Synopsys does not oppose DOL's desire to inform the Court regarding its position with respect to release of the EEO-1 reports in the event the Court's decision is reversed, Johann Decl. ¶ 2, but informed DOL that it opposes any additional briefing regarding the issue of timeliness of appeal.  *Id.*

DATED: April 13, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for Defendant