1  DENISE M. MINGRONE (SBN 135224)
   dmingrone@orrick.com
2  ROBERT L. URIARTE (SBN 258274)
   ruriarte@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:   650 614 7400
5
   ROBERT M. LOEB (admitted *pro hac vice*)
6  rloeb@orrick.com
   JAMES A. FLYNN (admitted *pro hac vice*)
7  jflynn@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  1152 15th Street NW
   Washington, DC 20005
9  Telephone:   202 339 8475

10 Attorneys for Proposed Intervenor
   SYNOPSYS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING AND WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | Case No. 4:19-cv-01843-KAW<br><br>**SYNOPSYS, INC.'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTARY MATERIAL**<br><br>Judge: Hon. Kandace A. Westmore |

## I. INTRODUCTION

Synopsys appreciates that the government has now gone on record to correct its flawed challenge to Synopsys' standing to intervene in this case. Having now corrected itself on the record in this case and the related reverse-FOIA case, no further briefing is necessary. And there certainly is no valid basis to reopen the briefing on Synopsys' intervention motion so that the government can belatedly raise another flawed challenge. The government's proposed new objection to intervention is wholly without merit, is presented at the wrong time to the wrong court, and there is no excuse for raising a new argument now when the briefing on intervention has been completed. Thus, the government's request for a new round of briefing to raise a new objection to intervention should be denied.

## II. ARGUMENT

### A. No Further Briefing Should Be Permitted Concerning the Government's Clarification

In opposition to Synopsys' intervention motion, the government argued that Synopsys had no standing to pursue an appeal as an intervenor in this action because "the government could simply release the records itself, rendering any appeal moot." *CIR* Dkt. No. 65, at 9.[1] It attempted to distinguish *FMI*—in which such a third-party had standing—on the basis that the government had made no prospective assurance here that it would not "simply release" the records. *See id.* That was a surprise to Synopsys, which documented in its reply the government's very assurances to that effect. *CIR* Dkt. No. 68, at 1-2. Synopsys also noted that any change in the government's "considered position regarding whether to release the data at issue here, if there was such a change" would itself be subject to review as "arbitrary, capricious, or contrary to law." *Id.* at 2.

The government now has "clarif[ied]" that "it will not release the EEO-1 reports in the event that the Court's December 10, 20[19] Order is reversed." *CIR* Dkt. No. 70, at 2. Synopsys welcomes the government's clarification that its objection to standing was without basis. The government's correction has, however, now been made on the record in its motion and in its latest

---

[1] Citations designated "*CIR* Dkt. No." refer to the docket entries in this FOIA Action, Case No. 4:19-cv-01843-KAW. Those designated "*Synopsys* Dkt. No." refer to the docket entries in the related Reverse FOIA Action, Case No. 4:20-cv-00693-KAW.

filing in the related reverse-FOIA action. *See CIR* Dkt. No. 70, at 1-2; *Synopsys* Dkt. No. 27, at 2 n.1. No further filings on that score are necessary or warranted.

### B. The Government Should Not Be Allowed To Belatedly File New Objections To Intervention

Nor should the government be permitted to reopen the completed briefing to belatedly inject a new meritless objection to intervention.

1. The government says it wants to reopen the briefing on this issue of intervention so that it can raise a new argument. The government now seeks a belated opportunity to argue that intervention should be denied because if this Court grants intervention, limited to the right to appeal, any appeal taken would be untimely. The government's extraordinary request, however, relies on a faulty premise: Synopsys' time to appeal has not yet started, much less expired. On December 10, 2019, this Court entered judgment against the Department of Labor. *CIR* Dkt. No. 40. The government is correct that *the government's* deadline to file a notice of appeal from that judgment was February 10, 2020, and it is likely also correct that *the government's* deadline for seeking an extension of that window has now also passed. *See* Fed. R. App. P. 4(a)(5). But the government is wrong to impute those deadlines to Synopsys, against whom no judgment has yet been entered.

The Federal Rules of Appellate procedure plainly state "that only ***parties*** may file a notice of appeal." *United States v. City of Oakland*, 958 F.2d 300, 301 (9th Cir. 1992) (emphasis added); *see also Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."). And while the Ninth Circuit has recognized that "[i]t is occasionally possible for one who was not a party to the litigation in the trial court to appeal from the judgment," such a non-party may do so "only after being granted leave to intervene for such purpose." *City of Oakland*, 958 F.2d at 302; *accord Marino*, 484 U.S. at 304 ("We think the better practice is for such a nonparty to seek intervention for purposes of appeal …."). Until Synopsys' motion to intervene is decided, it is not a party, and it cannot file a notice of appeal. *See Oakland*, 958 F.2d at 302.

Moreover, the government's time-to-appeal argument will be mooted if this Court grants

Synopsys' motion to intervene.  If the Court grants Synopsys' request in full, allowing Synopsys' reverse-FOIA cross-claims, those claims will necessarily result in a new judgment for or against Synopsys.  And if the Court grants a more limited intervention for purposes of appeal, it would likewise enter a new judgment against both defendants: the government and Synopsys.  In either situation, the appeal would be timely taken from a newly entered judgment.

The government suggests that Synopsys should have sought to extend the notice of appeal time under Rule 4(a)(5).  As noted above, the plain language of the cited rule makes clear that its extension mechanism is simply unavailable to Synopsys at this stage.  The rule permits a district court to extend the time to appeal if and only if "*a party* so moves." Fed. R. App. P. 4(a)(5)(A)(i) (emphasis added).  The Supreme Court has held that Rule 4 uses the term "party" in the ordinary sense, excluding potential litigants who have not yet intervened.  *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009).  "The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit." *Id.*  Synopsys is indisputably not a party to this action and could not have sought an extension under the rule's own terms.  There is accordingly no basis to insist that Synopsys should have made a futile motion for an extension, nor that intervention should be denied because no such motion was made.

2. The new issue the government seeks to raise belatedly is also not ripe for adjudication.  The government's new argument puts the cart before the horse.  It asks this Court to determine the timeliness of a hypothetical appeal taken from a future judgment of unknown date by a notice of appeal yet to be filed.

Moreover, the timeliness of an appeal is typically adjudicated by the Court of Appeals in the regular course.  *United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) ("We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process."); *Garcia v. Walker*, Civil No. 07cv1600-BTM (RBB), 2010 WL 2079746, at *1 (S.D. Cal. May 21, 2010) ("To the extent Petitioner contends that this Court can determine whether his appeal was timely, he is wrong.  Such a question is exclusively within the province of the Ninth Circuit."); *see also United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009) ("That issue is within the purview of this Court, not the district court.").

ORRICK, HERRINGTON & SUTCLIFFE LLP

- 3 -

SYNOPSYS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION
4:19-CV-01843-KAW

3.  Finally, the new issue could have been raised in the earlier briefing, and raising the issue now, after the closing of the briefing, is improper. *See* Civil L.R. 7-3(a) ("(a) Opposition. … Any evidentiary and procedural objections to the motion must be contained within the [opposition] brief or memorandum."); *see also, e.g.*, *Garcia v. Univ. of Kan. Hosp.*, Civil Action No. 12-2792-KHV, 2013 WL 4482696, at *3 (D. Kan. Aug. 21, 2013) ("But to the extent that plaintiff seeks to make new arguments that she could have raised in her response to defendant's motion… [t]his is exactly why sur-replies typically are not allowed."); *Cannon v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 152, 168 (D.D.C. 2013) (concluding a litigant had "forfeited" an argument first raised on surreply "by failing to raise it in her Opposition"). It is of no moment that the government's own deadline to file a notice of appeal did not expire until one day after its opposition was filed. The government knew at the time it filed its opposition that Synopsys could not become "a party" to this action until well after March 11, 2020, because its intervention motion was not set for hearing until May. Thus, when it filed its opposition, the government knew or should have known that the Rule 4(a)(5) mechanism for parties would not be available to Synopsys until after the March 11 deadline. Yet it did not raise this issue. It should not be permitted to belatedly do so now.

## III.   CONCLUSION

For the foregoing reasons, Synopsys respectfully requests that the Court accept the government's "clarification," but deny the government's motion for supplemental briefing in full.[2]

Dated:  April 17, 2020                                         Respectfully submitted,

By: */s/ Denise Mingrone*
Denise Mingrone
dmingrone@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
1000 Marsh Road
Menlo Park, CA 94025
Telephone:        650 614 7400

---

[2] To the extent the Court permits additional briefing on either of the issues raised by the government's motion, Synopsys respectfully requests that the Court also allow Synopsys the opportunity to respond.