D. VICTORIA BARANETSKY (SBN 168423)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>                          Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                          Defendant. | Case No. 4:19-CV-01843-KAW<br><br>**RESPONSE IN PARTIAL SUPPORT OF THE UNITED STATES DEPARTMENT OF LABOR'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTARY MATERIAL** |

## I.   Introduction

Pursuant to the Local Rules, Plaintiffs respond to and support in part Defendant's motion to provide supplementary material to the Court in this case. *See* Dkt. 70. Plaintiffs take no position as to the first issue raised in the government's motion for leave. The second issue, that "DOL seeks leave to present to the Court [information] . . . that Synopsys's proposed intervention . . . should be denied because the time period for filing a notice of appeal expired on February 10, 2020, and Synopsys did not file a motion to extend that time period under Federal Rule of Appellate Procedure ["FRAP"] 4(a)(5)," *id.* at 2, is a novel one that just arose on March 11, 2020 and is relevant to any decision made by this Court, as it is procedurally determinative. Synopsys is a "party" according to FRAP 4, and therefore had a limited time to appeal. Through its own failure to act, Synopsys has permitted its time to appeal to expire. Adherence to this procedure is necessary not only for the fair and efficient administration of justice, but also to prevent *substantive* harms otherwise caused to all parties as well as the public.

## II.   Argument

Proposed Intervenor Synopsys has been consistently dilatory and now altogether remiss by disregarding its deadline for filing a motion under FRAP 4(a)(5), which was 30 days after expiration of the original time to appeal. That deadline expired on March 11, 2020.

Synopsys suggests that it is not a "party" for purposes of FRAP 4. However, it is well known that "the caption is not determinative as to the identity of the parties to the action." C. Wright & A. Miller, Federal Practice and Procedure § 1321, p. 388 (3d ed. 2004). For instance, in the analogous context where the time limit for an appeal of a denial of a motion to intervene has been considered, the non-Intervenor (who is denied intervention) is a "party" for purposes of Rule 4 and thus, similarly is subject to the time limit. *See, e.g.*, *State of California v. Block*, 690 F.2d 753, 776 (9th Cir. 1982). In *Block*, the court held that a proposed intervenor whose motion had been denied was subject to the timeliness requirement in 4(a)(5). *Id.*; *see also Sharp Farms v. Speaks*, 917 F.3d 276, 289–90 (4th Cir. 2019) (dismissing an appeal of a denial of a motion to intervene 170 days after the court denied the motion to intervene).

1    Here, Synopsys is clearly a party according to FRAP 4. Regardless of the caption, Synopsys was
2    aware of this case, notified of it, regularly updated on it, and participated in the litigation by submitting a
3    declaration. *See* Dkt. No. 24-5. FRAP 4 must therefore be applied to it. Indeed, there is no explicable
4    reason why a Proposed Intervenor, such as Synopsys, should be treated any differently from a denied-
5    intervenor, as in *Block*. In fact, the *denied*-intervenor in *Block* had arguably even more reason to be
6    deemed a "non-party" for purposes of FRAP 4, than a *proposed*-intervenor (which still might be deemed
7    an intervenor). Given courts apply FRAP 4 to these parties, so too should the Court apply that rule here.

8    In fact, as discussed in the cases cited by DOL, if Synopsys wanted to preserve its appeal rights,
9    it should have simply used just one of the three methods enumerated by courts. "[A]
10   prospective intervenor . . . must take *some* action prior to expiration of the appeal period to keep the
11   window from closing: (1) secure a ruling on intervention; (2) secure an extension of the appeal deadline;
12   or (3) file a protective "springing" notice of appeal before the time expires." *CE Design, Ltd. v. Cy's*
13   *Crab House N., Inc.*, 731 F.3d 725, 729 (7th Cir. 2013) (emphasis); *see also Roe v. Town of Highland*,
14   909 F.2d 1097, 1099–1100 (7th Cir. 1990). Failing to perform one of these outlined procedures further
15   shows Synopsys' failure to comply.

16   The failure to adhere to these rules is not simply a procedural oversight but results in serious
17   substantive wrongs that injure Plaintiffs, the public, and the Defendant, as well as going against the
18   spirit of the law. Plaintiffs in this case have been waiting for years to resolve this FOIA request and
19   obtain documents that the Court ordered to be released months ago. Plaintiffs submitted their FOIA
20   request in January 2018. *See* Dkt. No. 1-1. On December 10, 2019, the Court granted Plaintiffs' cross-
21   motion for summary judgment and ordered the government to release the records within 30 days (i.e. by
22   January 9, 2020). Dkt. No. 39 at 12. As an amicable party, Plaintiffs stipulated on December 20, 2019
23   to extend the disclosure date from January 9, 2020 to February 10, 2020 in order for Defendant to
24   determine if it would seek to appeal. Dkt. No. 41 at 2. After Defendant decided not to appeal, on
25   January 30, 2020, Proposed Intervenor notified Plaintiffs that it sought to intervene and moved to
26   intervene *only days before the stipulated disclosure date*, and *weeks after the initial disclosure date (*(i.e.
27   by January 9, 2020) *ordered by the Court*. Dkt. No. 49 at 9. Once again, Synopsys is not only late but
28

**PLAINTIFFS' RESPONSE IN SUPPORT OF DOL'S ADMIN. MOTION FOR LEAVE TO FILE SUPPLEMENTARY MATERIAL**
19-cv-01843-KAW

3

this time has ignored its deadline of March 11, 2020 for some future, possible appeal, in complete disregard of Plaintiffs' time-sensitive and important interest in obtaining the information quickly. *Bond v. Utreras*, 585 F.3d 1061, 1068 n.4 (7th Cir. 2009) (stating, "[t]he newsworthiness of a particular story is often fleeting.")

This delay will gravely impact not just the Plaintiffs but the public who is served by Plaintiffs' reporting on government records. *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded by Rule on other grounds as stated in Bond*, 585 F.3d at 1068 n.4 (stating, "[t]o delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression."). This pattern and practice not only shows complete disregard for procedural rules that impact the public's right to know, but also goes against the strict deadlines legislated within FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i) (requiring agencies to respond to FOIA requests within twenty (20) days). Last, it will also injure the government, which is required to continue committing resources to this litigation, which was decided months ago.

### III.   Conclusion

Permitting Proposed Intervenor to delay this disclosure – once again – gravely impacts the public, Plaintiffs, as well as the Defendant. For this reason and the other reasons discussed above, this Court should grant the Defendant's motion for leave.

Respectfully submitted,

Dated: April 17, 2020            By:/s/ *D. Victoria Baranetsky*
                                    D. VICTORIA BARANETSKY
                                    The Center for Investigative Reporting
                                    Attorney for Plaintiffs