UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> Defendant. | Case No. 4:19-cv-01843-KAW <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 4, 2020 ORDER** <br><br> Re: Dkt. No. 60 |

On February 4, 2020, the Court granted Proposed Intervenor Synopsys, Inc.'s motion to stay and shorten time to hear the motion to stay. On March 3, 2020, Plaintiffs filed a motion for leave to file a motion for reconsideration of the Court's February 4 order or, in the alternative, for clarification of the February 4 order.

Having considered the moving papers and the relevant legal authority, the Court DENIES the motion for leave to file a motion for reconsideration, but GRANTS the motion in the alternative to provide clarification on the extent of the stay.

## I.   BACKGROUND

On January 4, 2018, Plaintiffs, the Center for Investigative Reporting ("CIR") and staff reporter Will Evans, submitted a Freedom of Information Act ("FOIA") request to U.S. Department of Labor ("DOL")'s Office of Federal Contract Compliance Programs seeking disclosure of federal contractors' employment diversity reports (known as EEO-1 reports). (*See* Compl., Dkt. No. 1 ¶ 2; Decl. of D. Lissette Geán, "Geán Decl.," Dkt. No. 24-11 at ¶ 13, Ex. 1.) The request explicitly sought the 2016 EEO-1 Consolidated Report (Type 2) for 55 named companies. (Geán Decl. ¶ 13.) Of the 36 companies identified as federal contractors, 20 submitted

written objections to the DOL. (Geán Decl. ¶¶ 23-24, Ex. 7.)

On April 9, 2019, Plaintiffs filed this action. After the case was filed, some of the objectors decided to release the information, while others, including Synopsys, Inc., declined to do so. (*See* Geán Decl. ¶ 32.) As a result, the cross-motions for summary judgment, filed by DOL on August 23, 2019 and Plaintiffs on September 30, 2019, only pertained to its decision to withhold the EEO-1 Type 2 data for the ten companies that declined to release their information, including Synopsys. (*See* Def.'s Mot., Dkt. No. 24 at 6.) Synopsys submitted a declaration in support of the Government's motion for summary judgment. (*See* Decl. of Sarah Lee, Dkt. 24-5.)

On December 5, 2019, the Court held a hearing on the motion, and, on December 10, 2019, denied the DOL's motion for summary judgment and granted Plaintiffs' cross-motion for summary judgment on the grounds that the information sought was not commercial, and, therefore, did not qualify for protection under Exemption 4. (Dkt. No. 39 at 6-10.) Judgment was entered on December 10, 2019. (Dkt. No. 40.)

On December 20, 2019, the Court granted the parties' stipulation to extend the Government's deadline to produce the unredacted EEO-1 reports to February 10, 2020, which was the deadline for the Government to file an appeal. (Dkt. No. 42.)

On January 30, 2020, Synopsys filed a motion for leave to intervene. (Dkt. No. 48.) Synopsys explained that it was filing the motion, because DOL informed it that it would not be appealing the December 10, 2019 order. *Id.* at 4. On January 30, 2020, Synopsys also filed an emergency motion to stay (Dkt. No. 49), and a motion to shorten time to hear the motion to stay (Dkt. No. 50). Pursuant to Civil Local Rule 6-3, any opposition to a motion to change time must be filed within four days, such that any opposition was due on or before February 3, 2020. *See* Civil L.R. 6-3(b). No oppositions were filed, so, on February 4, 2020, both motions were granted as unopposed. (Order, Dkt. No. 52.)

On March 3, 2020, Plaintiffs filed a motion for leave to file a motion for reconsideration of the February 4, 2020 order. (Pls.' Mot., Dkt. No. 60.) On March 6, 2020, Defendant Department of Labor filed a response. (Def.'s Resp., Dkt. No. 62.) On March 9, 2020, Proposed Intervenor Synopsys, Inc. filed a response. (Proposed Intervenor's Resp., "P.I.'s Resp.," Dkt. No. 63.)

## II. LEGAL STANDARD

District courts possess the "inherent procedural power to reconsider, rescind, or modify an interlocutory order" before entry of final judgment. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 54(b) (stating that any order or decision which does not end the action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Reconsideration is appropriate where: (1) a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought; (2) the emergence of new material facts or a change of law after the time of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order. Civil L.R. 7-9(b) (N.D. Cal. 2018.)

## III. DISCUSSION

Plaintiffs seek leave to file a motion for reconsideration or, in the alternative, clarification of the Court's order, based on two grounds: 1) the Court was potentially unaware of previously undisclosed authority, namely *Chrysler Corp. v*. Brown, 441 U.S. 281, 293 (1979); and 2) that additional information would highlight the manifest injustice that occurs through the issuance of Proposed Intervenor's stay. (Pl.'s Mot. at 2.)

### A. Reconsideration is not appropriate

In opposition, Synopsys argues that Plaintiffs fail to satisfy the requirements set forth in Civil Local Rule 7-9(b). (P.I.'s Resp. at 2.) The Court agrees. Civil Local Rule 7-9(b) requires that the requesting party "show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order…." Here, Plaintiffs did not file a response to the emergency motion to stay, which is why it was granted as unopposed. Thus, Plaintiffs cannot claim that they were diligent, let alone unaware of the 1979 *Chrysler Corp.* case, at the time they failed to file a response, rendering reconsideration inappropriate.

### B. Clarification is appropriate

Alternatively, both Plaintiffs and DOL request clarification regarding the scope of the stay.

(*See* Def.'s Resp. at 2.) Specifically, whether the stay was limited to Synopsys's Report or to all ten EEO-1 reports that were originally withheld under Exemption 4. *Id.* The Court hereby clarifies that the stay only applies to Synopsys's EEO-1 report, and that the other nine reports are subject to disclosure with the proper notice. Similarly, the Stay Order was intended to stay mandatory disclosure, rather than to prohibit discretionary disclosure. That said, given the pending motion for summary judgment in the related, reverse-FOIA action, *Synopsys v. U.S. Dep't of Labor,* Case No. 20-cv-00693-KAW, and the pending motion to intervene in the instant action, DOL is not permitted to disclose Synopsys's EEO-1 report until those motions are resolved.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for leave to file a motion for reconsideration. While Plaintiffs are denied leave to file a motion for reconsideration, the February 4, 2020 order is clarified as set forth above, and the DOL shall produce the remaining nine EEO-1 reports within 14 days of this order.

IT IS SO ORDERED.

Dated: April 27, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

4