DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
PAMELA T. JOHANN (CSBN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36045
    San Francisco, California 94102
    Telephone (415) 436-7025
    Fax (415) 436-7234
    pamela.johann@usdoj.gov

Attorneys for Defendant UNITED STATES
DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendant. | No. 19-cv-01843-KAW<br><br>**SUPPLEMENTAL BRIEF OF DEFENDANT DEPARTMENT OF LABOR REGARDING MOTION FOR LEAVE TO INTERVENE**<br><br>Date:    June 4, 2020<br>Time:   1:30 p.m.<br>Courtroom:  To Be Determined<br><br>The Hon. Kandis A. Westmore |

On April 27, 2020, this Court granted in part the administrative motion of Defendant Department of Labor ("DOL") for leave to file supplemental material, authorizing DOL to file "a supplemental brief, not to exceed three pages, clarifying its position on whether it has the discretion to release EEO-1 reports and how that may affect its prior arguments regarding Synopsys's standing to appeal." Dkt. No. 75 at 2. Pursuant to that order, DOL respectfully submits the following supplemental brief.

**A.    DOL's Position Regarding Its Discretion To Release EEO-1 Reports.**

"FOIA is exclusively a disclosure statute" that prohibits only the improper "'withholding [of] agency records'" and does "not limit an agency's discretion to disclose information." *Chrysler Corp. v. Brown*, 441 U.S. 281, 292, 294 (1979) (quoting 5 U.S.C. § 552(a)(4)(B)). Thus, under FOIA, DOL retained the discretion to release the EEO-1 Reports, even if this Court had ruled in its favor on the cross-motions for summary judgment.  *See* Dkt. No. 65 at 12-13 (DOL's Opposition to Motion to Intervene).

DOL had previously informed the ten submitters that it would not release their EEO-1 reports in light of this Court's stay of its December 10, 2019 Order requiring release, but it had not, following the Court's ruling, provided an unequivocal assurance to Synopsys or any of the other submitters that it would not exercise its discretion under FOIA to release the documents if the Court's disclosure order were reversed. Rather, it informed the submitters that DOL would "revisit the issue once the Court has ruled on the Synops[ys] motion to intervene." Dkt. No. 66 at 4. Subsequently, in connection with the briefing in the reverse FOIA case brought by Synopsys, *Synopsys, Inc. v. Dep't of Labor*, No. 20-cv-00693, DOL reconsidered this possibility of discretionary release in light of the previous representations it had made to submitters that the confidentiality of the documents would be protected to the maximum extent permitted by law. DOL confirmed that notwithstanding its discretion under FOIA, it would not release these reports even in the event the Court's December 10, 2019 summary judgment ruling were reversed. DOL, through its counsel, informed counsel for Synopsys of this clarification on April 2, 2020. Thus, while DOL retains the discretion under FOIA to disclose the documents, it has now provided an assurance to the submitters that it will not disclose the contested reports unless compelled to do so by court order.

**B.    The Impact Of This Clarification On DOL's Prior Arguments Regarding Synopsys's Standing To Appeal.**

Synopsys seeks post-judgment intervention under two theories. First, it seeks leave to intervene

to reopen the lower court proceedings to interpose and litigate a new cross-claim and/or to relitigate the Court's December 10 Order. Dkt. No. 48 at 7. Second, in the alternative, it seeks leave to intervene to appeal the Court's December 10 Order. In its opposition to Synopsys's motion, DOL argued that both theories for post-judgment intervention are improper. With regard to Synopsys's request for leave to intervene to appeal, DOL argued that this request was improper in part because (1) there is no jurisdictional basis for Synopsys to appeal because FOIA provides a cause of action exclusively for a FOIA requester against the government, and thus a third party cannot maintain an appeal in the absence of a government-appellant, *see* Dkt. No. 65 at 12-14; and (2) Synopsys lacks Article III standing to appeal and therefore could not independently continue the action on appeal. *Id.* at 14-16.[1]

DOL's clarification regarding its discretionary release affects only the second, independent argument against intervention for the purpose of appeal.[2] In order to pursue an appeal in which the government is not participating, an intervenor must independently satisfy the requirements of Article III standing. This in turn requires the litigant to show that it "has suffered an actual or imminent injury that is 'fairly traceable' to the judgment below and that could be 'redress[ed] by a favorable ruling.'" *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2362 (2019) ("*Argus Leader*") (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149-150 (2010)). Prior to DOL's clarification regarding prospective discretionary release, Synopsys was unable to establish the third prong of this standing test—that its injury could be redressed by a favorable ruling—because "a favorable ruling would merely restore the government's *discretion* to withhold the requested data under Exemption 4." *Argus Leader*, 139 S. Ct. at 2362. In light of the government's April 2, 2020 clarification that "it 'will not disclose' the contested data unless compelled to do so" by court order, *id.* at 2362, the redressability requirement is satisfied because the government's representation "would ensure exactly the relief [Synopsys] requests." *Id.* For this reason, under *Argus Leader*, Synopsys has Article III standing to pursue an appeal, and DOL withdraws this limited argument based on standing.

---

[1] In addition to these Article III arguments, DOL argued that intervention for purposes of appeal is improper because it does not otherwise satisfy the criteria for intervention. Dkt. No. 65 at 16-19.

[2] Synopsys's proposed intervention for purposes of reopening the district court proceedings remains improper because it is untimely, *see* Dkt. No. 65 at 8-12, and both theories do not satisfy the criteria for intervention for the reasons stated in DOL's opposition. *Id.* at 16-19.

DOL's clarified position regarding release, however, does not affect the independent argument that Synopsys cannot pursue an appeal of this Court's FOIA ruling in the absence of the government's participation as an appellant because FOIA provides no cause of action for a requesting party against a non-governmental entity. The only proper course for a third party to oppose an agency's disclosure of records is to assert a reverse FOIA claim invoking the legal protection of a different statute. The Court's December 10 Order, however, is based exclusively upon FOIA and resolves a "pure" FOIA issue on the basis of a complaint that alleged only claims under FOIA. The "dispute" between CIR and Synopsys, therefore, does not present a justiciable issue that the Court of Appeals can resolve: under Article III, Section 1, the judicial power of inferior courts is conferred exclusively by Congress and limited by congressional jurisdictional statutes. "Courts created by statute can have no jurisdiction but such as the statute confers." *Sheldon v. Sill*, 49 U.S. 441, 449 (1850). An intervenor may continue to litigate after the original party is no longer a participant only if the intervenor has a separate and independent basis for jurisdiction. *Benavidez v. Eu*, 34 F.3d 825, 830-31 (9th Cir. 1994); *Diamond v. Charles*, 476 U.S. 54, 68 (1986) ("an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III"); *In re Molasky*, 843 F.3d 1179, 1185 & n.6 (9th Cir. 2016); *F.D.I.C. v. United States*, No. 96-cv-98-ST, 1997 WL 214954, at *3-4 (D. Or. Jan. 3, 1997). Because Synopsys does not have (and makes no effort to identify) a separate and independent basis for jurisdiction in an action brought exclusively under FOIA, it cannot independently pursue an appeal in this FOIA case. This requirement is separate from Article III standing, which is predicated on the "case or controversy" language in Article III, Section 2. Therefore, this independent justiciability argument is not affected by DOL's clarified position regarding prospective discretionary disclosure.

DATED: May 8, 2020                          Respectfully submitted,

                                            DAVID L. ANDERSON
                                            United States Attorney

                                            */s/ Pamela T. Johann*
                                            PAMELA T. JOHANN
                                            Assistant United States Attorney

                                            Attorneys for Defendant