DENISE M. MINGRONE (SBN 135224)
dmingrone@orrick.com
ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    650 614 7400

ROBERT M. LOEB (admitted *pro hac vice*)
rloeb@orrick.com
JAMES A. FLYNN (admitted *pro hac vice*)
jflynn@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
Telephone:    202 339 8475

Attorneys for Proposed Intervenor
SYNOPSYS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING AND WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | Case No.  4:19-cv-01843-KAW<br><br>**RESPONSE OF SYNOPSYS, INC., TO SUPPLEMENTAL BRIEF REGARDING MOTION FOR LEAVE TO INTERVENE**<br><br>Date:   June 4, 2020<br>Time:  1:30 pm<br>Dept:   TBD<br>Judge: Hon. Kandace A. Westmore |

In its supplemental brief regarding intervention, the government concedes one plank of its argument in opposition and asserts another that is newly raised, ill-defined, and meritless. For these reasons, the government's argument should be rejected and Synopsys' request for intervention granted.

### A. Synopsys Has Article III Standing to Intervene and Appeal

As an initial matter, Synopsys agrees with the government that, given the DOL's express commitment not to release Synopsys' EEO-1 data absent a court order to do so, there is now no question that "Synopsys has Article III standing to pursue an appeal." *CIR* Dkt. No. 76, at 2.

### B. The Government Has Identified No Jurisdictional Bar to Intervention

Notwithstanding its concession regarding Article III standing, the government now argues for the first time that "there is no jurisdictional basis for Synopsys to appeal because FOIA provides a cause of action exclusively for a FOIA requester against the government, and thus a third party cannot maintain an appeal in the absence of a government-appellant." *Id.* The government says that it made this argument in its opposition to intervention, and it cites pages 12 through 14 of its prior filing. *See CIR* Dkt. No. 65, at 12-14. The cited pages, however, addressed whether Synopsys has an interest protectable by intervention under Federal Rule of Civil Procedure 24(a). There is no argument about jurisdiction. Indeed, the word "jurisdiction" appears nowhere in the cited range.

In its request for supplemental briefing, the government asked to be able to make new arguments, and this Court rejected that request. *CIR* Dkt. No. 75, at 1-2. Thus, there is no proper basis for the government raising new arguments at this juncture (especially given that the government concedes that the issue it now seeks to raise does not go to Article III standing), and the argument should be rejected.

To the extent the court considers this new argument, it adds nothing. The government appears to think Synopsys cannot pursue an appeal in this action because Synopsys could not have been the original plaintiff or defendant in a FOIA action filed by or against the Center. *See CIR* Dkt. No. 76, at 3 ("FOIA provides no cause of action for a requesting party against a non-governmental entity. The only proper course for a third party to oppose an agency's disclosure of

records is to assert a reverse FOIA claim…."). The government has already made that argument to the Ninth Circuit—and lost.

In *Didrickson v. U.S. Dep't of the Interior*, 982 F.2d 1332, 1335 (9th Cir. 1992), individual Native Alaskans filed suit against the government, challenging its interpretation of the Marine Mammal Protection Act of 1972 (MMPA). As in this case, the plaintiffs in *Didrickson* could not have filed suit against some private party in order to challenge the government's action; instead, they properly established jurisdiction against the government under 28 U.S.C. §§ 1331, 1361. *Id.* at 1335. Then a third-party organization, Friends of the Sea Otter (FSO), "intervene[d] as defendants in support of the regulation." *Id.* at 1337. The government lost, withdrew its appeal, and acquiesced in the judgment. *Id.*

The intervenor FSO did pursue an appeal, however, which the government opposed. The Ninth Circuit rejected the government's argument that jurisdiction was lacking because FSO "could not have sued the Natives in district court." *Id.* at 1338. The Ninth Circuit explained, "[t]he fact that the MMPA does not provide for citizen enforcement of the Act *does not affect the FSO's right to pursue an appeal*." *Id.* (emphasis added). The Court also rejected the government's argument "that only the Government has standing to defend its own regulation." *Id.* at 1339. Because the intervenors "could benefit from an appellate decision reversing the district court, the intervenors' appeal was considered appropriate for review." *Id.* Finally, the Court observed that "[t]he APA clearly provides" for FSO's desired review. *Id.* Synopsys stands here in the same position as FSO. The government does not even try to distinguish this binding precedent, which is squarely on point.

None of the government's cited cases undermines the result required by *Didrickson*. In *Benavidez v. Eu*, 34 F.3d 825, 830 (9th Cir. 1994), the Ninth Circuit concluded that a permissive intervenor did have an independent basis for jurisdiction and, therefore, could pursue an appeal in the absence of the original plaintiffs. The Ninth Circuit reached the same, pro-intervenor result in another case cited by the government, *In re Molasky*, 843 F.3d 1179, 1185 (9th Cir. 2016).[1] The

---

[1] The unpublished district-court case cited by the government applied the same test, and it simply came out the other way on the basis of the statutory framework at issue there—the Internal

1   Court explained in *Molasky* that the *Benavidez* inquiry can "be understood as a temporal extension of the case-or-controversy requirement, applied at the point where the intervenor is the lone remaining party." *Id.* at 1185.  Here, the government has already conceded that Synopsys presents a live controversy.  *CIR* Dkt. No. 76, at 3.  To the extent anything more is required, as Synopsys' original motion explained, there is also jurisdiction by way of the APA, which provides for review of government disclosures under FOIA.  *See CIR* Dkt. No. 48 at 8 (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 317-19 (1979)).  Lastly, the government cites *Diamond v. Charles*, 476 U.S. 54, 68 (1986), which addressed whether an intervenor has Article III standing.  The government concedes Synopsys has such standing.

In short, the government has attempted to erect a barrier where none exists.  As the Ninth Circuit has explained, "[g]enerally, an intervenor may appeal from any order adversely affecting the interests that served as the basis for intervention, provided that the requirements of Article III are satisfied." *Didrickson*, 982 F.2d at 1338.  This is true even where "defendant-intervenors could not properly have been sued as defendants"—they are nevertheless "allowed to appeal district court decisions," so long as they have standing.  *California Dep't of Soc. Servs. v. Thompson*, 321 F.3d 835, 845 (9th Cir. 2003).  The government concedes standing, and for the reasons set out in Synopsys' motion, intervention is warranted.

## II. <u>CONCLUSION</u>

For the foregoing reasons, Synopsys respectfully requests that the Court grant its motion for leave to intervene.

Dated: May 14, 2020

Respectfully submitted,

By: */s/ Denise Mingrone*
    Denise Mingrone
    dmingrone@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE
    1000 Marsh Road
    Menlo Park, CA 94025
    Telephone:    650 614 7400

---

Revenue Code, as opposed to FOIA and the APA.  *FDIC v. United States*, No. CV-96-98-ST, 1997 WL 214954, at *3-4 (D. Or. Jan. 3, 1997).