UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | Case No. 4:19-cv-01843-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SYNOPSYS, INC.'S MOTION FOR LEAVE TO INTERVENE**<br><br>Re: Dkt. No. 48 |

On January 30, 2020, Proposed Intervenor Synopsys, Inc. filed a motion for leave to intervene.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Synopsys's motion for leave to intervene.

### I.  BACKGROUND[1]

Plaintiff the Center for Investigative Reporting ("CIR") is a nonprofit, investigative news organization that publishes *Reveal*, an online news site, and has a weekly public radio show. (Compl., Dkt. No. 1 ¶ 13.) Plaintiff, Will Evans, is a staff reporter for *Reveal* and an employee of CIR. (Compl. ¶ 14.) Defendant U.S. Department of Labor ("DOL") oversees the Office of Federal Contract Compliance Programs ("OFCCP"). (Compl. ¶ 15.)

On January 4, 2018, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to DOL's OFCCP seeking disclosure of federal contractors' employment diversity reports (known

---

[1] This is an abbreviated factual background. The Court hereby incorporates the background information contained in the December 10, 2019 order on the cross-motions for summary judgment (Dkt. No. 39) as if restated here in full.

1   as EEO-1 reports). (*See* Compl. ¶ 2; Decl. of D. Lissette Geán, "Geán Decl.," Dkt. No. 24-11 at ¶

2   13, Ex. 1.)  The request explicitly sought the 2016 EEO-1 Consolidated Report (Type 2) for 55

3   named companies. (Geán Decl. ¶ 13.)  Only 36 of those companies were identified as federal

4   contractors, and each were notified by DOL of the plaintiffs' FOIA request for their EEO-1, Type

5   2 information. (Geán Decl. ¶¶ 15-16.)  Of those 36 companies, 20 submitted written objections to

6   DOL, and DOL informed these objectors that it would not release their EEO-1 Type 2 data to

7   Plaintiffs. (Geán Decl. ¶¶ 23-24, Ex. 7.)

8          On April 9, 2019, Plaintiffs filed this action.  After the case was filed, some of the

9   objectors decided to release the information, while others, including Synopsys, Inc., declined to do

10  so. (*See* Geán Decl. ¶ 32.)  As a result, the cross-motions for summary judgment, filed by DOL on

11  August 23, 2019 and Plaintiffs on September 30, 2019, only pertained to its decision to withhold

12  the EEO-1 Type 2 data for the ten companies that declined to release their information, including

13  Synopsys. (*See* Def.'s Mot., Dkt. No. 24 at 6.)  Synopsys cooperated with DOL and submitted a

14  declaration in support of the Government's motion for summary judgment. (*See* Decl. of Sarah

15  Lee ISO Def.'s Mot. for Summary J., "Lee MSJ Decl.," Dkt. 24-5.)

16         On December 5, 2019, the Court held a hearing on the cross-motions, and, on December

17  10, 2019, denied DOL's motion for summary judgment and granted Plaintiffs' cross-motion for

18  summary judgment on the grounds that the information sought was not commercial, and,

19  therefore, did not qualify for protection under Exemption 4. (12/10/19 Order, Dkt. No. 39 at 6-10.)

20  Judgment was entered on December 10, 2019. (Dkt. No. 40.)

21         On December 20, 2019, the Court granted the parties' stipulation to extend the

22  Government's deadline to produce the unredacted EEO-1 reports to February 10, 2020, which was

23  the deadline for the Government to file an appeal. (Dkt. No. 42.)

24         On January 30, 2020, Synopsys filed a motion for leave to intervene. (Proposed

25  Intervenor's Mot., "P.I.'s Mot.," Dkt. No. 48.)  Synopsys explained that it was filing the motion,

26  because DOL announced that it would not be appealing the December 10, 2019 order. *Id.* at 4.

27  Also, on January 30, 2020, Synopsys filed an emergency motion to stay (Dkt. No. 49), and a

28  motion to shorten time to hear the motion to stay (Dkt. No. 50).

On February 4, 2020, the undersigned granted both the motion to shorten time to hear the motion to stay and the emergency motion to stay as unopposed. (Dkt. No. 52.)

On March 10, 2020, and pursuant to a stipulated briefing schedule, Plaintiffs and the Government filed separate oppositions to the motion for leave to intervene. (Pls.' Opp'n, Dkt. No. 64; Def.'s Opp'n, Dkt. No. 65.) On March 17, 2020, Synopsys filed a reply. (P.I.'s Reply, Dkt. No. 68.) The Government filed an administrative motion for leave to file supplemental material, which was granted in part. (Dkt. Nos. 70 & 75.) On May 8, 2020, DOL filed a supplemental brief. (Def.'s Br., Dkt. No. 76.) On May 14, 2020, Synopsys filed a supplemental brief. (P.I.'s Br., Dkt. No. 77.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a), on timely motion, anyone must be permitted to intervene as a matter of right who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2). Thus, "the district court must grant the motion to intervene if four criteria are met: timeliness, an interest relating to the subject of the litigation, practical impairment of an interest of the party seeking intervention if intervention is not granted, and inadequate representation by the parties to the action." *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996) (citing *Greene v. United States,* 996 F.2d 973, 976 (9th Cir. 1993)).

Alternatively, the district court has discretion to permit permissive intervention under Rule 24(b), if a movant shows "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (quotation and cite omitted).

## III.   DISCUSSION

Proposed Intervenor Synopsys, Inc. seeks leave to intervene as a matter of right under Federal Rule of Civil Procedure 24(a). (P.I.'s Mot. at 2.) Alternatively, Synopsys seeks to intervene pursuant to the Court's discretion under Rule 24(b). *Id.* at 8.

**A.     Whether Synopsys is permitted to intervene as a matter of right.**

     **i.     Timeliness**

"Timeliness is 'the threshold requirement' for intervention as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *United States v. State of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)). If a motion to intervene is not timely, the Court need not address the remaining elements in Rule 24. *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996) (citation omitted).

Whether a motion is timely filed is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). In analyzing these factors, courts must consider that "[t]he crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

     a.     <u>Stage of the Proceeding</u>

"Mere lapse of time alone is not determinative." *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Generally, "'a post-judgment motion to intervene is timely if filed within the time allowed for the filing of an appeal.'" *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (quoting *Yniguez v. Arizona,* 939 F.2d 727, 734 (9th Cir.1991)). Thus, the motion is not untimely simply because the motion for leave to intervene was filed after the case was closed.

Here, Synopsys seeks to file a crossclaim against DOL in the nature of a reverse FOIA action, and "anticipates that the parties will cross-move for summary judgment on the reverse FOIA crossclaim (including addressing the question of commercial nature), and/or Synopsys will seek reconsideration of the grant of summary judgment on the FOIA claim, all of which can be adjudicated with no discovery or other pretrial proceedings." (P.I.'s Mot. at 7-8.) Since the

4

1    motion was filed after judgment was entered, this factor weighs against Synopsys, particularly
2    given that it expressly seeks to relitigate issues already determined in the December 10, 2019
3    order. *See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 n. 2 (9th Cir. 1978) (citing *McDonald v.*
4    *E. J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970)) (The filing of the motion to intervene after the
5    approval of the consent decree weighed heavily against the appellants, especially since they sought
6    to relitigate issues that had already been determined.).

    b.  Prejudice to Existing Parties

8    One of the most important factors in determining timeliness is prejudice to existing parties.
9    *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *see also United States v. State*
10   *of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).  Plaintiffs contend that they will be prejudiced if
11   Synopsys is permitted to intervene, because they will be further delayed in their ability to publish
12   a news article on their findings. (Pls.' Opp'n at 6.)  This argument is unavailing for two reasons.
13   First, Plaintiffs should now have all other requested EEO-1 reports in their possession, so there is
14   nothing stopping them from reporting on the other 35 federal contractors.  Second, while Plaintiffs
15   would be undoubtedly prejudiced if the undersigned permitted intervention to relitigate whether
16   the reports were properly withheld under Exemption 4, if intervention was limited to the ability
17   appeal, the delay would be similar to what it would have been had the Government appealed the
18   December 10, 2019 order itself. (*See* P.I.'s Mot. at 8.)

19   Thus, the Court finds that Plaintiffs would be prejudiced only if Synopsys were permitted
20   to intervene to seek reconsideration of the motion for summary judgment.  Plaintiffs would not be
21   prejudiced if Synopsys were permitted to intervene for the limited purpose of appeal.

    c.  Reason for the Length of the Delay

23   "A party seeking to intervene must act as soon as he knows or has reason to know that his
24   interests might be adversely affected by the outcome of the litigation." *United States v. State of*
25   *Or.*, 913 F.2d 576, 589 (9th Cir. 1990) (internal quotations omitted).  Here, Synopsys was acutely
26   aware that its interests may be adversely affected, as evidenced by its cooperation in the defense of
27   the action by submitting a declaration in support of DOL's motion for summary judgment. (P.I.'s
28   Mot. at 6.)  Despite this knowledge and cooperation, Synopsys did not attempt to intervene in the

case while it was open.

Instead, Synopsys argues that, at the time the summary judgment motion was briefed, "it appeared the parties' dispute would turn on the question of whether the EEO-1 Report data is 'confidential' within the meaning of Exemption 4." (P.I.'s Mot. at 6.) That Synopsys did not believe that the December 10, 2019 order would turn on whether the information sought was "commercial," as required by Exemption 4, until oral argument, does not mean that it was unaware that DOL did not adequately represent its interests. This is particularly true given that the supporting declaration provided by Sarah Lee, Vice President of Human Resources at Synopsys, in support of the Government's motion for summary judgment addressed, albeit briefly, why she believed the information was commercial. (*See* Lee MSJ Decl. ¶ 4.) That Ms. Lee's declaration focused on why she believed the information contained in the EEO-1 reports was confidential does not mean that Synopsys was not adequately represented. Rather, it is merely evidence of a failed legal argument, in which Synopsys actively participated.

Moreover, the Court is not persuaded that this case is similar to *Tocher v. City of Santa Ana*, 219 F.3d 1040, 1045 (9th Cir. 2000), *abrogated by City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 122 S. Ct. 2226, 153 L. Ed. 2d 430 (2002), and *abrogated by Tillison v. City of San Diego*, 406 F.3d 1126 (9th Cir. 2005). (*See* Mot. at 7.) In *Tocher*, the Ninth Circuit found that the post-judgment motion to intervene was timely because "it only became apparent after the district court issued its final judgment that the City had failed to adequately represent [the Proposed Intervenor's] interests." 219 F.3d at 1045. To the contrary, here, Synopsys's interests were adequately represented during the entire litigation. In fact, DOL was defending this action to protect Synopsys's EEO-1 report from disclosure and did so with Synopsys's cooperation. Had Synopsys and the other nine objecting contractors decided to produce their EEO-1 Consolidated Reports (Type 2), the case would have been dismissed as moot.

Now, Synopsys seeks to intervene on the grounds that its interests are not adequately represented "[i]n light of DOL's just-disclosed decision not to use its resources to pursue an appeal…." (P.I.'s Mot. at 7.)

Accordingly, Synopsys's attempt to intervene is only timely as to seeking party status to

1 appeal, given that DOL has decided not to exercise its right to do so.

      **ii.    Synopsys has a significant protectable interest related to the litigation.**

3       Synopsys contends that, due to the Government's decision not to use its resources to appeal the December 10, 2019, order, its interest in protecting its confidential business information constitutes "a significant interest expressly protectable under FOIA's Exemption 4." (P.I.'s Mot. at 4.)

      In opposition, Plaintiffs argue that the information at issue does not qualify as having "a *significant* protectable interest" as required by the Ninth Circuit in *Donnelly v. Glickman,* 159 F.3d 405 (9th Cir. 1998). (Pls.' Opp'n at 7-8 )(emphasis added.)  The Court disagrees.  The Court notes that *Donnelly* instructs courts to broadly interpret the requirements for intervention under Rule 24(a). 159 F.3d at 409.  "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims. *Donnelly,* 159 F.3d at 409 (citing *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 837 (9th Cir.1996)).

      Here, Plaintiffs' position that Synopsys has no significant protectable interests relies solely on the fact that the Court's order held that the EEO-1 reports did not contain commercial information. *Id.* at 8.  To the contrary, Synopsys's position that the December 10, 2019 order was incorrectly decided and would result in the disclosure of what it believes to be commercial and confidential information protectable under Exemption 4 qualifies as a significant protectable interest. Furthermore, there is a relationship between this significant interest and Plaintiffs' claims, because whether the EEO-1 report is protected is the only remaining issue in this case.

       Thus, the Court finds that Synopsys satisfies the significant protectable interest element of Rule 24(a).

      **iii.    Whether there will be a practical impairment of an interest of the party seeking intervention if intervention is not granted.**

      Synopsys contends that its interests in protecting its confidential business information would be defeated, rather than merely impaired, if the December 10 order stands. (P.I.'s Mot. at 5.)  In opposition, Plaintiffs argues that this element cannot be met, because there is no significant

protectable interest. (Pls.' Opp'n at 9.)  For the reasons discussed above, the Court finds that Synopsis has a significant protectable interest in preventing the disclosure of the EEO-1 report. Thus, Synopsys's ability to protect the information contained in the EEO-1 Report would be defeated if it were subject to imminent disclosure.

### iv. Inadequate representation by the parties to the action

As discussed above, the Court rejects Synopsys's assertion that it was inadequately represented by DOL during the pendency of this action. *See* discussion, *supra*, Part III.A.i.c. Thus, the only area in which Synopsys lacks adequate representation is on appeal.

Accordingly, the Court finds that Synopsys is permitted to intervene as a matter of right, but only for the purposes of appeal.[2]

### B. Whether Synopsys should be given permissive intervention under Rule 24(b).

Since the Court has decided that Synopsys is permitted to intervene on appeal as a matter of right under Rule 24(a), the Court must determine whether a more general intervention is warranted under Rule 24(b). The Court finds that it is not.

Under Rule 24(b)(3), "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Here, Synopsys seeks to intervene generally to seek reconsideration of the December 10, 2019 order, because it did not like the outcome. (*See* P.I.'s Mot. at 6.)  This motion comes on the heels of exhaustive briefing on the cross-motions for summary judgment, in which Synopsys participated by providing a declaration in support of DOL's motion.  As discussed above, Plaintiffs would be both delayed and prejudiced if Synopsys was permitted to relitigate a case in which it had already been intimately involved. *See* discussion, *supra*, Part III.A.i.b.

Indeed, Synopsys admits that
> [e]arlier in this action, it appeared to Synopsys that its interests would be adequately represented by DOL. Accordingly, Synopsys did not intervene at that time; rather, it cooperated with DOL and submitted a declaration in support of DOL's motion for summary judgment. *See*

---

[2] In its supplemental brief, the Government concedes that Synopsys has standing to appeal. (Defs.' Br. at 2.) The Court agrees that the requirements for Article III standing are met. Moreover, Plaintiffs do not argue in their opposition that Synopsys lacks standing to appeal, so any such argument is waived.

> ECF No. 24-5. At that time, it appeared the parties' dispute would turn on the question of whether the EEO-1 Report data is "confidential" within the meaning of Exemption 4. *See, e.g.*, ECF No. 24, at 7-15; ECF No. 24-5, at 1-4; ECF No. 29, at 4-7, 15-22. At oral argument and in this Court's summary-judgment ruling, however, it became clear that this dispute might instead turn on whether the information sought was "commercial" within the meaning of Exemption 4.

(P.I.'s Mot. at 6.) As a result, Synopsys contends that, in hindsight, it would have been better equipped to provide "its own industry-specific experience and knowledge to support its contention that the information is commercial." *Id.* Synopsys, however, could have provided additional information addressing the commercial nature of the EEO-1 report in the supporting declaration it provided to the Government, which briefly touched on the commercial element, but it declined to do so because it believed it to be unnecessary. (*See* Lee MSJ Decl. ¶ 4; *see also* P.I.'s Mot. at 6.) That decision was ultimately the result of a failed legal strategy that focused on the confidentiality element of Exemption 4, and it would be unfair to now give Synopsys a "do-over" at Plaintiffs' expense.

Accordingly, the Court declines to exercise its discretion under Rule 24(b). Synopsys's intervention shall be limited to the ability to appeal the December 10, 2019 order.

## IV.     CONCLUSION

For the reasons set forth above, Synopsys, Inc.'s motion for leave to intervene is GRANTED IN PART AND DENIED IN PART. Specifically, Synopsys, Inc.'s intervention is limited to the opportunity to appeal the December 10, 2019 order on the cross-motions for summary judgment. The stay in this case shall be lifted in 7 days, after which Synopsys shall have 6 days to timely file a notice of appeal.

IT IS SO ORDERED.

Dated: July 20, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge