**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WILL EVANS; THE CENTER FOR INVESTIGATIVE REPORTING, *Plaintiffs-Appellees*, <br><br> v. <br><br> SYNOPSYS, INC., *Intervenor-Appellant*, <br><br> and <br><br> U.S. DEPARTMENT OF LABOR, *Defendant-Appellee.* | No. 20-16416 <br><br> D.C. No. 4:19-cv-01843-KAW |
| WILL EVANS; THE CENTER FOR INVESTIGATIVE REPORTING, *Plaintiffs-Cross-Appellants*, <br><br> v. <br><br> SYNOPSYS, INC., *Intervenor-Cross-Appellee*, <br><br> and <br><br> U.S. DEPARTMENT OF LABOR, *Defendant.* | No. 20-16538 <br><br> D.C. No. 4:19-cv-01843-KAW |

2                    EVANS V. SYNOPSYS

| | |
|---|---|
| WILL EVANS; THE CENTER FOR INVESTIGATIVE REPORTING, *Plaintiffs*, v. SYNOPSYS, INC., *Intervenor-Cross-Appellee*, and U.S. DEPARTMENT OF LABOR, *Defendant-Cross-Appellant.* | No. 20-16826 D.C. No. 4:19-cv-01843-KAW OPINION |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted October 4, 2021
San Francisco, California

Filed May 12, 2022

Before:  Richard R. Clifton and Michelle T. Friedland,
Circuit Judges, and Michael J. McShane,* District Judge.

Opinion by Judge Friedland

---

* The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

**SUMMARY**[**]

**Timely Notice of Appeal / Intervenor**

The panel dismissed for lack of appellate jurisdiction prospective intervenor Synopsys, Inc.'s untimely appeal of the district court's grant of summary judgment in favor of The Center for Investigative Reporting ("CIR"); and dismissed as moot CIR's and the U.S. Department of Labor ("DOL")'s cross-appeals.

CIR brought a FOIA action against DOL, claiming that DOL was improperly withholding workforce demographic data that Synopsys and other companies had submitted pursuant to federal-contractor reporting regulations. The district court granted CIR summary judgment. Seven weeks after that judgment was entered, and eleven days before the deadline to file a notice of appeal, Synopsys moved to intervene as a defendant. About five months after the deadline for filing a notice of appeal of the judgment, the district court denied Synopsys's motion to intervene for the purpose of asserting a crossclaim but granted Synopsys limited intervention for the sole purpose of appealing the judgment. Synopsys then filed a notice of appeal from the judgment.

The district court had granted CIR's motion for summary judgment on December 10, 2019, and entered judgment the same day. The deadline for a party to file a notice of appeal was February 10, 2020. *See* 28 U.S.C. § 2107(b); Fed. R.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

App. P. 26(a)(1)(C).  Synopsys filed a notice of appeal on July 22, 2020.

The panel held that Synopsys failed to timely appeal the district court's grant of summary judgment.  Synopsys argued that the time to appeal prescribed by § 2107(b) applies only to parties and not to prospective intervenors. The panel disagreed.  Although generally only parties may appeal an adverse judgment, it does not follow that the deadline to file a notice of appeal for prospective intervenors is different from the deadline for parties.  The text of § 2107 foreclosed Synopsys's argument. The panel held that all litigants in a given case face the same jurisdictional deadline to file a notice of appeal under § 2107.  The deadline runs from the entry of the judgment being appealed.   For Synopsys's appeal to be timely, it must have either extended its time to file a notice of appeal or filed a notice of appeal by the statutory deadline of February 10, 2020.

The panel rejected Synopsys's argument that the district court properly extended Synopsys's time to appeal.  The district court twice stated that Synopsys's time to appeal was being preserved.  The panel held that Fed. R. App. P. 26(b) makes clear that Fed. R. App. P. 4 provides the only mechanism by which a litigant may request, and a court may grant, an extension to file a notice of appeal.  Here, Synopsys needed to seek an extension under Rule 4(a)(5) by March 11, 2020.  Synopsys never filed a formal motion requesting an extension of time to appeal.   The panel held that the extension mechanism of Rule 4(a)(5) was available to a prospective intervenor who had not yet been granted party status.  The panel further held that Synopsys failed to file a document that complied with the requirements of Rule 4(a)(5).  The district court could not construe Synopsys's motion to intervene or the emergency motion for a stay as a

motion to extend the time to file a notice of appeal under Rule 4(a)(5). The district court's statements about preserving Synopsys's time to appeal were therefore ineffective, and the panel rejected Synopsys's argument that DOL and CIR forfeited their objection by not making it sooner.

The panel rejected Synopsys's argument in the alternative that its motion to intervene and brief in support of that motion, both filed eleven days before the deadline to appeal the judgment, should be construed as a timely notice of appeal. The panel held that Synopsys's motion to intervene could not be construed as a notice of appeal because that motion did not satisfy the requirements of Fed. R. App. P. 3. Because Synopsys was still actively seeking substantive relief from the judgment in the district court, its motion to intervene logically would not have been a notice of appeal.

The panel held that because Synopsys did not file a timely notice of appeal of the judgment in favor of CIR, this court lacked jurisdiction to hear the merits of that appeal. This determination mooted DOL's and CIR's cross-appeals of the district court's decision to grant Synopsys intervention to appeal the judgment.

The panel concurrently filed a memorandum disposition resolving additional matters raised by the parties.

## COUNSEL

Robert M. Loeb (argued) and James A. Flynn, Orrick, Herrington & Sutcliffe LLP, Washington, D.C.; Denise M. Mingrone and Robert L. Uriarte, Orrick, Herrington & Sutcliffe LLP, Menlo Park, California; for Intervenor-Appellant/Cross-Appellee.

Casen B. Ross (argued) and Mark B. Stern, Appellate Staff; Stephanie M. Hinds, Acting United States Attorney; Brian M. Boynton, Acting Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Defendant-Appellee/Cross-Appellant.

D. Victoria Baranetsky (argued), Center for Investigative Reporting, Emeryville, California; Steven A. Hirsch, Matthew M. Werdegar, and Joel F. Wacks, Keker, Van Nest & Peters LLP, San Francisco, California; for Plaintiff-Appellee/Cross-Appellant.

Katie Townsend, Adam A. Marshall, and Gunita Singh, Reporters Committee for Freedom of the Press, Washington, D.C., for Amici Curiae Reporters Committee for Freedom of the Press, and 33 Media Organizations.

John P. Elwood and Janine M. Lopez, Arnold & Porter Kaye Scholer LLP, Washington, D.C.; Tara S. Morrissey and Paul V. Lettow, U.S. Chamber Litigation Center, Washington, D.C.; for Amicus Curiae Chamber of Commerce of the United States of America.

## OPINION

FRIEDLAND, Circuit Judge:

This case began as a straightforward Freedom of Information Act ("FOIA") dispute, but it now presents a surprisingly complex civil procedure question: Did Synopsys, a prospective intervenor, file a timely notice of appeal?

Will Evans and The Center for Investigative Reporting (collectively, "CIR") brought a FOIA action against the U.S. Department of Labor ("DOL"), claiming that DOL was improperly withholding workforce demographic data that Synopsys and other companies had submitted pursuant to federal-contractor reporting regulations. The district court agreed and granted CIR summary judgment. Seven weeks after that judgment was entered—and eleven days before the deadline to file a notice of appeal—Synopsys moved to intervene as a defendant. Synopsys sought to assert a crossclaim against DOL and to appeal the district court's grant of summary judgment, if that judgment withstood its crossclaim. About five months after the deadline for filing a notice of appeal of the judgment, the district court denied Synopsys's motion to intervene for the purpose of asserting the crossclaim but granted Synopsys limited intervention for the sole purpose of appealing the judgment. Synopsys then filed a notice of appeal of the judgment. CIR and DOL filed notices of cross-appeal of the district court's partial grant of Synopsys's motion to intervene.

For the reasons below, we hold that Synopsys failed to timely appeal the district court's grant of summary judgment. We therefore dismiss Synopsys's appeal of that

judgment for lack of appellate jurisdiction, and we dismiss as moot CIR's and DOL's cross-appeals.[1]

## I.

In early 2018, Will Evans, a reporter employed by CIR, was investigating diversity in the technology industry. He submitted a FOIA request to DOL, seeking reports containing the employment data of fifty-five federal contractors ("EEO-1 reports"). An EEO-1 report contains a one-page table that breaks down a company's U.S. workforce by job category, sex, and race. Many federal contractors, including Synopsys, must file an EEO-1 report every year with DOL. *See* 41 C.F.R. § 60-1.7(a). DOL uses EEO-1 reports to monitor compliance with an executive order prohibiting employment discrimination by federal contractors. *See* Exec. Order No. 11,246, 30 Fed. Reg. 12,319 (Sept. 28, 1965). DOL informed CIR that, of the fifty-five companies listed in the FOIA request, DOL had identified responsive EEO-1 reports from thirty-six.

DOL notified the relevant companies that it had received a FOIA request for their EEO-1 reports. DOL told the companies that it believed the reports could be released but that, pursuant to DOL regulation, it was providing them an opportunity to object "on grounds that specific information contained therein is exempt from mandatory disclosure such

---

[1] Synopsys has also appealed the partial denial of its motion to intervene. We resolve that appeal in a memorandum disposition filed concurrently with this opinion. Additionally, in a separate action, Synopsys brought a claim against DOL that was substantively identical to the crossclaim it was attempting to bring as an intervenor in the original FOIA action. We resolve the appeal of that action in the same memorandum disposition. *See Synopsys, Inc. v. U.S. Dep't of Labor*, Case No. 20-16414.

as Exemption 4 of the FOIA."  Exemption 4 covers "trade secrets and commercial or financial information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).  Twenty of the thirty-six companies, including Synopsys, submitted written objections to the release of their reports.  In response, DOL agreed that their reports were "exempt from mandatory disclosure pursuant to Exemption 4 of the FOIA" and that DOL would decline to release them.  DOL then sent CIR the non-objecting companies' reports.

By April 2019, DOL was still withholding the twenty EEO-1 reports.  CIR concluded that it had exhausted its administrative remedies and filed a Complaint for injunctive relief in the United States District Court for the Northern District of California.

As the litigation progressed, more companies consented to the release of their EEO-1 reports.  By August 2019, ten reports—including Synopsys's—remained undisclosed. CIR and DOL filed cross-motions for summary judgment on whether DOL could withhold the undisclosed reports under FOIA Exemption 4 as records that contained "commercial information" that was "confidential."

In a December 10, 2019 summary judgment order, the district court granted CIR's motion for summary judgment and denied DOL's.  It entered judgment for CIR the same day.  The court ordered DOL to disclose the remaining EEO-1 reports within thirty days.  Consistent with a stipulation by the parties, the court extended DOL's disclosure deadline so it coincided with the deadline to appeal the judgment: February 10, 2020.

DOL subsequently informed Synopsys that it had decided not to appeal.  Two days later, on January 30, 2020, Synopsys took three litigation steps.  First, it moved to

intervene in the FOIA action, explaining that it sought intervenor status to assert a reverse-FOIA crossclaim against DOL and to appeal the judgment if it did not prevail on that crossclaim.[2]  Second, Synopsys filed an emergency motion in the district court to stay the release of the EEO-1 reports. Third, Synopsys filed a new action with a reverse-FOIA claim substantively identical to the crossclaim it was attempting to bring against DOL in the FOIA action.  CIR and DOL opposed Synopsys's motion to intervene.

On February 4, 2020—six days before the deadline to appeal the judgment—the district court granted Synopsys's emergency motion for a stay.  The court wrote: "This stay prevents the disclosure of the EEO-1 [reports] that was scheduled to occur on February 10, 2020, and preserves Synopsys's time to appeal the [summary judgment] order should the motion to intervene be ultimately granted in whole or in part."[3]  The February 10 appeal deadline then passed without Synopsys or anyone else filing a notice of appeal.

Briefing on the motion to intervene was completed in early March of 2020.  About a month later, DOL filed a motion for leave to file a supplemental brief, in which it reasoned that Synopsys's time to appeal that judgment had expired, and Synopsys had also missed the deadline to move to extend its time to appeal.  CIR later joined that argument.

---

[2] A reverse-FOIA claim asserts under the Administrative Procedure Act that an agency's disclosure of records would be "not in accordance with law."  5 U.S.C. § 706(2)(A).

[3] The district court later clarified that its stay applied only to Synopsys's EEO-1 report.  DOL disclosed the other nine companies' reports, and Synopsys's report became the only EEO-1 report within DOL's possession that CIR had requested and still not received.

Synopsys opposed, arguing that because it had not yet been granted party status, it did not have an appeal deadline and could not have sought an extension of its time to appeal. The district court denied DOL's motion to file the supplemental brief and did not opine on the merits of DOL's argument, writing that "the issue regarding the timeliness of an appeal is typically adjudicated by the Court of Appeals."

In July 2020, the district court ruled on Synopsys's motion to intervene. The court denied the motion as untimely to the extent intervention was sought to assert a crossclaim. The court did, however, grant Synopsys intervenor status for the limited purpose of appealing the judgment. The court further stated: "The stay in this case shall be lifted in 7 days, after which Synopsys shall have 6 days to timely file a notice of appeal."

Two days later, on July 22, 2020, Synopsys filed a notice of appeal of the judgment. CIR and DOL then each filed a timely notice of cross-appeal, challenging the order granting Synopsys intervention to appeal the judgment. The court entered an order, pursuant to a stipulation by the parties, keeping the stay in place pending the appeals.

## II.

We must determine whether Synopsys's appeal of the judgment is timely. The district court granted CIR's motion for summary judgment on December 10, 2019 and entered judgment the same day. The deadline for a party to file a notice of appeal was February 10, 2020. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 26(a)(1)(C). Synopsys filed a notice of appeal on July 22, 2020. Synopsys nonetheless urges us to hold that its appeal is timely. It argues primarily that the time to appeal prescribed by § 2107(b) applies only to parties and not to prospective intervenors. Synopsys also

advances two alternative arguments: first, that the district court acted within its authority to extend Synopsys's time to appeal by construing its motion to intervene or its motion for an emergency stay as a motion to extend its time to appeal, and second, that Synopsys's motion to intervene was itself a timely notice of appeal.  We reject all these arguments and accordingly dismiss this appeal as untimely.

## A.

The Supreme Court has held that "an appeal filing deadline prescribed by statute will be regarded as 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 16 (2017); *see also Bowles v. Russell*, 551 U.S. 205, 210 (2007) ("[T]he courts of appeals routinely and uniformly dismiss untimely appeals for lack of jurisdiction.").  As relevant here, Congress has prescribed:

> Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

28 U.S.C. § 2107(a); *see also* Fed. R. App. P. 4(a)(1)(A) (implementing § 2107(a)).  Subsection (b) of § 2107 further provides that "the time as to all parties shall be 60 days from such entry" if one of the parties is the United States, a federal agency, or (under certain circumstances) a current or former federal employee.  28 U.S.C. § 2107(b); *see also* Fed. R. App. P. 4(a)(1)(B) (implementing § 2107(b)).  Because DOL, a federal agency, is a party in this case, that subsection

applied, and the deadline to appeal the judgment was February 10, 2020.[4]

Synopsys argues that it was not bound by that deadline and that its notice of appeal, filed more than five months later, was timely. Synopsys argues that the time to file a notice of appeal provided in § 2107(b) applies only to parties and not to prospective intervenors. It is "well settled," as Synopsys points out, "that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020) (quoting *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam)). Synopsys argues that its time to file a notice of appeal of the judgment could not have expired before the district court granted its motion to intervene to appeal in July 2020.

We disagree. Although generally only parties may appeal an adverse judgment, it does not follow that the deadline to file a notice of appeal for prospective intervenors is different from the deadline for parties. Indeed, the text of § 2107 forecloses Synopsys's argument to that effect. The first subsection of that statute contains no references to "parties" and states unequivocally that "*no appeal* shall bring any judgment, order or decree . . . before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a) (emphasis added); *see also* Fed. R. App. P. 4(a)(1)(A) (containing no reference to parties and providing that "the notice of appeal required by Rule 3 must

---

[4] Judgment was entered on December 10, 2019. Sixty days later was February 8, 2020. Because that date fell on a Saturday, by rule, the deadline was automatically extended to the end of the next business day: Monday, February 10, 2020. *See* Fed. R. App. P. 26(a)(1)(C).

be filed with the district clerk within 30 days after entry of
the judgment or order appealed from"). By the clear terms
of § 2107(a), an appellate court cannot hear a civil appeal if
a notice of appeal was not filed within the prescribed time—
regardless of whether the litigant that failed to file that notice
of appeal was a party or a prospective intervenor. And the
statute unambiguously states that the time for filing a notice
of appeal runs from "the entry of such judgment, order or
decree" being appealed. That the district court did not rule
on Synopsys's motion to intervene until July 2020 does not
change that the judgment Synopsys sought to appeal was
entered on December 10, 2019. That date of entry triggered
the running of the period to file a notice of appeal—for
everyone.

To be sure, subsection (b), which applied in this case,
does refer to "parties," providing that "the time *as to all
parties* shall be 60 days from such entry if one of the parties
is [the United States or a federal agency]." 28 U.S.C.
§ 2107(b) (emphasis added); *see also* Fed. R. App. P.
4(a)(1)(B) ("The notice of appeal may be filed *by any party*
within 60 days after entry of the judgment or order appealed
from if one of the parties is [the United States or a federal
agency]." (emphasis added)). But "the words of a statute
must be read in their context and with a view to their place
in the overall statutory scheme." *Home Depot U.S.A., Inc.
v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (quoting *Davis v.
Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). When
subsection (b) is read in the context of the statute as a whole,
it is clear that the effect of that subsection is simply to change
the deadline from thirty days to sixty days if the federal
government is a party in the case. Even though the thirty-
day deadline provided in subsection (a) does not apply in
such cases, the rest of subsection (a) is still operative.

Synopsys's position seems to be that the clock on its time to appeal—whether thirty days or sixty days—did not start running until the district court had formally made Synopsys a party by granting in part its motion to intervene. But that reading of the statute contravenes the plain language specifying that the deadline, whether prescribed by subsection (a) or subsection (b), runs from the date of entry of the judgment. Indeed, even if Synopsys were correct that subsection (b) binds only "parties" and not prospective intervenors, the most logical consequence of that position would be that a prospective intervenor like Synopsys would remain bound by the original thirty-day deadline in subsection (a)—not that Synopsys's obligation to provide notice of appeal would become completely untethered from the date of the judgment's entry. Our interpretation of § 2107 is that subsection (a) provides the rule for filing a notice of appeal and a default deadline of thirty days, while subsection (b) changes the deadline from thirty days to sixty days if the federal government is a party. We are not aware of any court that has held that § 2107 does not apply to prospective intervenors,[5] and we decline Synopsys's invitation to be the first.

We hold, therefore, that all litigants in a given case face the same jurisdictional deadline to file a notice of appeal

---

[5] Synopsys cites *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), but that case does not support Synopsys's interpretation of the statute. The Court in *United Airlines* held that "[p]ost-judgment intervention for the purpose of appeal has been found to be timely . . . [i]nsofar as the motions to intervene in these cases were made within the applicable time for filing an appeal." *Id.* at 395 n.16. The Court's decision addressed whether a litigant's *motion to intervene* was timely, not whether a litigant's *notice of appeal* was timely. The Court did not consider whether a prospective intervenor's deadline to appeal was different from any other party's deadline to appeal.

under § 2107.**⁶**  That deadline runs from "the entry of [the] judgment, order or decree" being appealed.  28 U.S.C. § 2107(a).  For Synopsys's appeal of the judgment to be timely, Synopsys must have either extended its time to file a notice of appeal or filed a notice of appeal by the statutory deadline of February 10, 2020.  We next consider whether Synopsys did either of those things.

## B.

Even though Synopsys filed a notice of appeal more than five months after the statutory deadline, Synopsys offers two alternative arguments why its appeal is nonetheless timely.  First, Synopsys argues that the district court properly

---

**⁶** Synopsys argues that a passage from a concurring opinion in *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002 (2022), supports treating its notice of appeal as timely.  Justice Thomas wrote in that concurrence that "[a]s a nonparty, the [Kentucky] attorney general could not notice an appeal under Rules 3 and 4," and therefore, "could not possibly have been obligated to do so, rather than pursue intervention."  *Id.* at 1015 (Thomas, J., concurring).  For two reasons, that passage is not relevant here.  First, as discussed above, the fact that only parties may generally pursue an appeal under Rules 3 and 4 does not mean that a potential intervenor's deadline for filing a notice of appeal is different from that of existing parties.  Second, the phrase "pursu[ing] intervention" in Justice Thomas's concurrence refers to the Kentucky attorney general's motion to intervene filed *in the court of appeals* after another party had already filed a timely notice of appeal. In *EMW*, the Supreme Court considered whether the Kentucky attorney general's motion to intervene filed in the Sixth Circuit was jurisdictionally barred because it came after the time allowed for filing a notice of appeal of the district court's decision (in fact, it came after the Sixth Circuit had issued its opinion on the merits).  *Id.* at 1008–09 (majority opinion).  The Supreme Court's holding that the Sixth Circuit had jurisdiction to rule on that intervention motion, *id.* at 1009, has no bearing on whether Synopsys's notice of appeal of the district court's judgment was timely.

extended Synopsys's time to appeal.[7]   Second, Synopsys argues that its motion to intervene should be construed as a timely notice of appeal.  We reject both arguments.

### 1.

The district court twice stated that Synopsys's time to appeal was being preserved.  On February 4, 2020, after Synopsys filed its motion to intervene, but before the statutory deadline to appeal the judgment had passed, the district court entered a stay.  In that order, the district court wrote that the stay "preserve[d] Synopsys's time to appeal the [summary judgment] order should the motion to intervene be ultimately granted in whole or in part."  On July 20, 2020, when the district court granted Synopsys intervention to appeal the judgment, the court said that "[t]he stay in this case shall be lifted in 7 days, after which Synopsys shall have 6 days to timely file a notice of appeal." The parties dispute whether those statements by the district court had any effect on Synopsys's deadline to file a notice of appeal.

Section 2107 and Rule 4—the appellate rule that implements that statute—provide a mechanism to extend the time to file a notice of appeal.  The statute says that "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause."  28 U.S.C. § 2107(c).  The implementing rule similarly provides that "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed

---

[7] Synopsys first made this argument in response to our questions at oral argument.

by this Rule 4(a) expires[] and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The appellate rules make clear that Rule 4 provides the *only* mechanism by which a litigant may request and a court may grant an extension of time to file a notice of appeal. Fed. R. App. P. 26(b) ("[T]he court may not extend the time to file . . . a notice of appeal (except as authorized in Rule 4)."). [8] We have held that a litigant that seeks to avail itself of the rule must "explicitly request an extension of time" and that "a formal motion for extension [is] required by rule 4(a)(5)." *Malone v. Avenenti*, 850 F.2d 569, 572–73 (9th Cir. 1988). Here, because the deadline to appeal the judgment was February 10, 2020, Synopsys needed to seek an extension under Rule 4(a)(5) by March 11, 2020.

Synopsys never filed a formal motion requesting an extension of time to appeal. Nonetheless, the district court stated that Synopsys's time to appeal the judgment would be preserved if Synopsys's motion to intervene were granted. DOL and CIR argued in the district court and reiterate on appeal that the district court lacked authority to extend the deadline absent a motion from Synopsys that complied with Rule 4(a)(5). We must first decide whether the extension mechanism of Rule 4(a)(5) is even available to a prospective intervenor who has not yet been granted party status. If it is, we must decide whether the district court's statements that Synopsys's time to appeal would be preserved were effective despite DOL and CIR's objection that Synopsys had not complied with Rule 4(a)(5)'s requirements for a motion to extend time.

---

[8] Rule 4(a)(6) implements a different provision of § 2107(c) and provides a mechanism for re-opening the time to file an appeal. That rule is inapplicable in this case, and no party has argued otherwise.

**a.**

DOL and CIR contend that, notwithstanding Rule 4(a)(5)'s use of the word "party," Synopsys could have and should have sought an extension of its time to appeal once it realized the district court would not resolve its motion to intervene before the deadline to file a notice of appeal.

Although we have never addressed whether a prospective intervenor may file a motion for an extension of time under Rule 4(a)(5), other circuits have allowed it. The Seventh Circuit has expressly held that a prospective intervenor may "secure an extension of the appeal deadline" under Rule 4(a)(5). *CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 728–29 (7th Cir. 2013). The Fifth Circuit has entertained an appeal after explicitly noting that a prospective intervenor sought and secured an extension of time to file a notice of appeal. *Thurman v. FDIC*, 889 F.2d 1441, 1448 (5th Cir. 1989) (holding that "the extension of time [secured under Rule 4(a)(5)] was sufficient to preserve [a prospective intervenor's] right to appeal").

We agree with those circuits and hold that a prospective intervenor may file a motion to extend its time to appeal under Rule 4(a)(5). The word "party" does not appear in the operative language of § 2107(c), which Rule 4(a)(5) implements. *Compare* 28 U.S.C. § 2107(c) ("The district court may, upon motion filed[,] . . . extend the time for appeal."), *with* Fed. R. App. P. 4(a)(5)(A) ("The district court may extend the time to file a notice of appeal if . . . a party so moves."). The statute therefore does not impose a *jurisdictional bar* to hearing an appeal that comes to us after a prospective intervenor has secured an extension under § 2107(c) and Rule 4(a)(5). *See Hamer*, 138 S. Ct. at 16 (noting that appeal filing requirements will be regarded as "jurisdictional" only if they are "prescribed by statute").

And, in fact, we have already held that a prospective intervenor whose motion to intervene has been denied can file a notice of appeal of that denial pursuant to Rule 4(a)(1). *See, e.g.*, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011). The word "party" as used in Rule 4(a) therefore must be broad enough to encapsulate, at least in some circumstances, individuals and entities who are seeking to intervene to become parties. *See Thurman*, 889 F.2d at 1448 (rejecting as "meritless" the contention that "an intervenor whose motion to intervene is denied is not a 'party' under [Rule] 4(a)(4)"). We see no reason why "party" in Rule 4(a)(5) should be interpreted to exclude prospective intervenors who are seeking to become parties.[9]

In any event, a prospective intervenor, in almost every circumstance, will have attained party status by the time the motion to extend time is granted. Rule 4(a)(5) states that a "district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after [the deadline to file a notice of appeal] expires." Fed. R. App. P. 4(a)(5)(A). The rule further provides that "[n]o extension . . . may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Thus, the rule prescribes a deadline by which a party must move for an extension, as well as a limit on how much a district court may extend the deadline if it grants the motion. But the rule

---

[9] Interpreting "party" in Rule 4(a)(5) to include prospective intervenors is consistent with our interpretation of subsections (a) and (b) of § 2107, as well as Rule 4(a)(1)(A) and Rule 4(a)(1)(B), discussed in section II.A. Because prospective intervenors seeking to appeal a judgment face the same appellate deadline as parties, it makes sense that prospective intervenors, like parties, should be able to extend that deadline for good cause.

does not set any deadline by which a district court must decide that motion. Therefore, it makes sense for a district court, needing time to decide a motion to intervene, to leave unresolved any motion to extend time filed by a prospective intervenor until the court is ready to rule on intervention. Otherwise, the district court would start the clock on the prospective intervenor's deadline to appeal before the prospective intervenor was granted party status—*i.e.*, before the prospective intervenor has received permission to appeal the judgment at all. If the district court grants the motion to intervene and grants the (previously held) motion to extend the deadline to appeal, the intervenor will be a party when it appeals the merits.[10] A timely motion to extend the deadline to appeal, therefore, acts as a wedge that keeps the window for a prospective intervenor to appeal the merits open so long as there remains a possibility that a court might grant the prospective intervenor's extension motion.

We conclude that the mechanism for a district court to extend the time to appeal provided in Rule 4(a)(5) is available to a prospective intervenor. We next turn to whether Synopsys properly invoked Rule 4(a)(5).

**b.**

Synopsys argues that the district court properly construed the motion to intervene or the emergency motion for a stay as a motion to extend the time to file a notice of

---

[10] If the district court denies the motion to intervene and/or the motion to extend time, the denial of either or both motions can be appealed. *See Corrigan v. Bargala*, 140 F.3d 815, 817 n.3 (9th Cir. 1998) ("The grant or denial of an extension of time to appeal is appealable pursuant to 28 U.S.C. § 1291."); *Citizens for Balanced Use*, 647 F.3d at 896 ("We have jurisdiction over the denial of a motion to intervene as of right as a final appealable order.").

appeal under Rule 4(a)(5).  It is not clear whether that was the district court's intent.  Regardless, the district court could not construe either motion as a motion to extend the time to appeal because neither met the requirements of Rule 4(a)(5). We have held that Rule 4(a)(5) requires "a formal motion" that, among other things, "explicitly request[s] an extension of time."  *Malone*, 850 F.2d at 572.  In *Malone*, a pro se prisoner sent a letter to the district court inquiring about the availability of an appeal and stating that he had been unable to communicate with his lawyer.  We held that the district court erred in construing that letter as a motion to extend the time to appeal because the letter did not comport with Rule 4(a)(5).  *Id.* at 571–73.  We have also held that even a late-filed notice of appeal—a document that unequivocally evinces a party's intent to appeal—cannot be construed as a motion to extend the time to appeal.  *Pettibone v. Cupp*, 666 F.2d 333, 335 (9th Cir. 1981).  Synopsys's motion to intervene and emergency motion for a stay contemplated that Synopsys would likely wish to appeal if it did not win the relief it was seeking in its proposed crossclaim, but neither document "explicitly request[ed] an extension of time to appeal."  *See Malone*, 850 F.2d at 572.  Synopsys, therefore, failed to file a document that complied with the requirements of Rule 4(a)(5).

But that does not necessarily mean that the district court's extension of Synopsys's time to appeal was invalid. In *Hamer*, the Supreme Court distinguished between, on the one hand, "an appeal filing deadline prescribed by statute," which "will be regarded as 'jurisdictional,'" and, on the other hand, "a time limit prescribed only in a court-made rule," which is "a mandatory claim-processing rule." *Hamer*, 138 S. Ct. at 16.  The distinction is often important, because contravention of a jurisdictional requirement "necessitates dismissal of the appeal" whereas "[m]andatory claim-processing rules are less stern" and "may be waived

or forfeited."[11]  *Id.* at 16–17; *see also Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (recognizing that *Hamer* rejected the rule that "all timeliness issues in notices of appeal are jurisdictional").  We have not previously decided whether the rule that a party must make a *formal* motion *explicitly requesting* an extension of time to appeal is a jurisdictional requirement contained in § 2107(c) or a mandatory claim-processing rule contained only in Rule 4(a)(5).

We need not resolve that question because, either way, we would conclude that the district court's statements about preserving Synopsys's time to appeal were ineffective.  The Supreme Court has instructed that, "[i]f properly invoked, mandatory claim-processing rules must be enforced." *Hamer*, 138 S. Ct. at 17; *see also Nutrition Distrib. LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1081 n.4 (9th Cir. 2020) (holding that "[e]ven if the timeliness issue were not jurisdictional," so long as a party "did not waive or forfeit its timeliness objection[, w]e would . . . still be required to treat the appeal as untimely").  So long as DOL and CIR have properly invoked the argument that Synopsys failed to follow the rules for seeking an extension of time to appeal, we are obligated to enforce those rules.

Here, DOL and CIR timely raised that the Rule 4(a)(5) procedures for extending the deadline to appeal had not been followed.  Synopsys's deadline to file a formal motion to extend its time to appeal was March 11, 2020.  *See* Fed. R. App. P. 4(a)(5)(A).  Until then, it was possible Synopsys would file a formal motion requesting such an extension.

---

[11]  The Court in *Hamer* expressly "reserved whether mandatory claim-processing rules may be subject to equitable exceptions." *Hamer*, 138 S. Ct. at 18 n.3; *see id.* at 22.  We decline to address that question here given that no party has raised the issue.

Once the deadline had passed and Synopsys had not done so, DOL and CIR raised the argument that intervention to appeal would be pointless because any notice of appeal would be untimely. In support of that argument, DOL explained that "Synopsys did not file a motion to extend [the] time period under Federal Rule of Appellate Procedure 4(a)(5)," and that the deadline to do so had expired on March 11, 2020.

Synopsys argues that DOL and CIR forfeited that objection by not making it sooner. We disagree. DOL and CIR raised the issue about a month after the March 11 deadline had passed, and they were not obligated to point out before that deadline that Synopsys was at risk of losing its ability to appeal the judgment. *See Dolan v. United States*, 560 U.S. 605, 610 (2010) (explaining that a litigant forfeits the protection of a claim-processing rule's deadline when it fails to "point[] out to the court that another litigant *has missed* such a deadline" (emphasis added)). Indeed, they may not have needed to raise the issue in the district court at all—as the district court noted in declining to respond to DOL and CIR's Rule 4(a)(5) argument, the timeliness of an appeal is typically adjudicated by the appellate court. *See United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) ("We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process.").[12]

---

[12] In *Hamer*, the Supreme Court expressly reserved the question "whether respondents' failure to raise any objection in the District Court to the overlong time extension," in contravention of Rule 4(a)(5)(C), "by itself, effected a forfeiture." 138 S. Ct. at 22. Unlike the respondents in *Hamer*, who did not raise their argument that a claim-processing rule had been violated until the court of appeals asked for additional briefing on the issue, *id.* at 18, DOL and CIR undisputedly raised their claim-

Moreover, to the extent that Synopsys is arguing that DOL and CIR had an obligation to promptly inform the district court that it could not construe Synopsys's motion to intervene or motion to stay as a motion to extend its time to appeal under Rule 4(a)(5), we disagree. Even assuming the district court had misapplied a claim-processing rule, that error was not apparent at the time. The district court never gave any express indication that it believed Rule 4(a)(5) had been invoked. And, indeed, in response to DOL's April 2020 filing, which argued that Synopsys had missed its deadline to request an extension of its time to appeal, Synopsys expressly disavowed that it even *could* file a motion to extend time under Rule 4(a)(5) because it had not yet been granted party status. We therefore need not decide whether an obvious misapplication of a claim-processing rule would trigger an obligation to promptly inform the district court of its error.[13]

Because DOL and CIR adequately invoked the rule that a district court may extend a litigant's time to file a notice of

processing argument in the district court, and Synopsys argues only that they should have made it sooner.

[13] To the extent Synopsys is arguing that DOL and CIR's failure to inform the district court that it lacked authority to sua sponte preserve Synopsys's deadline to appeal constituted a forfeiture, that argument also fails. If the district court had been acting sua sponte and was not construing Synopsys's motions as a motion to extend time, that would have violated a jurisdictional requirement of 28 U.S.C. § 2107(c), which provides that a district court can extend a deadline to appeal only "upon motion filed." *See United States ex rel. Haight v. Cath. Healthcare W.*, 602 F.3d 949, 956 (9th Cir. 2010) (holding that "the requirement that a would-be appellant file a timely motion for an extension of time before such an extension may be granted" is jurisdictional). DOL and CIR's argument that a district court lacks authority to sua sponte extend an appeal deadline cannot be waived or forfeited because it relates to a jurisdictional rule.

appeal only if that litigant requests an extension in a formal motion meeting the requirements of Rule 4(a)(5), we must enforce that rule. *See Malone*, 850 F.2d at 572–73; *see also Hamer*, 138 S. Ct. at 17.  Accordingly, the district court's statements that Synopsys's time to appeal the judgment would be preserved had no effect, and Synopsys's deadline to file a notice of appeal remained February 10, 2020.

## 2.

Synopsys argues in the alternative that its motion to intervene and brief in support of that motion—both filed eleven days before the deadline to appeal the judgment—should be construed as a timely notice of appeal.  Rule 3 specifies that a notice of appeal must contain three pieces of information: (1) the parties taking the appeal, (2) the order or judgment being appealed, and (3) the court to which the appeal is taken.  Fed. R. App. P. 3(c).  We have held that "documents which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served upon the other parties to the litigation, and are filed in court within the time period otherwise provided by Rule 4(a)." *Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir. 1978).  That is, "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Smith v. Barry*, 502 U.S. 244, 248–49 (1992).  But, "[a]lthough courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." *Id.* at 248; *see also id*. ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.").

We hold that Synopsys's motion to intervene cannot be construed as a notice of appeal because that motion did not satisfy the requirements of Rule 3.  Fundamentally, a notice

of appeal must put the parties on notice that an "appeal is [being] taken." Fed. R. App. P. 3(c)(1)(B). Synopsys's motion to intervene did not do so. Synopsys stated in its brief in support of its intervention motion that it was seeking to file substantive motions that, if successful, would have obviated the need for an appeal. Specifically, Synopsys stated that, if intervention were granted, it would "assert[] a crossclaim against DOL in the nature of a reverse FOIA action" and that it "anticipates that the parties will cross-move for summary judgment on the reverse FOIA crossclaim . . . and/or [that] Synopsys will seek reconsideration of the grant of summary judgment on the FOIA claim." Synopsys went on to say that it "*also* seeks party status in order to appeal, *if [the district court's] December 10 ruling stands*" (emphasis added). Synopsys's statement that it would seek to appeal the summary judgment ruling was conditioned on that ruling surviving the motions for post-judgment relief that Synopsys still intended to bring in the district court.

Because Synopsys was still actively seeking substantive relief from the judgment in the district court, its motion to intervene logically could not have been a notice of appeal.[14] The Supreme Court has explained that "[t]he filing of a

---

[14] The only case Synopsys cites in which a motion to intervene has been construed as a notice of appeal, *In re Grand Jury Proc. (Malone)*, 655 F.2d 882 (8th Cir. 1981), is clearly distinguishable. The intervenor in *Malone* filed his motion to intervene *with the court of appeals*, in an already pending appellate proceeding before the Eighth Circuit. *Id*. at 883. A different litigant in the case had filed a timely notice of appeal of the underlying order in the district court, vesting jurisdiction in the appellate court. *Id.* The court held that the motion to intervene in the appeal was the "the functional equivalent of a notice of appeal [and] would have been timely as such." *Id.* at 885. Accordingly, the Eighth Circuit allowed the intervention to proceed. The intervenor in that case was not actively seeking any relief in the district court.

notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Synopsys's motion to intervene cannot, as Synopsys contends, be the functional equivalent of a notice of appeal, because if it were, the district court would have been divested of jurisdiction to entertain the crossclaim that Synopsys was, in the very same filing, asking the district court to adjudicate.[15]

## C.

For the reasons above, Synopsys did not file a timely notice of appeal of the judgment in favor of CIR. We therefore lack jurisdiction to hear the merits of that appeal. *See Hamer*, 138 S. Ct. at 16. That determination moots

---

[15] We have held that when a prospective intervenor's motion to intervene has *already been denied* but the time to appeal the merits has not yet expired, and the "putative intervenor wishes to press an appeal on the merits," it is appropriate for that litigant to "file[] a notice of appeal from the order denying their motion to intervene, and a protective notice of appeal from the district court's order on the merits." *Perry v. Schwarzenegger*, 630 F.3d 898, 902–03 (9th Cir. 2011); *see also* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3902.1 (2d ed. rev. 2022) ("If final judgment is entered with or after the denial of intervention, however, the applicant should be permitted to file a protective notice of appeal as to the judgment, to become effective if the denial of intervention is reversed."). The filing of a protective notice of appeal under those circumstances typically does not present the jurisdictional concerns or ambiguity discussed above, because the district court has already ruled on (and denied) the prospective intervenor's motion to intervene. A protective notice of appeal ensures that the so-far unsuccessful prospective intervenor has filed a timely appeal of the underlying order or judgment and allows the court of appeals to reach the merits of the appeal if that court reverses the denial of the motion to intervene.

DOL's and CIR's cross-appeals of the district court's decision to grant Synopsys intervention to appeal the judgment. *See CE Design*, 731 F.3d at 730 (holding that, when a court of appeals "lack[s] jurisdiction to review the judgment" because there has been no timely appeal of that judgment, mootness precludes review of whether intervention to appeal should have been permitted).

## III.

We dismiss for lack of jurisdiction Synopsys's untimely appeal of the grant of summary judgment in favor of CIR, and we dismiss as moot CIR's and DOL's cross-appeals.