**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>  Plaintiff-Appellant,<br><br>  v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>  Defendant-Appellee. | No.   20-16414<br><br>D.C. No. 4:20-cv-00693-KAW<br><br><br>MEMORANDUM* |
| WILL EVANS; THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>  Plaintiffs-Appellees,<br><br>  v.<br><br>SYNOPSYS, INC.,<br><br>  Intervenor-Appellant,<br><br>and<br><br>U.S. DEPARTMENT OF LABOR,<br><br>  Defendant-Appellee. | No.   20-16416<br><br>D.C. No. 4:19-cv-01843-KAW |

Appeal from the United States District Court

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted October 4, 2021
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and McSHANE,[**] District Judge.

Synopsys argues that disclosure by the U.S. Department of Labor ("DOL") of a report containing some of Synopsys's employment data ("EEO-1 report"), in response to a Freedom of Information Act ("FOIA") request, would violate the Trade Secrets Act, 18 U.S.C. § 1905. In two separate actions, Synopsys has brought or is seeking to bring a reverse-FOIA claim advancing that theory. First, after summary judgment was granted to Will Evans and The Center for Investigative Reporting (collectively, "CIR") in the FOIA lawsuit that initiated this litigation (the "FOIA Action"), Synopsys moved to intervene as a defendant, seeking to assert a reverse-FOIA crossclaim against DOL. The district court denied Synopsys's motion to intervene for the purpose of asserting a crossclaim against DOL, but it granted Synopsys intervention for the limited purpose of appealing summary judgment. Second, on the same day that it moved to intervene in the FOIA Action, Synopsys filed a new lawsuit (the "Reverse-FOIA Action")

---

[**] The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

with a reverse-FOIA claim that was substantively identical to the crossclaim it was attempting to bring against DOL in the FOIA Action.  The parties cross-moved for summary judgment in the Reverse-FOIA Action, and the district court granted summary judgment to DOL.

Synopsys has appealed the partial denial of its motion to intervene in the FOIA Action as well as the grant of summary judgment to DOL in the Reverse-FOIA Action.  We have jurisdiction over both appeals under 28 U.S.C. § 1291.  We affirm the district court in both appeals.[1]

1. "A district court's denial of a motion for intervention as of right is reviewed de novo, except for the issue of the timeliness of the motion, which is reviewed for abuse of discretion." *Schultz v. United States*, 594 F.3d 1120, 1122 (9th Cir. 2010).  If we conclude that the motion to intervene was not timely, we "need not reach any of the remaining elements of [intervention under] Rule 24." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996); *see also* Fed. R. Civ. P. 24(a).

---

[1] Synopsys has also appealed the district court's grant of summary judgment to CIR in the FOIA Action.  In an opinion filed concurrently with this memorandum disposition, we hold that Synopsys has not brought a timely appeal of summary judgment in the FOIA Action, and we accordingly dismiss that appeal for lack of jurisdiction.  *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 16 (2017).

In assessing the timeliness of a motion to intervene, we "focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). "The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *see also Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 824 (9th Cir. 2021) (affirming "that the general rule for measuring delay applies in a FOIA case").

The district court held that Synopsys's motion to intervene was untimely, except for the purposes of appealing the judgment. It explained that allowing Synopsys's proposed crossclaim would cause the parties prejudice and was not justified at that late stage of the litigation. The district court did not abuse its discretion in so concluding. We have held that "postjudgment intervention is generally disfavored because it creates 'delay and prejudice to existing parties.'" *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (quoting *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 596 (2d Cir. 1986)). That is "especially true" in this case, where granting Synopsys's motion and allowing the crossclaim would

4

have required the parties to partially "relitigate issues already determined." *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 n.2 (9th Cir. 1978).

Synopsys argues that it had no reason to intervene earlier. We disagree. For at least two reasons, it should have been clear earlier in this litigation that Synopsys's interests were not adequately represented by DOL. First, the question at the heart of Synopsys's proposed crossclaim—and the source of disagreement between DOL and Synopsys—is whether DOL had discretion to disclose the EEO-1 report or whether the Trade Secrets Act removed that discretion and dictated mandatory withholding. In defending the FOIA claim, DOL took the position that Synopsys's EEO-1 report fell within Exemption 4, and therefore, was not subject to *mandatory disclosure* under FOIA. But DOL has never taken the position that the EEO-1 report is subject to *mandatory withholding* under the Trade Secrets Act, which is the position Synopsys seeks to advance. Indeed, it has been clear since DOL's first communication to Synopsys about this matter, in March 2018, that DOL "believe[d] the requested EEO-1 data may be released." Throughout the time between the filing of the Complaint and the entry of summary judgment in the FOIA Action, Synopsys made the strategic decision not to attempt to intervene and to allow DOL to litigate the FOIA claim, even though it was apparent that Synopsys's and DOL's interests and positions were not fully aligned. Synopsys

"must now live with the ramifications of [its] delay." *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1062 (9th Cir. 1997).

Second, DOL was never in a position to advance the arguments Synopsys wants to make about the commercial nature of its employment data. Exemption 4 protects from mandatory disclosure, among other things, "commercial" information that is "confidential." 5 U.S.C. § 552(b)(4). Synopsys now argues that it should be permitted to intervene because, first, DOL lacks sufficient company-specific knowledge to defend the FOIA claim on the commercial prong and, second, Synopsys did not realize until the district court's summary judgment hearing on December 5, 2019 that the case might be decided on that prong. But there was always a chance that the district court would focus its analysis on the commercial prong, and if DOL lacks the knowledge to represent Synopsys's interests on that prong, that should have been clear from the outset of the litigation. *See Kalbers*, 22 F.4th at 825 (holding that the government "could no longer fully protect [the] interests" of a prospective FOIA intervenor once the litigants realized that Exemption 4 "could be dispositive" to the case, at which point the prospective intervenor's "knowledge about the confidentiality and commercial nature of its records was now important").

Because we affirm the district court on lack of timeliness grounds, we need not consider whether Synopsys met the other Rule 24 requirements. *See United States v. Washington*, 86 F.3d at 1503.

2. We also affirm the district court's grant of summary judgment to DOL in the Reverse-FOIA Action. We agree with DOL that *GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.,* 445 U.S. 375 (1980), controls the outcome on the cross-motions for summary judgment and forecloses Synopsys's reverse-FOIA claim, in light of the district court's ordered disclosure of Synopsys's EEO-1 report.[2]

In *GTE Sylvania*, an agency received a FOIA request for material submitted by a company, determined the material did not fall under any FOIA exemptions, and told the company it intended to release the material. *Id.* at 377. The company brought a reverse-FOIA action—arguing that release would violate the Trade Secrets Act, among other laws—and won an injunction that prevented the agency from disclosing the material. *Id.* at 377-78. The original FOIA requesters, which were not parties to the reverse-FOIA action, then filed a FOIA action, claiming that that material had to be disclosed because it did not fall under any FOIA exemption. *Id*. at 378. The Supreme Court held that the requesters could not prevail on their

---

[2] Because we hold that *GTE Sylvania* forecloses Synopsys's reverse-FOIA claim in this case, we need not reach Synopsys's other arguments.

FOIA claim, explaining that the records could not have been "improperly withheld" under FOIA, 5 U.S.C. § 552(a)(4)(B), given that a district court had already ordered that the agency must withhold them. *GTE Sylvania*, 445 U.S. at 387 ("To construe the lawful obedience of an injunction issued by a federal district court with jurisdiction to enter such a decree as 'improperly' withholding documents under the Freedom of Information Act would do violence to the common understanding of the term 'improperly.'").

*GTE Sylvania* requires affirmance here. In both *GTE Sylvania* and this case, there was an initial order either enjoining (in *GTE Sylvania*) or requiring (in this case) release of material. A litigant not party to the original action brought a subsequent action claiming that, notwithstanding that order, the agency was compelled as a matter of law to either disclose (*GTE Sylvania*) or withhold (this case) that material. And the question for the appellate court was whether the original court order precluded a court from subsequently finding that the agency, by following that order, was nevertheless "improperly with[holding]" the material (*GTE Sylvania*) or acting "not in accordance with law" (this case). The Supreme Court held that the answer was "yes" in *GTE Sylvania*, so the answer must be the same here.

We are not persuaded by any of Synopsys's arguments that this case is distinguishable from *GTE Sylvania*. Synopsys first argues that, in *GTE Sylvania*,

there was an initial reverse-FOIA action followed by a FOIA action, whereas here, the order of the cases was reversed. That is a distinction without a difference. In a FOIA action, a court considers whether agency records are being "improperly withheld" under FOIA. 5 U.S.C. § 552(a)(4)(B). In a reverse-FOIA action, a court determines if it would be "not in accordance with law" under the Administrative Procedure Act ("APA") for an agency to disclose records. 5 U.S.C. § 706(2)(A). We do not see any meaningful daylight between those standards. The Supreme Court held in *GTE Sylvania* that an agency cannot be improperly withholding records, for the purposes of a FOIA claim, if a court has already enjoined the agency from releasing those records in an earlier reverse-FOIA action. *GTE Sylvania*, 445 U.S. at 386. It follows from that holding that DOL's disclosure of Synopsys's EEO-1 report would not be "not in accordance with law," for the purposes of Synopsys's reverse-FOIA claim, given that the district court ordered that report to be disclosed in the FOIA Action.

*Weisberg v. U.S. Department of Justice*, 631 F.2d 824 (D.C. Cir. 1980), does not support a different result. In *Weisberg*, the D.C. Circuit posited, without deciding, that a copyright holder might successfully sue an agency for a copyright violation if the agency disclosed copyrighted material, even if the disclosure were made pursuant to a court order in a FOIA case. *Id.* at 829-30. In dicta, the court discussed why *GTE Sylvania* would not necessarily foreclose that subsequent

9

copyright action, explaining that such an action would require that a court do more than "merely address the relationship between FOIA and the statute underlying the second action." *Weisberg*, 631 F.2d at 830 n.39. In other words, a court hearing the copyright action would have to decide additional issues beyond those adjudicated in the initial FOIA action.

Synopsys cannot make that argument here. As Synopsys acknowledges, we and our sister circuits have long held that "the scope of section 1905 and exemption (4) of the FOIA are the same or coextensive." *See Pac. Architects & Eng'rs Inc. v. U.S. Dep't of State*, 906 F.2d 1345, 1347 (9th Cir. 1990) (cleaned up) (quoting *Gen. Motors Corp. v. Marshall*, 654 F.2d 294, 297 (4th Cir. 1981)). Thus, the district court's conclusion in the FOIA Action that Synopsys's EEO-1 report fell outside the scope of Exemption 4 necessarily precludes Synopsys from winning relief on its reverse-FOIA claim—which is premised on a Trade Secrets Act theory—absent re-litigation of the same issues decided in the FOIA Action. *GTE Sylvania* forecloses such re-litigation of FOIA issues in a subsequent action.[3]

---

[3] Both Synopsys and DOL have acknowledged the possibility that the Supreme Court expanded the scope of Exemption 4 in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), such that that exemption is now broader in scope than the Trade Secrets Act. We need not decide here whether Exemption 4 is indeed now broader in scope than the Trade Secrets Act. Even if it were, the district court's holding that Synopsys's EEO-1 report was outside the scope of Exemption 4 would necessarily mean that that report was also outside the scope of the Trade Secrets Act.

Finally, we reject Synopsys's argument that the fact that the district court stayed the ordered disclosure of Synopsys's EEO-1 report makes its reverse-FOIA claim cognizable. Under *GTE Sylvania*, the very fact that the district court ordered disclosure prevents the disclosure from being "not in accordance with law" within the meaning of the APA. 5 U.S.C. § 706(2)(A).

Case number 20-16416 is **AFFIRMED** in part and **DISMISSED** in part.[4] Case number 20-16414 is **AFFIRMED**.

---

[4] As noted above, in an opinion filed concurrently with this memorandum disposition, we dismissed for lack of jurisdiction Synopsys's untimely appeal of the district court's grant of summary judgment to CIR in the FOIA Action.