UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | Case No. 4:19-cv-01843-KAW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SET BRIEFING SCHEDULE RE MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 101 |

On July 14, 2022, Plaintiffs filed an administrative motion asking that the Court exercise its discretion to issue a briefing schedule for a motion for attorneys' fees. (Pl.'s Mot., Dkt. No. 101.) On July 18, 2022, Defendant opposed the request on the grounds that the motion was untimely under Federal Rule of Civil Procedure 54(d)(2). (Def.'s Opp'n, Dkt. No. 102 at 1.) "Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment…." Fed. R. Civ. P. 54(d)(2)(B). Civil Local Rule 54-5 allows a motion for attorney's fees to be filed outside of the 14-day window if the court grants a motion to change time under Civil Local Rule 6-3. Civil L.R. 54-5(a) (N.D. Cal. 2018). Defendant's reliance on *Bernstein v. U.S. Dep't of Commerce,* 2004 WL 838163, at *3 n.5 (N.D. Cal. Apr. 19, 2004) is misplaced, as the Civil Local Rules have been amended many times since then and the Commentary merely advises the parties to seek an order "as expeditiously as practicable." *See* Commentary, Civil L.R. 6-2 (N.D. Cal. 2018).

While filing an appeal does not extend the time for filing a motion for attorneys' fees, the late intervention by Synopsys and the later production of records extended the proceedings in an unanticipated manner that resulted in excusable neglect. The Court does not believe that Defendant is prejudiced. The fact that Plaintiffs are seeking reasonable attorneys' fees should

come as no surprise, and the undersigned would have likely held the motion in abeyance during the pendency of the appeal. Moreover, Defendant's argument that it would have made different litigation decisions on appeal if a fee motion had been filed is unavailing. (*See* Def.'s Opp'n at 3-4.) Finally, Defendant's argument that the departure of lead counsel would be detrimental to opposing a fee motion is also not persuasive.

Accordingly, the undersigned finds that Plaintiffs have satisfied Civil Local Rule 6-3,[1] and GRANTS the motion to set a briefing schedule. The parties are ordered to meet and confer regarding a briefing schedule. If they cannot agree, they shall file a joint letter, not to exceed five pages, with their respective proposals. The stipulation or joint letter shall be filed within 14 days of this order.

Plaintiffs are reminded of their obligation to comply with Civil Local Rule 54-5(b), and the Court orders Plaintiffs to attach their billing records to the supporting declaration.

IT IS SO ORDERED.

Dated: September 29, 2022

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] While the motion was brought under Civil Local Rule 7-11, Plaintiffs sufficiently addressed the 6-3 factors. (*See* Pl.'s Mot. at 5 n. 1.)

2